IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG - 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**GARY HAMILTON**
12304 Burning Oak Court
Waldorf, Maryland 20602

**Plaintiff,**

v.

**JOHN SNOW, SECRETARY**
**DEPARTMENT OF TREASURY,**
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

**Defendant.**

\* \* \* \* \* \* \*

Civil No.:

JURY TRIAL REQUESTED

CASE NUMBER   1:05CV01549

JUDGE: Reggie B. Walton

DECK TYPE: Employment Discrimination

DATE STAMP: 08/01/2005

JURY ACTION

## CIVIL COMPLAINT

**NOW COMES** Plaintiff, Gary Hamilton, by and through undersigned counsel and files this civil complaint for damages. Plaintiff states herein as follows:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, hereinafter "Title VII."

2. This action properly lies in the District Court for the District of Columbia because this judicial district has personal jurisdiction over Defendant. This action is also in accordance with 28 U.S.C. 1331.

### PARTIES

3. Gary Hamilton is a citizen of the United States and resides in the State of Maryland.

4. In accordance with Title VII, he is a member of a protected class based on his gender, male; and race, African-American.

5. Defendant, John Snow, is the Secretary of the Department of Treasury, a government agency, which is subject to the provisions of Title VII.

1

## ADMINISTRATIVE PROCEDURES

6. Plaintiff timely filed his formal charges of discrimination against the Defendant with its Equal Employment Opportunity (EEO) Office on October 21, 2003, Department Case No. 04-2024, in accordance with EEOC Regulation 29 CFR 1614.106.

7. Department Case No. 04-2024 was subsequently filed with the U.S. EEOC, Baltimore Office. Plaintiff then withdrew his complaint to bring this civil action.

8. Plaintiff timely filed a second complaint on April 24, 2004, Department Case No. 04-2340, in accordance with EEOC Regulation 29 CFR 1614.106.

9. The 180-day period set forth under 29 CFR 1614.407(b) has expired and no decision has been issued concerning this matter.

10. Plaintiff therefore invokes his right to sue under 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 626 in that he has satisfied all administrative and judicial prerequisites to the institution of this action.

## STATEMENT OF FACTS

11. Plaintiff is an Industrial Hygienist, GS-690-12, for the Internal Revenue Service (IRS), Agency Shared Wide Services (AWSS), Real Estate and Facilities Management Division, Safety and Security Branch, at the Lanham, Maryland post of duty.

12. Plaintiff has over seventeen years of occupational safety and health experience within the federal public sector, a Bachelor of Science degree in a directly or closely related field of safety and occupational health, i.e., industrial hygiene, a Master of Public Health (MPH) in environmental and occupational health; federal sector sponsored Executive Management Training; Certified Industrial hygienist granted in 1995 by the American Board of Industrial Hygiene; and approximately two years of directly related safety and health experience within IRS.

13. On May 5, 2003, the agency issued Vacancy Announcement Number 15-02-

00FM03706 advertising the position of Safety Specialist (Safety and Health Manager) GS-0018-14, in the Real Estate and Facilities Management Division, safety and Security Branch.

14. Four candidates met the "best qualified" list; two females, a white male and Plaintiff.

15. On July 29, John Burns, the selecting official, and a panel, conducted interviews of all candidates. However, despite Plaintiff's superior qualifications, Annette Burrell (white female) was selected over Plaintiff.

16. Prior to the posting of announcement of the position in question, Ms. Burrell was selected for a 120 day detail by John Burns. Plaintiff was not considered in the selection for the detail.

17. Ms. Burrell held the detail position for more than one year in violation of Defendant's Merit Promotion Plan.

18. On January 20, 2004, Plaintiff was denied a 120 day temporary promotion or non-competitive detail to the position of Safety and Health Manager, GS-0018-14, when John Burns selected Camille Carraway (white female) over Plaintiff.

### COUNT I
### FAILURE TO PROMOTE BASED ON
### GENDER AND RACE IN VIOLATION OF TITLE VII

19. Plaintiff re-alleges the allegations of Paragraphs 1 through 18, and incorporates them by reference herein.

20. Plaintiff applied for the position of Safety and Health Manager, GS-0018-14, Vacancy Announcement Number 15-02-OFM03703.

21. Plaintiff avers, upon belief and information, that he possessed superior qualifications for the position and should have been selected to the Safety and Health Manager position.

22. Plaintiff avers that Annette Burrell (white female) was selected by Defendant for the

position of Safety and Health Manager instead of him.

23. Plaintiff avers that his gender and race were motivating factors in Defendant's decision not to promote him to the Safety and Health Manager position.

24. As a direct result of Defendant's discriminatory practices, Plaintiff has sustained economic and non-economic damages.

**COUNT II**
**RETALIATION**
**IN VIOLATION OF TITLE VII**

25. Plaintiff re-alleges the allegations of Paragraphs 1 through 24, and incorporates them by reference herein.

26. Plaintiff engaged in protected activity when he filed his October 21, 2003 discrimination complaint in good faith against Defendant for failure to promote based upon his race and gender.

27. Plaintiff avers that there was a causal link between the protected activity and the adverse action he sustained, namely, denial of selection to non-competitive detail.

28. Plaintiff avers that he was entitled to engage in protected activity without the adverse employment actions instituted against him by Defendant.

29. As a direct result of Defendant's discriminatory practices, Plaintiff has sustained economic and non-economic damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court should grant him the following relief, namely:

(i). That this Court determine the employment practices complained of in this complaint are unlawful in that they violate Title VII;

(ii). That Defendant be enjoined from continuing any and all discriminatory practices;

(iii). That Defendant pay Plaintiff a sum in excess of $300,000 for compensatory damages, backpay, interests, emotional distress;

(iv). That Defendant pay Plaintiff's costs and expenses and reasonable attorney's fees as provided in Title VII in connection with this action;

(v). That this Court grant other and such further relief to the Plaintiff as it deems just and proper.

Respectfully submitted on behalf of Plaintiff:

August 1, 2005

Nathaniel D. Johnson (Federal #14729 MD)
LAW FIRM OF NATHANIEL D. JOHNSON, L.L.C.
3195 Old Washington Road
Waldorf, Maryland 20602
301-645-9103
301-893-6890 fax