## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GARY HAMILTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.:05-1549 (RBW) |
| **JOHN SNOW,** ) | ECF |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### PROTECTIVE ORDER

This is an action brought by plaintiff, against defendant, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

WHEREAS, information to be disclosed by defendant in discovery may include personnel and other records which contain information that may be protected by the Privacy Act of 1974, 5 U.S.C. §552a, or which if publicly disclosed, would unnecessarily intrude on the privacy interests of third parties not before the Court, or are of a confidential or sensitive nature.

WHEREAS, in order to permit the discovery of such documents and information and to guard their confidentiality to the extent required by law, subject to the approval of the Court, the parties to the above action hereby stipulate as follows:

1. Contemporaneous with production, defendant will identify documents or information subject to the Privacy Act, 5 U.S.C. § 552a or which may implicate the privacy interests of third parties. Likewise, during discovery the plaintiff may disclose to defendant's counsel personal, financial, and medical information subject to the Act or of a confidential nature which he will identify contemporaneous with production or disclosure.

2. Documents and information identified in accordance with paragraph 1 of this Stipulation shall be kept in strict confidence and used exclusively by plaintiff and defendant in connection with this litigation.

3. Documents and information identified in accordance with paragraph 1 of this Stipulation produced for plaintiff may be disclosed only to the named plaintiff to this action, his counsel of record, deponents, witnesses in this civil action, and persons in the employ of counsel of record and under his direct supervision, including expert witnesses. No further disclosure by plaintiff may be made absent further Order of the Court. Likewise, no further disclosure by the defendant may be made absent further order of the Court. Documents or information identified in accordance with paragraph 1 produced for defendant or for plaintiff may be disclosed only to counsel for the parties, deponents, witnesses in this civil action, and persons in the employ of counsel and under their direct supervision, including expert witnesses.

4. Nothing in this Stipulation prevents the parties from using materials subject to this protective order for any purpose permitted by law.

5. If either party intends to file any motion, opposition, reply or any other paper prior to trial and attach thereto or set forth therein any information that defendant or plaintiff has designated as subject to this Stipulation pursuant to paragraph one, that party shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Stipulation and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title and civil action number of this action, a brief description of the contents of

such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> This envelope contains documents which have been filed in this case by [name of party] and is not to be opened except pursuant to order of the Court.

6. The documents and information described in paragraph 1 of this Stipulation, and all copies of such material, shall be returned to party producing the document or information immediately upon the conclusion of this litigation.

7. Nothing in this Stipulation may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

        Respectfully submitted,


Dated: May 7, 2006        Respectfully Submitted,


   /s/   Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant


   /s/   with permission

        Anne J.A. Gbenjo, 447840
        The Gbenjo Law Group
        8449 West Bellfort Suite 100
        Houston, Texas 77071
        Phone:  713-771-4775
        Fax: 713-771-4784

        _____/s/_____
        Joann P. Myles
        Law Offices of Joann Myles
        1300 Mercantile Lane Suite 100
        Largo, Maryland 20774
        301-773-9652
        301-925-4070


        Attorneys for Plaintiff



It is so ORDERED by the Court this _____ day of _____, 2006.


        _____
        United States District Judge

Appendix A

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he (she) has read the [Agreed] Protective Order entered in the United States District Court for the District of _____ in the case captioned _____, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Documents or Information made available to him (her) other than in strict compliance with the Order. The undersigned acknowledges that his (her) duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED: _____       BY: _____
                                                                                       (type or print name)

                                                       SIGNED: _____