IN THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

```
********************************
GARY HAMILTON,                 *
Plaintiff                      *
                               *
v.                             *         CASE NO.: 05-cv-1549 (RWB)
                               *
JOHN SNOW,                     *
Defendant                      *
********************************
```

### PLAINTIFF'S MOTION FOR LEAVE TO FILE HIS MOTION TO COMPEL DISCOVERY OUT OF TIME

Plaintiff by and through the undersigned counsel, moves this Honorable Court for leave to file his Motion to Compel out of time and for reasons states as follows:

### BACKGROUND

1. Pursuant to this Honorable Court's Scheduling Order, Plaintiff commenced discovery in this case on March 13, 2006 by serving Interrogatories, Request for Production of Documents and Request for availability for deposition dates on the defendant.

2. About May 8, 2006, Plaintiff renewed his request for availability for deposition dates for the witnesses in this case. See Exh. 9.

3. Defendant responded that it was not available in May or June and proposed that the depositions be held in July. Id.

4. On May 15, 2006, Plaintiff sent a letter to the defendant, addressing the lack of responses and the inadequacies of defendant's responses as well as the invalidity and unsoundness of the defendant's objections to Plaintiff's discovery requests. See Exh. 10.

5. About the first week in June, Plaintiff repeated his request for deposition dates, but defendant again said it was no longer available in July and proposed that deposition commence in August. See Exh.11.

6. Foreseeing that there might be schedule conflicts which may preclude all of the witnesses from being deposed in August, particularly in light of the initial discovery deadline of August 28, 2006, Plaintiff insisted that he was unwilling to take the risk and that defendant find someone to conduct the deposition in July. Id.

7. Only then did the defendant produce dates for only three witnesses in July and staggered the dates, (July 13, July 19 and July 25), knowing full well that the undersigned counsel is stationed in Texas.

8. About the first week in August, Plaintiff reminded the defendant of the defendant's failure to cure the problems with its responses to Plaintiff's request.

9. On August 11, defendant promised to bring Agency Counsel to a deposition scheduled for August 17, 2006 so that the discovery issues could be addressed. Defendant failed to do so. As a result the issues remained unresolved. By a letter dated August 18, Plaintiff informed the defendant that time was of the essence and that the defendant should propose how he wished to resolve the discovery issues. See Exh. 12.

10. Because the defendant still failed to address the issues, Plaintiff, on August 23 and 24, reminded the defendant that it had yet to cure the deficiencies and inadequacies of his responses to Plaintiff's discovery requests. On August 28, 2006, Plaintiff sent a letter to defendant on the same subject. Defendant did not respond. See Exh. 13.

11. On August 30, Plaintiff sent another fax on the same subject and asked when defendant would be available to confer on the outstanding discovery issues. Defendant indicated that he

was not available for conference on all the dates Plaintiff proposed except one and that he still had to check if Agency counsel was available in order to guarantee that date. See Exh. 14.

12. On August 30, 2006, defendant sought leave to extend the deadline for discovery by thirty days - up until September 28, 2006.[1]

13. As a basis for its motion to extend discovery deadline, defendant states: "the parties also have disagreements on the parties' responses to their respective written discovery requests. The parties are in the process of scheduling a date to confer and try to resolve any disagreements. To the extent that the parties cannot resolve all of the issues, the parties hope to narrow the disputed issues before bringing them to the Court's attention." See motion at p.2 in file.

14. As an additional basis, defendant states: "Plaintiff has expressed an interest in deposing at least one employee from Defendant's Personnel Office who processed the applications for the position at issue in this case." Id.

15. About September 8, 2006, the parties conferred extensively on the outstanding discovery issues, and the defendant represented that it stood by its objections to the responses. Given the defendant's position, Plaintiff informed the defendant that he would file his motion to compel.

16. Defendant reminded Plaintiff that Plaintiff could not do so without first conferring with the Judge. Plaintiff indicated that he was willing to do that prior to filing the motion. Defendant then stated that it could change its position if Plaintiff gave the defendant the authorities that supported Plaintiff's position, that Plaintiff was entitled to the requested documents and witness' deposition.

---

[1] On October 2, 2006, defendant filed a second motion to extend discovery deadline up until October 30, 2006, and the Court granted the first and second motion.

17. As a result, on September 15, 2006, Plaintiff provided the defendant with the authorities that supported his position on the outstanding discovery issues. See Exh. 15.

18. Because defendant failed to make good on his promise to revisit the discovery issues even after been provided the requested authorities, Plaintiff sent another mail to the defendant and asked for defendant's availability date to confer with the Judge on the issues.

19. In response, defendant stated that "we are still evaluating the merit of your arguments and hope to have a response soon. Furthermore, given my work obligations....additional time may be needed to complete that evaluation process." See Exh. 16.

20. Adhering to this Honorable Court's in-house rules and attempting to informally resolve the potential discovery dispute, Plaintiff via letters dated September 26, October 3, October 6, and October 17, questioned why defendant had not responded to his mails and reminded defendant to produce his availability date for conference with the Judge, if it was adamant about not producing the witness for deposition and producing the requested document. See Exh. 6.

21. Because defendant still failed to respond, Plaintiff on October 19, faxed a letter to the defendant in which he stated that unless the defendant responded by close of business on October 20, 2006, he would assume that the defendant did not wish to confer with the Judge on this issue and would proceed to file a motion to compel. Id.

22. On October 20, defendant indicated in a response fax that he intended to respond and would respond by October 24, 2006. See Exh. 7.

23. Defendant however still failed to do so.

24. Because defendant still failed to make good on its promise of October 20, Plaintiff, again on October 26, and for the last time, reminded the defendant of its repeated and dilatory tactics and

inform the defendant via fax, that he would simply proceed as previously stated with his motion. See Exh. 4.

25. That same day, October 26, 2006, about 7.30 p.m. Eastern time, defendant, via fax informed Plaintiff that it stood by all of its objections and did not produce additional documents. Nor did the defendant propose any date for the witness' deposition. Defendant nonetheless closed the letter by stating that it was "available for additional conference on these issues and hope to work with you to further narrow the scope of these discovery requests." See Exh. 5.

26. In response to defendant's October 26, letter, as a last resort, Plaintiff sent yet another fax to defendant asking what time defendant would be available the next day (October 27) to confer with the Judge on the matter. See Exh. 3. Defendant did not respond to the fax.

27. Because the defendant did not respond and because it was the last business day before close of discovery, Plaintiff sent another fax to defendant asking whether the defendant would consent to Plaintiff's Motion for Leave and Motion to Compel. See Exh. 1.

28. For the first time and on the eve of close of discovery, about 5.30 p.m. Eastern time, defendant sent a fax to Plaintiff in which he changed his position and states that he:

> " suggest we have additional "meet and confer" sessions to resolve the issues....Finally, as a last compromise to your Request Nos 12, 17-20 seeking OPFs of the interviewing panelists and ranking officials, **we now propose** that we will review these individuals' OPFs and will produce any document showing that they were reprimanded or disciplined for engaging in discriminatory or retaliatory conduct based on race and gender. **As you can see, there is room for further discussions and compromise**. In any event, as you know, Judge Walton has a standing order that requires the parties to raise discovery issues with the Court prior to filing any discovery-related motions. We currently have a status hearing with Judge Walton on **November 1, 2006**, and therefore, we can certainly raise your discovery issues at the hearing prior to your filing a motion to compel. **Perhaps** by

that date, we would have resolved some of your discovery concerns.""
Emphasis added. See Exh. 2.

29. Again in response, Plaintiff sent a fax to defendant, indicating that he would need the defendant's consent to file his motion to compel discovery out of time in order to avoid peace meal motions to compel.  See Exh. 8.

30. Because the parties have previously sent correspondence to each other outside of office hours, Plaintiff actually waited until late the next day, October 28, before filing the instant motion - in anticipation that the defendant would respond.

31. There being no response from the defendant, filing of this motion followed.

## ARGUMENT

### DEFENDANT RELENTLESSLY ENGAGED IN IMPERMISSIBLE DILATORY TACTICS

Defendant's continuous statement that this Honorable Court requires conference with the Court prior to the filing of discovery motion clearly demonstrates defendant's familiarity with this Honorable Court's in-house rules. Consequently, defendant should not now be heard to say it is oblivious of the fact that this Honorable Court also requires that discovery disputes be resolved in a timely manner "so as to allow sufficient time for the completion of discovery **within the time set by the Court"** See p. 6 of General Order and Guidelines for Civil Cases (ECF).

Notwithstanding its full knowledge of the Court's Order on resolution of discovery disputes, and despite its receipt of about fifteen (15) letters from Plaintiff addressing the subject, defendant gave one excuse after another; never responded each time it promised to respond unless Plaintiff reminded him; procrastinated on its response; and waited until the eve of discovery closure to "now propose" submitting additional documents.

Significantly, defendant suggests that Plaintiff wait until November 1, 2006, after close of discovery, to address discovery issues with the Court. On top of that, in just about each instance, defendant hid under the need to first "confer with the Judge," promised to confer but never made itself available for the conference. Defendant's conduct demonstrates clear abuse of the court system and litigation procedure in general. Indeed, defendant's conduct is sanctionable. Needless to say if Plaintiff were the one that acted in the same manner, defendant would have wasted no time to file a motion to dismiss his claim.

In obeisance to this Honorable Court and the in-house rules of this Court, Plaintiff waited, relied upon defendant's representations and acted under the mistaken belief that defendant's representations were made in good faith and that defendant was actually going to resolve the discovery dispute. Thus, Plaintiff did not rush to file a Motion for Leave to File a Motion to Compel or a Motion to Compel.

### FUNDAMENTAL NOTIONS OF FAIRNESS AND SUBSTANTIAL JUSTICE REQUIRE THAT PLAINTIFF BE ALLOWED TO FILE HIS MOTION TO COMPEL OUT OF TIME

Had Plaintiff known ab-initio that defendant's promises were each a joke and an attempt to engage in dilatory tactics, Plaintiff would have brought the matter to the Court's attention prior to this time. Additionally, Plaintiff would not have relied upon defendant's representations. Clearly accentuating the defendant's disingenuousness, is the fact that, for the first time, on October 26, defendant made it unmistakably clear that, it stood by its objections. However, it turns around on October 27 to state that it would produce more documents - but only after Plaintiff sought defendant's consent to his motion to compel.

Additionally, it appears that this Honorable Court granted the defendant's motion to extend the discovery deadline because the motion was ostensibly meritorious. Had that not been

so, this Court would have questioned the need for the extension. Arguably, with the grant of such motion, this Honorable Court expected that the parties would have promptly engaged in meaningful resolution or attempts at resolution of the discovery dispute. But alas! defendant used its dilatory tactics to frustrate that purpose and expectation.

While it is still clear that in spite of its promise to produce additional documents, there are still documents Plaintiff believes defendant should be compelled to produce, it would serve everyone's interest to avoid piece meal motions to compel. It is for this reason that Plaintiff has postponed the filing of a motion to compel on the documents that defendant has clearly refused to produce, and the witness defendant has failed to produce for deposition.

The fundamental notions of fairness and substantial justice require that Plaintiff be allowed to file his motion to compel out of time given the defendant's conduct in this case. Anything short of that will confer a hollow right upon the Plaintiff. Aside from that, defendant, by implication, via its letter of October 27, 2006, has consented to Plaintiff's filing of the motion out of time - it only wanted the matter discussed at the November 1, conference first.

## CONCLUSION

WHEREFORE, for these and other reasons that appear to this Honorable Court to be proper and just, Plaintiff prays that this motion be granted.


Respectfully Submitted,

**THE GBENJO LAW GROUP**

                                                                                     /s/
                      Anne Gbenjo, 447840
                      8449 West Bellfort Avenue
                      Suite 100
                      Houston, Texas 77071
                      Phone: 713.771.4775
                      Fax: 713.771.4784
                      Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 28th day of October 2006, a copy of the foregoing Motion was sent to all to all parties as follows:

John C. Truong, Esquire
United States Attorney
555 Fourth St. N.W.
Washington, D.C. 20530

_____
Anne Gbenjo

IN THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
GARY HAMILTON,                         \*
Plaintiff                              \*
                                       \*
v.                                     \*       CASE NO.: 05-cv-1549 (RWB)
                                       \*
JOHN SNOW,                             \*
Defendant                              \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Upon consideration of Plaintiff's Motion for Leave to File Motion to Compel Discovery Out of Time and any Opposition thereto, good cause having been shown, it is on this _____day of _____ 2006, by the Unites States District Court of the District of Columbia, hereby,

ORDERED that, the Motion is GRANTED.

_____
JUDGE WALTON

COPIES TO:

ANNE GBENJO, ESQUIRE

JOHN TRUONG, ESQUIRE

JOANNE MYLES, ESQUIRE