# EXHIBIT 5



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

October 26, 2006

VIA FACSIMILE: 713-771-4784

Ms. Anne Gbenjo
The Gbenjo Law Group
8449 West Bellfort Ave., Ste. 100
Houston, TX 77071

      Re:    *Hamilton v. Snow*, Civ. No. 05-1459 (RWB)
              Discovery Issues

Dear Ms. Gbenjo:

      This in response to your September 15, 2006 letter regarding Defendant's discovery responses.

**1.    Interrogatory Nos. 7-8**:

      These two interrogatories seeks information on all employees under Mr. Stuart Burns' supervision and who were promoted or terminated.

      Defendant stands by its objections to these Interrogatories. Your September 15th letter has not shown how information on employees under Mr. Burns' supervision is at all relevant to the underlying claims in this case. As you know, the claims only include two discrete acts of discrimination and retaliation. Information on other employees are simply not relevant.

**2.    Interrogatory Nos. 9, 10 & 11; Request Nos. 7 & 8**:

      Interrogatory No. 9, 10, and 11 are similar to Interrogatory Nos. 7 and 8. Specifically, Interrogatory No. 9, 10, and 11 seek information on employees who were similarly situated to Plaintiff and who were promoted or terminated. Request Nos. 7 and 8 seek documents containing information pertaining to Interrogatory No. 9, 10, and 11.

      Defendant stands by it objections to these discovery requests. Furthermore, as explained

1

in our objections, some of these discovery requests seek information that pre-date Mr. Burns' employment with the agency. For example, Interrogatory No. 9 seeks information dating back to 2001; however, Mr. Burns (the responsible management official) did not work for the agency until 2003. Similarly, Interrogatory Nos. 10 and 11 seek information dating back to 1999 and 1998, respectively, which pre-dates Mr. Burns' employment with the agency. The two document requests seeks similar information.

In any event, your September 15th letter fails to explain the relevance of information that pre-dates Mr. Burns' employ. In an attempt to justify their relevance, your letter indicates that Plaintiff is seeking information on "people who are similarly situated as the Plaintiff." In that vein, Defendant refers Plaintiff to Defendant's responses to Interrogatory No. 9, in which Defendant indicates that "[t]here were no similarly-situated employees with respect to the position of Safety and Health Manager, GS-0018-14."[1]

3. **Interrogatory No. 12:**

Your September 15th letter rephrased Interrogatory No. 12 to seek information on all employees who, from 1999 to 2006, have filed EEO complaints against the agency alleging race and gender discrimination, and retaliation.

Defendant objects to Interrogatory No. 12 (as revised) because it seeks information that pre-dates Plaintiff's employment with the agency. In fact, the requested information also pre-dates Mr. Burns' career at the agency. Furthermore, your September 15th letter has not provided any basis showing how the requested information is relevant to the two discrete acts in this case. In any event, Defendant incorporates by reference its objections to the "original version" of Interrogatory No. 12.

4. **Interrogatory No. 13:**

This interrogatory seeks the name of the personnel office staff who determined the cut-off score. Your September 15th letter claims that this information is "indispensable." However, the letter fails to provide any factual basis demonstrating that the identity of this person is "indispensable."

In any event, Defendant stands by its objections to Interrogatory No. 13. Furthermore, as we explained to you during our conference call, Plaintiff is one of three "best qualified" candidates with the highest score of 25. The fourth "best qualified" candidate has the lowest score of 19 and he is a white male. Given this undisputed fact, it is unclear why the identity of the person who determined the cut-off score is relevant or "indispensable."

---

[1] See Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents, served on Plaintiff on May 8, 2006.

5. **Request Nos. 3, 4, 5 & 6:**

These Requests seek a copy of the official personnel files ("OPF") of the Plaintiff and of the other three candidates for the position. Defendant stands by its objections to these Requests.

Your September 15th letter has not set forth any basis demonstrating that the requested documents are remotely relevant to Plaintiff's underlying claims. Furthermore, as pointed out in Defendant's response to Request No. 3, the agency no longer has Plaintiff's OPF as he is no longer employed with the agency. As for the other three candidates' OPFs, these are similarly irrelevant. As you know, the information contained in the candidates' OPFs were not reviewed by the ranking official or the interview panelists as part of the selection process and, therefore, these documents are simply beyond the scope of this litigation. Defendant has provided Plaintiff with all documents that were considered by the ranking official and the interview panelists.

6. **Request Nos. 10 & 11:**

These requests seek all documents pertaining to the work performed by Ms. Annette Burrell and Ms. Camille Caraway while on their details. Defendant stands by its objections to these requests.

Your September 15th letter has not set forth reasons showing that the requested documents are relevant to Plaintiff's claims. As they stand, these requests seek every single piece of paper, post-it note, or similar documents that were ever generated by these two individuals. These requests are overly broad and irrelevant.

7. **Request Nos. 12, 17, 18, 19, & 20:**

These requests seek the OPFs of the three interview panelists, the ranking official, and a personnel official. Defendant stands by its objections to these requests.

Your September 15th letter conclusorily states, "Under the law, Plaintiff is entitled to them." Your letter does not provide any factual basis showing the relevance of the requested OPFs. As we indicated on our conference call, Defendant asks that Plaintiff narrow the scope of these requests and specify the type of documents Plaintiff needs. The offer is still open.

8. **Request No. 25:**

This request seeks documents on Defendant's Compliance or the Annual Employment Plans for 2002, 2003, 2004, and 2005. Your September 15th points out that Defendant only produced "portions" of 2004 and 2005 and has asked Defendant to supplement the production.

We will look for the rest of the documents and will produce them (if they exist).

3

9.  **Request No. 27**:

This request seeks documents on "adverse impact analysis conducted in this case." As we pointed out to you in Defendant's response to Request No. 27, the agency does not have documents responsive to this request.

We are available for additional conferences on these issues and hope to work with you to further narrow the scope of these discovery requests. Please do not hesitate to contact me if you have any questions.

Sincerely,<br>
JEFFREY A. TAYLOR<br>
United States Attorney<br>
by: /s/<br>
John C. Truong<br>
Assistant U.S. Attorney

4