# EXHIBIT 10

# THE GBENJO LAW GROUP
8449 WEST BELLFORT AVE. SUITE 100
HOUSTON, TEXAS 77071
PHONE: 713-771-4775; FAX: 713-771-4784
PRACTICING LAW IN MD, WASHINGTON, D.C., GA & TX

May 30, 2006

## SENT VIA FIRST CLASS MAIL

John Truong, Esquire
A.U.S.A
555 4th Street N.W.
Washington, D.C. 20530

Re: Discovery Issues, Hamilton v. Snow; Case No.:05-1459

Dear Mr. Truong:

The purpose of this letter is to address the problems, inadequacies and deficiencies in defendant's responses to Plaintiff's discovery requests. They are as follows:

First of all, many of the documents you produced came in duplicates, triplicates and quadruplicates. What should have been no more than 900 to 1000 (nine hundred to one thousand) pages was reproduced to us in 2,579 pages, resulting in a waste of resources.

Secondly, numerous pages were blank. They are: 1066, 1383, 1533, 1534, 1535, 1536, 1830, 2459, 2173, 0691, 0340. Additionally, pages 1734-1758 have only one or two unreadable sentences per page. We need clarification on those pages. Also, pages 0312, 0322, 0325, 0349, are barely legible. Thus we need legible copies of those pages. Likewise, page 0339 is virtually blank or incomplete. We need complete information.

Thirdly, page 1 of your document description says pages 81-95 include "Tab 3: Partial dismissal of complaint, Acceptance/Dismissal letter." We see nothing with either caption (partial dismissal or Acceptance/Dismissal letter). We only have Acceptance Letter and Acknowledgment Letter. Please clarify.

Furthermore, your document description for pages 0074-0074 says "documents missing" and 0075-0075 says "documents missing" please let us know which documents are missing.

John Truong, Esquire,
May 30, 2006,
Page 2 of 3.

      Additionally, contrary to your document description, the document we found in these pages are as follows:
1129-1201 = Deposition of Gary Hamilton ;
1202-1207 = Agency Responses to Request for Production of Documents(3/2/05);
1208-1443 = Request for Production of Documents #1;
1444-1454 = Agency's Answers to Interrogatories;
1455-1461 = Complainant Interrogatory Responses;
1462-1464 = J. Stuart Burns' Response to Interrogatories;
1465-1487 = Interview notes;
1488 & 1489 = Letter of selection of A.Burrell;
1490 - 1496 = Complainant Interrogatory Responses;
1497-1500 = Prep Notes for Hamilton's deposition;
1501- 1507 = Complainant Interrogatory Responses;
1508-1513 = Individual Complaint of Employment Discrimination with DT.;
1514-1516 = I R Modernization Position Description (I.H.);
1517- 1528 = Excerpts of Hamilton's deposition;

      On top of that, you totally failed to respond or only partially responded to Interrogatories 7, 8, 9, 10, 11 & 12. You did not respond at all to Request for Documents 2, 3, 4, 5, 6, 7, 8, 10, 11, &12.

      With respect to the interrogatories you ignored or did not fully answer: The goals of discovery as you are aware, is to find the truth so that the parties involved will be able to maintain their claims or defenses. It is our position that since this is discovery, Plaintiff should not be hampered or inhibited in his truth-finding process. Plaintiff alleges that Burns orchestrated his rejection for the position he applied for based on his race and sex. It is conceivable that information sought by interrogatories 7, 8, 9, 10, 11 & 12 are relevant to Plaintiff's claim or are such as will lead to discoverable evidence. For example, Plaintiff does not have to have alleged "pattern and practice" discrimination to be entitled to statistical information. Nor does he have to have filed a class action in order to be entitled to the names and races of the employees supervised by Mr. Burns.

      Likewise, the employee or personnel folders or file of the applicants that applied for the position is equally relevant. We disagree with your assertion that the contents of those folders have to have been considered in the selection process to be relevant. There may be information in these applicants' folders that are relevant to their selection or rejection. It is the truth that Plaintiff seeks and no more. Denying him these relevant information will be tantamount to having him prosecute his claims with his hands tied to his back. Such is not the purpose of litigation or discovery.

John Truong, Esquire,
May 30, 2006,
Page 3 of 3.

      Moreover, information about employees that have been detailed to a higher position by Burns will be relevant as may show commonality or constant of some sort. So will information about similarly situated individuals as the Plaintiff. We disagree with your extremely narrow definition of "similarly situated." Since the burden is on the Plaintiff to prove his case, he necessarily must have information about similarly situated individuals in his department, regardless of whether they were interviewed by Burns.

      Additionally crucial is information about individuals who have been detailed or promoted within Plaintiff's department because that goes to the heart of Plaintiff's case. Also, Plaintiff needs the information on EEO Complaints since that will be reflective of the extent of defendant's compliance with EEO procedures. If nothing at all, such information may lead to discovery of admissible evidence.

      With respect to the Request for Production of Documents you ignored: As stated above, information in the applicants' personnel files may lead to discovery of admissible evidence. These applicants competed for the position in controversy and their files are very pertinent to the case. For the reasons stated, the information requested on the employees under Burns and employees in Plaintiff's department are crucial to the case as may lead to discovery of admissible evidence.

      Even more pertinent to the case are documents relating to the details in controversy - of Burrell and Caraway. Since it is defendant's contention that Plaintiff did not apply for those details, there may be things in those folders that might have prompted Burns to detail these employees to a higher position.

      Finally, Stuart Burns' personnel folder is important as he was the selecting official in this case and the alleged discriminator. His folder may reveal why he conducts himself one way or the other or may even reveal certain things about Plaintiff or others. In essence, information in Burns' folder may lead to discovery of admissible evidence.

      Accept this letter as Plaintiff's good faith effort to resolve this potential discovery dispute short of court intervention. Unless we hear from you by June 9, 2006, we will assume that you have elected to ignore this letter and shall proceed with a motion to compel. Thank you so much.

                                              Very truly yours,

                                              Anne J.A. Gbenjo.