# EXHIBIT 15

# THE GBENJO LAW GROUP
8449 WEST BELLFORT AVE. SUITE 100
HOUSTON, TEXAS 77071
PHONE: 713-771-4775; FAX: 713-771-4784
PRACTICING LAW IN MD, WASHINGTON, D.C., GA & TX

September 15, 2006

## SENT VIA FACSIMILE ONLY

John Truong, Esquire
A.U.S.A
555 4th Street N.W.
Washington, D.C. 20530

       Re: Discovery Issues, Hamilton v. Snow; Case No.:05-1459

Dear Mr. Truong:

  During our 1 hr. 10mins. (one hour ten minutes) conference of exactly a week ago, we (myself, Ms. Myles, your co-counsel, Mr. Mirkov and you) discussed the issues and concerns we raised about your responses to Plaintiff's discovery requests. In your verbal response to our May 30, letter, you confirmed that our recitation of the facts relating to the records and the appearance of the documents that you produced in discovery of this case is accurate.

  With respect to your responses to our Interrogatories and Request for Production of Documents however, you stood by your objections to all of your responses but requested that we produce the authorities supporting our position that we are entitled to the requested responses and documents. As stated, the bulk of the reasons are stated in the May 30, 2006 letter and are incorporated herein. Since you insists on having the authorities, they are as follows:

**Interrogatories 7, 8:**

  Stuart Burns is the alleged discriminating official. His treatment of other individuals under him who are of Plaintiff's race and sex are important to this case. Additionally, that may be the only way to conduct appropriate comparison. It has been established that comparative information concerning an employer's treatment of individuals is relevant evidence in an individual discrimination claim. Significantly, since there now appears to be in evidence, issues of extra marital affairs between Burns, the selecting official and Annette Burrell, the selected applicant, responses to these Interrogatories become more relevant and may lead to discovery of additionally relevant and admissible evidence. As already stated, admissibility at trial is not the yardstick of permissible discovery. The very purpose of our discovery rules is to promote a fair contest with the basic issues and facts disclosed to the fullest practicable extent. Furthermore, since we have a Stipulated Confidentiality Order in place, privacy concerns become negligible.

John Truong, Esquire
September 15, 2006,
Page 2 of 5.

*Federal Election Commission v. Gopac, Inc.,* 897 F.Supp. 615, 33 Fed.R.Serv.3d 794 (1995); *Chubb Integrated Systems Limited, v. The National Bank of Washington,* 103 F.R.D. 52 (1984); *Fed.Rules Civ.Proc.Rule 26(b), (b)(1), 28 U.S.C.A.; Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Pleasants,v.Allbaugh,* 208 F.R.D. 7 (2002); *Minority Employees at NASA (MEAN) v. Beggs,* 723 F.2d 958, 962 (D.C.Cir.1983); *Glenn v. Williams* 209 F.R.D. 279 (2002); *Wainwright v. WMATA,* 163 F.R.D. 391, 397 (D.d.c.1995). *Childers v. Slater,* 1998 WL 429849 (D.D.C.); *Broderick v. Shad,* 117 F.R.D. 306 (987).

### Interrogatories 9, 10 & 11; Request for Production of Documents 7 & 8:

As already stated, people who are similarly situated as the Plaintiff will be people who either occupy the same position as the Plaintiff or people whose position are substantially similar to Plaintiff's. Additionally, request for the list of individuals who have been detailed or promoted to other positions does not require "a pattern and practice" allegation as a prerequisite. Paragraphs 24 & 29 of Plaintiff's complaint refers to "defendant's discriminatory practices" which is a sufficient predicate for these requests. Contrary to your assertions, Plaintiff does not have to have suffered five or seven different kinds of discriminatory practices for these requests to be in order. Evidence of past acts of discrimination is relevant to prove motive in discrimination cases. Furthermore, since in his Complaint, Plaintiff alleges unfair detailing grounded and based on discrimination, response to these interrogatories are equally relevant. The law is clear that Plaintiff's discovery is not confined to the beginning or end of his employment, but may embrace the period prior and subsequent to his employment. *Trevino v. Celanese Corp.,* 701 F.2d 397, 405 (5th Cir.1983); *Federal Election Commission v. Gopac, Inc.,* 897 F.Supp. 615, 33 Fed.R.Serv.3d 794 (1995); *Chubb Integrated Systems Limited, v. The National Bank of Washington,* 103 F.R.D. 52 (1984); *Fed.Rules Civ.Proc.Rule 26(b), (b)(1), 28 U.S.C.A.; Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Pleasants v. Allbaugh,* 208 F.R.D. 7 (2002); *Minority Employees at NASA (MEAN) v. Beggs,* 723 F.2d 958, 962 (D.C.Cir.1983); *Glenn v. Williams* 209 F.R.D. 279 (2002); *Wainwright v. WMATA,* 163 F.R.D. 391, 397 (D.d.c.1995). *Childers v. Slater,* 1998 WL 429849 (D.D.C.); *Broderick v. Shad,* 117 F.R.D. 306 (987).

### Interrogatory 12:

Because you insist that this Interrogatory be rephrased, replace it with the following: From 1999 to 2006, please state the number of race, sex and retaliation EEO complaints, that have been filed against the defendant within the REFM Unit of the AWSS division, giving the name, race and sex of the Plaintiffs, dates of complaints, where the complaints were filed if they

John Truong, Esquire
September 15, 2006,
Page 3 of 5.

were filed, the outcome of each of the complaints, the defendant number for each of the complaints if such number was assigned and if such complaints did not rise to the level of formal complaints, state their dispositions.

This request is in order given that the law is clear that the proper scope of discovery seeking other complaints of discrimination against defendant are limited in time, type of action complained of or type of discrimination alleged; and the facility where plaintiff worked. ***Childers, V. Slater,*** 1998 WL 429849 (D.D.C.); ***Witten v. A.H. Smith & Co.,*** 104 F.R.D. 398, 400 (D.Md.1984); ***Hinton v. Entex, Inc.,*** 93 F.R.D. 336, 337 (E.D.Tex.1981); ***Trevino v. Celanese Corp.,*** 701 F.2d 397, 405 (5th Cir.1983); ***Federal Election Commission v. Gopac, Inc.,*** 897 F.Supp. 615, 33 Fed.R.Serv.3d 794 (1995); ***Chubb Integrated Systems Limited, v. The National Bank of Washington,*** 103 F.R.D. 52 (1984); ***Fed.Rules Civ.Proc.Rule 26(b), (b)(1), 28 U.S.C.A.; Oppenheimer Fund, Inc. v. Sanders,*** 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); ***Pleasants, v. Allbaugh,*** 208 F.R.D. 7 (2002); ***Minority Employees at NASA (MEAN) v. Beggs,*** 723 F.2d 958, 962 (D.C.Cir.1983); ***Glenn v. Williams*** 209 F.R.D. 279 (2002); ***Wainwright v. WMATA,*** 163 F.R.D. 391, 397 (D.d.c.1995); ***Broderick v. Shad,*** 117 F.R.D. 306 (987).

**Interrogatory 13:**

In your response to Plaintiff's interrogatory no. 6, you mentioned Personnel Office staff involved in the selection process in this case, that determined the cut off scores; that provided Paul Carroll with ranking criteria; and to whom Paul Carroll returned his work product. This (or these) is the individual(s) you are asked to identify - the same person(s) mentioned in pages 786-787 of the documents you produced to us in discovery of this case. You are well aware of the testimony that has already been given in this case on this matter. We believe that the testimony of the personnel person(s) involved is relevant to this case and your failure to produce this person may be sanctionable. While you argue one thing - as to why the person is irrelevant, the record makes the evidence very necessary if not indispensable. Identify whoever the personnel staff is and produce the person for deposition. ***Trevino v. Celanese Corp.,*** 701 F.2d 397, 405 (5th Cir.1983); ***Federal Election Commission v. Gopac, Inc.,*** 897 F.Supp. 615, 33 Fed.R.Serv.3d 794 (1995); ***Chubb Integrated Systems Limited, v. The National Bank of Washington,*** 103 F.R.D. 52 (1984); ***Fed.Rules Civ.Proc.Rule 26(b), (b)(1), 28 U.S.C.A.; Oppenheimer Fund, Inc. v. Sanders,*** 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); ***Pleasants v. Allbaugh,*** 208 F.R.D. 7 (2002); ***Minority Employees at NASA (MEAN) v. Beggs,*** 723 F.2d 958, 962 (D.C.Cir.1983); ***Glenn v. Williams*** 209 F.R.D. 279 (2002); ***Wainwright v. WMATA,*** 163 F.R.D. 391, 397 (D.d.c.1995). ***Childers v. Slater,*** 1998 WL 429849 (D.D.C.); ***Broderick v. Shad,*** 117 F.R.D. 306 (987).

John Truong, Esquire
September 15, 2006,
Page 4 of 5.

**Request for Production of Documents: 3, 4, 5, 6, 10 & 11:**

You have yet to state what is more crucial in this case than the personnel files of the applicants for the position in controversy. It is bad enough that you are withholding the other applicants' files. It is virtually egregious that you are withholding even the Plaintiff's own file. Additionally, though Plaintiff alleges that he was discriminatorily overlooked and not selected for the details that Carraway and Burrell were selected for, and that the details were intended to enhance the selectees chances of promotion, you unreasonable insists that the work performed on the detail were irrelevant to this case and unreasonably refused to produced the requested documents. There is no doubt that Plaintiff is entitled to these requests and your failure to produce them may be sanctionable. *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir.1983); *Federal Election Commission v. Gopac, Inc.*, 897 F.Supp. 615, 33 Fed.R.Serv.3d 794 (1995); *Chubb Integrated Systems Limited, v. The National Bank of Washington,* 103 F.R.D. 52 (1984); *Fed.Rules Civ.Proc.Rule 26(b), (b)(1), 28 U.S.C.A.; Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Pleasants v. Allbaugh,* 208 F.R.D. 7 (2002); *Minority Employees at NASA (MEAN) v. Beggs,* 723 F.2d 958, 962 (D.C.Cir.1983); *Glenn v. Williams* 209 F.R.D. 279 (2002); *Wainwright v. WMATA,* 163 F.R.D. 391, 397 (D.d.c.1995). *Childers v. Slater*, 1998 WL 429849 (D.D.C.); *Broderick v. Shad,* 117 F.R.D. 306 (987).

**Request for Production of Documents: 12, 17, 18,19 & 20:**

This request goes to the personnel files of the people involved in the selection process in this case. Under the law, Plaintiff is entitled to them. The presence of a Stipulated Confidentiality Order, makes negligible, any privacy concerns. Moreover, production of this type of document is judged by the usual standard of relevance in *Fed.R.Civ.P. 26(b)(1)* that applies to all discovery. *Federal Election Commission v. Gopac, Inc.,* 897 F.Supp. 615, 33 Fed.R.Serv.3d 794 (1995); *Chubb Integrated Systems Limited, v. The National Bank of Washington,* 103 F.R.D. 52 (1984); *Fed.Rules Civ.Proc.Rule 26(b), (b)(1), 28 U.S.C.A.; Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Pleasants,v.Allbaugh,* 208 F.R.D. 7 (2002); *Minority Employees at NASA (MEAN) v. Beggs,* 723 F.2d 958, 962 (D.C.Cir.1983); *Glenn v. Williams* 209 F.R.D. 279 (2002); *Wainwright v. WMATA,* 163 F.R.D. 391, 397 (D.d.c.1995). *Childers v. Slater*, 1998 WL 429849 (D.D.C.); *Broderick v. Shad,* 117 F.R.D. 306 (987).

**Request for Production of Documentss 22**: Please add "this case" to the end of the sentence or request to make it non-speculative to you.

John Truong, Esquire
September 15, 2006,
Page 5 of 5.

**Request for Production 25**:

As to Request 25, you have not produced documents on year 2002. What I have appear to cover only years 2004 & 2005 which also appear incomplete. Please check your record for the missing portions for the years 2004 & 2005.

**Request for Production 27**:

Please see the responses above. Allegation of "disparate impact" is no prerequisite to this request. You are required to conduct this analysis nonetheless. Please respond.*Federal Election Commission v. Gopac, Inc.,* 897 F.Supp. 615, 33 Fed.R.Serv.3d 794 (1995); *Chubb Integrated Systems Limited, v. The National Bank of Washington,* 103 F.R.D. 52 (1984); *Fed.Rules Civ.Proc.Rule 26(b), (b)(1), 28 U.S.C.A.; Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Pleasants,v.Allbaugh,* 208 F.R.D. 7 (2002); *Minority Employees at NASA (MEAN) v. Beggs,* 723 F.2d 958, 962 (D.C.Cir.1983); *Glenn v. Williams* 209 F.R.D. 279 (2002); *Wainwright v. WMATA,* 163 F.R.D. 391, 397 (D.d.c.1995). *Childers v. Slater*, 1998 WL 429849 (D.D.C.); *Broderick v. Shad,* 117 F.R.D. 306 (987).

Finally, if for any reason you believe that any of these requests is too broad in terms of scope or time frame, the law still requires that you respond to the extent of your belief on what is appropriate or in a manner that would put you in compliance with the Federal Rules of Civil Procedure. Accept this as our last effort to resolve this matter short of court intervention and a motion for sanctions. Your prompt response will be profoundly appreciated.

Very truly yours,

Anne Gbenjo.