**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

```
*************************************
GARY HAMILTON,                       )
                                     )
        Plaintiff                    )
v.                                   )  CASE NO.: 05-cv-1549 (RWB)
                                     )
JOHN SNOW,                           )
                                     )
        Defendant                    )
*************************************
```

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF THE PERSONNEL STAFF INVOLVED IN THE SELECTION PROCESS FOR DEPOSITION.**

Plaintiff, by and through counsel, moves this Honorable Court to Compel the Defendant to produce the personnel person involved in the selection process in this case for deposition and for reasons states:

## FACTUAL BACKGROUND

Plaintiff brings this retaliation plus race and sex discrimination claims because he was not selected for a Safety Manager Position in year 2003. The selected candidate is a white female who has a high school education, no college degree, no formal education training in Safety and no formal training in Security. ***Exh.1 @ 47&48.*** In this case, four (4) candidates made the "best qualified" list. Two males and two females. Of the four candidates, Plaintiff was the only black. Plaintiff was the only one with a Masters degree. Plaintiff was the only one with Executive Leadership training for the Federal Sector. ***Exh.2 @ 46.*** Plaintiff was the only one who had written extensive policies on Safety - a crucial requirement of the position. Plaintiff's entire career and studies throughout, has been on safety or safety-related issues, with seventeen of his career years with the federal government. Three of the four candidates received a ranking score of 25. One of them was the Plaintiff. The fourth person, a white male, received a ranking score

of 19.

About March of 2006, Plaintiff propounded interrogatories on the defendant. Plaintiff's Interrogatory No. 6 reads:

> With respect to the permanent position in controversy (Safety and Health Manager), please identify any and all persons involved in the selection process from the beginning to the end and state with specificity what role each person played, how they played that role and state specifically every single instrumentality, procedure or mechanism, used in playing that role.

Defendant's response to Plaintiff's Interrogatory No. 6 reads:

> Defendant objects to this Interrogatory as unduly burdensome because Plaintiff is seeking information in the ROI, already in his possession. Defendant further object to this Interrogatory as compound and it conflates four (4) discrete interrogatories. As such the Defendant considers Interrogatory 6 as four separate interrogatories. Subject to and without waiving the foregoing objections, Defendant states that Mr. Paul A. Carroll was employed by the Defendant as a Program Analyst in July 2003 and served as the ranking official with respect to Vacancy Announcement #15-02-00FM03706. Mr. Carroll reviewed the application material submitted by each candidate and then ranked the candidates according to ranking criteria provided him by the Agency. Mr. Carroll rated the candidates on a scale of 1 to 5 in five KSA ("Knowledge, Skill, Ability") categories. Mr. Carroll gave three of the candidates - Hamilton, Carraway and Burrell - the highest possible ranking ( a score of "5") in each of the five categories. Once Mr. Carroll completed his ranking assignment, he returned his work product, together with the candidates' application materials, to the Agency Personnel Office. The Personnel Office there upon determined the cut-off score for inclusion on the Promotion Certificate. The four names on the Promotion Certificate forwarded to the Selecting Official were Annette Burrell, Camille Carraway, Gary Hamilton and Michael Perkins. The Promotion Certificate was dated July 10, 2003. John Burns was the Selecting official for Vacancy Announcement #15-02-00FM03706. Mr. Burns' review of the Position Description for the subject vacancy convinced him that the ideal candidate would possess both an appropriate technical background and an ability to communicate clearly and correctly. Accordingly, Mr. Burns decided to interview the candidates listed on the Promotion Certificate. He selected Tatika Mitchell and Michael Huston to help him with that task. The panel interviewed the four candidates on July 29, 2003. All of the panel members were provided with the same list of questions for the candidates before the start of the first interview, as well as with copies of each candidate's application

> paperwork. Three of the four candidates (including Hamilton) were interviewed personally; one was interviewed by telephone. All of the candidates were asked the same questions and all were offered the opportunity to ask questions of the panel. When all the interviews had been completed, the panel discussed each of the candidates and made its recommendations. All the panelists agreed that Hamilton had not demonstrated clarity of thought or expression. The panel recommended the candidates who had demonstrated appropriate experience as well as the necessary presentation and verbal communication skills. Both of the recommended candidates also had program experience with safety, in the agency and in other organizations. Mr. Burns selected one of the recommended candidates - Annette Burrell - for her balance of experience, program knowledge, clarity of thought and expression and presentation of self. Plaintiff was notified of his non-selection by letter dated August 7, 2003.  **Exh. 3**

Based on this response, Plaintiff requested that the defendant produce the individuals involved in the selection process for deposition. Everyone mentioned in defendant's response to Plaintiff's Interrogatory No. 6 was produced for deposition save the personnel staff involved. Plaintiff made numerous requests and sent numerous several letters to the defendant, stating how the deposition testimony of the person personnel staff is crucial to this case but defendant insisted that the personnel staff's testimony was irrelevant given the fact that Plaintiff had deposed all the other people involved in the selection process and given the fact that Plaintiff was one of the three candidates who received the highest score. (See Plaintiff's Motion for Leave To File Motion to Compel Out of Time filed by Plaintiff about October 28, 2006, which is incorporated by reference herein).

Additionally, pursuant to defendant's request, Plaintiff sent the defendant all the authorities supporting Plaintiff's position on this issue. Defendant did not budge. Id.

Significantly, the *IRM* (Internal Revenue Manual) which controls, inter alia, the Promotion/Selection Procedure for the instant defendant, in pertinent part reads:

> This Plan applies to all positions within the IRS.  IRS employees will be placed in jobs for which they are qualified, and will be given equal opportunities for advancement.  Selection to fill positions shall be made impartially on the basis of merit and fitness. ... Employees should be protected against arbitrary action, personal favoritism, or coercion for partisan political purposes, and ...   IRS supervisors and managers will not discriminate when carrying out HRM policies, procedures, and practices because of race, sex, martial status, age, color, religion, national origin, sexual orientation, lawful political affiliation, labor organization membership, or handicapping condition. ...Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority-- Discriminate for or against any employee or applicant for employment -- on the basis of race, color, religion, sex, or national origin, as prohibited under section 717 of the Civil Rights Act of 1964 (*42 USC 2000e-16*);  on the basis of sex, as prohibited under section 6 (d) of the Fair Labor Standards Act of 1938 (*29 USC 206*(d). **Exh. 4.**

Regarding the roles of the ranking official, Personnel and Selecting Official, the ***IRM*** reads:

> Evaluation methods are the source of information considered by a ranking official or panel, according to pre-established criteria for a specific vacancy, to determine highly qualified and best qualified candidates.  **The selecting official in conjunction with the Personnel Office must examine the evaluation criteria, determine the appropriate methods to be used to secure needed information and include them on the vacancy announcement.**  If appropriate methods are not available, new methods may need to be developed, or consideration given to combining pertinent available methods in a manner that furnishes the best combination of necessary information to evaluate the candidates against the criteria.  The major consideration in selecting and using any evaluation is its effectiveness in measuring the degree to which a candidate possesses the KSAOs to perform the vacancy in a highly successful manner.  Methods used must also be documented on the form used to refer best-qualified candidates for selection... Ranking officials and panel members should be carefully selected **and trained in their responsibilities and in the merit promotion process so that evaluations by different raters will be comparable and consistent**.  Ranking officials and panel member should be rotated periodically to provide all officials with an opportunity to develop expertise in promotion operations.  **Ranking officials and panel members should be instructed by the**

**Personnel Office to avoid discriminatory non-merit considerations** (See *5 CFR 225.103*, Requirement #1). Id. Emphasis added.

Moreover, the only reason that the defendant gave for Plaintiff's nonselection is that Plaintiff's interview allegedly did not go "very well" ***Exh.5 @115.*** Defendant admits in its responses to Plaintiff's Request For Admissions that the interview in this case was dispensable.

Further, the ***IRM*** reads:

> Interviews- When an interview is being used as part of the promotion ranking process, it must be indicated either as a required method or as an option in the vacancy announcement. ***Exh. 4.***

In this case, the vacancy announcement did not reflect anything relating to the interview. Likewise Defendant admits that the candidates were not informed that the interview was going to be used as a selection tool. ***Exh.6***.

More notably, during discovery of this case, the Selecting Official testified that he had **no reason** for conducting the interview; that selection process was subjective; and that the only reason Plaintiff was rejected was his interview. Specifically, his deposition testimony goes:

Q: ..Did you have any reason for conducting the interview of the applicants?

A: No.                                    ...

Q: Now other than the interview, did you have any other reason for rejecting Mr. Hamilton (Plaintiff) for that position?

A: No.                          ***Exh. 5 @  91; 122 & 151.***

The MSP (Management Selection Program), defendant's policy on selection of managerial positions (under which the position in controversy falls), in pertinent part reads:

> The MSP will be used of all managerial positions announced on or after December 1, 2002. In addition to the vacancy announcement requirements

> outlined in ***IRM*** 6.335.1.16, all managerial announcements must identify the technical competencies for the position to be filled or clearly identify where candidate can locate the specific technical competencies. ... **Ranking panels/officials will consist of subject matter experts** (other than the selecting official) who are at or above the grade of the position to be filled...

***Exh.7.***

The Ranking Official in this case testified that his ranking was subjective and that he was not a subject matter expert in Safety. ***Exh8 @ 30; 43; 44; 47 & 48***. Further, the Ranking Official testified that he had no formal training in Safety, no formal training in Security and no training in Ranking; and that of the three candidates that received a score of 25, Plaintiff was the only one he did not know prior to ranking them. The Ranking Official ranked the two candidates he already knew, the same time and the two people he did not know on different days. Also, he testified that the personnel did not instruct him to select the best candidates for the position. ***Id. @ 17; 46;80;94 & 95.***

The Selecting Official and the Ranking Official are "very close." They work in the same department and eat lunch together a lot. ***Exh.2 @ 181***.

On December 11, 2006, this matter came before the Court for a Status Conference and the Court gave Plaintiff the deadline in which to file his Motion to Compel on this issue.[1] For the first time since commencement of discovery in March 2006, defense counsel identified the Personnel Staff involved in this case, in open court during the Conference of December 11,

---

[1] Plaintiff brought additional issues on which he sought discovery before the Court and the Court determine that the additional issues were not discoverable. The additional issues include Plaintiff's request for the Personnel files of the other three applicants who made the "best qualified" list and the Personnel files for the three members that conducted the interview, one of whom was the Selecting Official. For the reasons given during the Status Conference, the Court determined that certain portion of the Selecting Official's file was discoverable.

2006.² Moreover, defense counsel represented to the Court during that Conference that, the Personnel Staff's role in this case was limited; that she gave guidance on the *IRM* to the Ranking/Selecting Official and performed only administrative duties. For those reasons, defense counsel argued, the personnel staff's deposition testimony is irrelevant.

### ARGUMENT

#### (a) THE TESTIMONY OF THE PERSONNEL STAFF IS RELEVANT AND THUS DISCOVERABLE

The *Federal Rule of Civil Procedure 26(b)(1)* provides in part that:

"*[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.*" **Multicom Incorporated v. The Chesapeake and Potomac Telephone Company,** 1988 WL 113841 (D.D.C.) Moreover, the concept of relevancy is broadly construed at the discovery stage of an action, and discovery rules are to be accorded liberal treatment. ***Fed.Rules Civ.Proc.Rule 26(b), 28 U.S.C.A.; Chubb Integrated Systems Limited, Plaintiff v. The National Bank of Washington***, 103 F.R.D. 52 (D.D.C.1984) As the party resisting discovery, defendant bore the burden of demonstrating that the information sought was not legally relevant. More importantly, Admissibility at trial is not the yardstick of permissible discovery. ***Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.; Chubb*** citing ***Oppenheimer Fund, Inc. v. Sanders,*** 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).

---

²According to the defendant, this is the only personnel staff involved in this case. Defendant identified her as Valerie Brown?

In this case, defendant's resistance to discovery is based on its assertions that Plaintiff was one of the three individuals who obtained the highest scores and that the other parties involved in the selection process have been deposed. This assertion is flawed not only because Plaintiff is still left to speculate on how the cut off scores were determined but also because unless this person is deposed, Plaintiff would have no way of ascertaining the exact roles she played in the selection process.  Additionally, in determining what actually happened, Plaintiff would be relegated to relying on the testimony of the others who have been deposed - though their testimony are not consistent. Consequently, if in the future or in its motion for summary judgment, defendant procures an affidavit from this personnel staff, wherein she plugs all the holes in the defendant's case, Plaintiff would have himself to blame.  Essentially, it is or may be malpractice for the Plaintiff's attorney to advise Plaintiff against deposing this individual. Clearly, the personnel staff's deposition is relevant and discoverable.

Besides, an objection must show specifically how an interrogatory is overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden.  ***Fed.Rules Civ.Proc.Rules 26(b), 33, 28 U.S.C.A.; Chubb.***  In objecting to the interrogatory requesting the identification of the individual in controversy and in objecting to the production of the individual for deposition, the instant defendant has neither demonstrated how this request is unduly burdensome.  Nor has the defendant submitted any affidavit or offered any evidence which reveals the nature of the burden.  In fact, defendant failed to identified this individual until December 11, 2006, in open court, when it represented to the Court that the individual was no longer with the Agency - a task defendant should have carried out effortlessly in the previous months, when arguably, the individual was still with the Agency.

To contend that Plaintiff is not entitled to conduct the deposition of this individual would do nothing but confer a hollow right on the Plaintiff and in fact would be tantamount to denying Plaintiff, crucial information that would be useful at trial. A court's decision on a discovery request should not have the effect of completely denying a party information that would be useful at trial. *Fed.Rules Civ.Proc.Rule 26(b), 28 U.S.C.A*; *Chubb.*

### (b) UNDER THE DEFENDANT'S IRM, THE PERSONNEL STAFF'S ROLE IS MATERIAL TO THE SELECTION PROCESS. AS A RESULT, HER TESTIMONY IS RELEVANT TO THE CASE.

The *IRM* not only requires but mandates that the Personnel Office work with the selecting official to "examine the evaluation criteria, determine the appropriate methods to be used to secure needed information...." So far, the only person identified by the defendant as having any involvement in the selection process in the Personnel Office is the person identified in open court on December 11, 2006. Thus, if pursuant to the *IRM*, she actually worked with the Selecting Official in examining the evaluation criteria and determining the appropriate method to be used to secure needed information, Plaintiff is entitled to that information. As it is, there is no way for Plaintiff to obtain that information absent her deposition. This is particularly so given the fact that the Selecting Official does "not recall" his interactions with the Personnel Office. Further, his testimony as it relates to the other individuals involved in the selection process, is at best, equivocal.

Again, if in truth, the particular personnel staff determined the cut-off scores and gave guidance on the *IRM* to the Ranking Official, Plaintiff is entitled to that information. How she gave the guidance on the *IRM,* what guidance she gave on the *IRM* and the actual person to whom she gave that guidance are presently left to speculation. The only way Plaintiff can obtain these information is via her deposition testimony.

Significantly, if the personnel staff had other communications relating to the selection process with the Selecting Official, the Ranking Official or the other two panel members involved in the selection process in this case, Plaintiff would never find out unless he deposes the personnel staff. Likewise, if she gave the wrong instructions or guidance to the Ranking Official or the Selection Official, a wrong selection would consequently obtain. By the same token, if she gave the right guidance or instructions on the *IRM* and the Ranking Official or the Selecting Official purposefully deviated from it to carry out a discriminatory motive, Plaintiff would never know without deposing her. Additionally, if pursuant to the *IRM*, the personnel staff instructed the Ranking and Selecting Officials to avoid discriminatory and non-merit considerations Plaintiff is entitled to know.

It is axiomatic that the decision on who to depose, in order to prosecute his case, lies with Plaintiff and not the defendant. Thus, given the totality of the circumstances of this case, it will be everything but prudent for Plaintiff to abstain from deposing the personnel staff involved in this case.

In conjunction with that, this is a Title VII discrimination case. In Title VII cases, plaintiffs have been permitted a very broad scope of discovery, extending to documents and information *Pleasants v Allbaugh,* 208 F.R.D. 7 (D.D.C.12002). In fact, some circuits have expressly held that discovery in employment discrimination suits is especially broad. Id. The rationale behind that holding lies in the fact that a discriminatory motive will rarely be so clear as will a breach of contract. It goes to intent and comes from within. Essentially, since nobody (or only a significant few who call themselves psychics) can read the minds of others, to be established, a discriminatory motive requires extensive inquiries into the minds of all that are involved not a selective portion

thereof. This is especially so in this day in age where the discriminators often use others as conduits to carry out their plans or mask their discriminatory motives.

Furthermore, even in its *IRM*, defendant itself recognizes both that some of its Officials will discriminate in their selection process and that some will purposefully deviate from its established protocol. Only full and adequate discovery will reveal whether there was defiance or adherence to, as well as the level or degree of the defiance or adherence to the *IRM* by the defendant's officials. Plaintiff would have been deprived of full and adequate discovery if he were required to proceed with his case, without the deposition of somebody involved in the selection process. After all, this is not an attempt to depose someone involved in the selection process of another position. Nor is it an attempt to depose someone involved in the nonselection of another black male. It deals with an individual involved in the selection process in Plaintiff's own case.

### © ). REQUIRING THAT PLAINTIFF RELY ON THE DEFENSE COUNSEL'S REPRESENTATION ON THE ROLE PLAYED BY THE PERSONNEL STAFF, UNQUESTIONABLY STRIPS PLAINTIFF OF HIS FUNDAMENTAL RIGHTS.

Finally, at the December 11, 2006 Conference, the defense counsel represented to the Court that the personnel staff's role in this case is limited; that she gave guidance on the *IRM* to the Ranking/Selecting Official and performed only administrative duties. For that reason, argued the defense counsel, the testimony of the personnel staff is irrelevant. That argument is not only ludicrous, it misses the point. It is not the defense counsel's place to state whose testimony is relevant to Plaintiff's case. Were that not so, every defense counsel in a discrimination case will be free to come into the open court and argue that his client did not discriminate and therefore their deposition testimony would be irrelevant to the case. In fact, every defense counsel in every type of case will be free to represent to the Court what their client's position is or what role their client

played in any given case and the Court would accept their representations. That clearly is not the law. To be sure, accepting only the defense counsel's representations will not only render discovery meaningless, it will also strip Plaintiff of his fundamental rights. Indeed, it will offend the fundamental notions of fairness and substantial justice.

An example of such offense to fundamental notions of fairness and substantial justice is apparent here, where defense counsel's representation in Defendant's Response to Plaintiff's Interrogatory No. 6 and Defendant's Responses to Plaintiff's Request For Admissions remain incongruous with the Selecting Official's testimony. For another example, while the defense counsel states in the Defendant's Responses to Plaintiff's Request for Admission that the reason the interview was conducted was "because the interview panelists and the selecting official **did not know all of the candidates well**,"[3] the Selecting Official testified that there was **no reason** for conducting the interview. Therefore, that notion (that defense counsel's representation on the matter is adequate) should be rejected.

Rejecting that notion is particularly in order, where as here, the selection process is replete with irregularities; there are innumerable deviations from the established protocol; and there exit overwhelming discrepancies and contradictions in the record. In any event, the deposition testimony of the personnel staff involved in this case is vital and virtually indispensable.

## CONCLUSION

Wherefore, for these and other reasons that appear to this Honorable Court to be proper and just, Plaintiff prays that his motion be granted.

---

[3]While this response further underscores the unfairness inherent in the selection process, why the interview panelists and Selecting Official must know the candidates well prior to selecting the best candidates for the position remains inscrutable.

Respectfully submitted,

**THE GBENJO LAW GROUP**

/s/
Anne J.A. Gbenjo, 447840
8449 West Bellfort Suite 100
Houston, Texas 77071
Phone: 713-771-4775
Fax: 713-771-4784
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on this 21st day of December 2006, I sent via first class mail, a copy of the Foregoing Plaintiff's Motion to Compel to all parties as follows:

John Truong, Esquire
Assistant United States Attorney
555 Fourth Street N.W.
Washington, D.C. 20530

/s/
Anne Gbenjo.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
GARY HAMILTON,                              )
     Plaintiff                          )
v.                                          )          CASE NO.: 05-cv-1549 (RBW)
JOHN SNOW,                                  )
     Defendant                          )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **ORDER**

    Upon consideration of Plaintiff's Motion to Compel the Defendant to Produce the Personnel Staff involved in the Selection Process in this case for deposition, good cause having been shown, it is this _____ day of _____, 2007, by the hereby

    ORDERED, that the motion is granted and defendant shall produce said person for deposition no later than _____ 2007.

                                                      JUDGE R.B. WALTON

COPIES TO:

Anne Gbenjo, Esquire

John Truong, Esquire

14