

EXHIBIT 3

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Gary Hamilton,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**John Snow,** )<br>)<br>Defendant ) | Case No.: 05-CV-01549 (RWB) |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant John Snow, Secretary, U.S. Department of the Treasury, in his official capacity, hereby responds to Plaintiff's First Set of Interrogatories and First Request for Production of Documents ("Discovery Request") as follows:

### General Objections

1. The Defendant objects to the instructions and definitions to the extent that they seek to impose burdens beyond those set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure. The Defendant's responses will be governed by the provisions of Rules 26 and 33.

2. The Defendant objects to each and every Discovery Request to the extent that they are vague, ambiguous, overly broad, unduly burdensome and/or do not specify the information sought with sufficient particularity.

3. The Defendant objects to each and every Discovery Request to the extent that they seek information or documents irrelevant or unrelated to the claims asserted in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.

experience, aptitude and enthusiasm. He appointed her to a temporary Grade 14 detail to develop the training or mentoring plan on January 20, 2004.

**Interrogatory No. 6.** With respect to the permanent position in controversy (Safety and Health Manager), please identify any and all persons involved in the selection process from the beginning to the end and state with specificity what role each person played, how they played that role and state specifically every single instrumentality, procedure or mechanism, used in playing that role.

**Response to No. 6**: Defendant objects to this Interrogatory as unduly burdensome because Plaintiff is seeking information in the ROI, already in his possession. Defendant further object to this Interrogatory as compound and it conflates four (4) discrete interrogatories. As such the Defendant considers Interrogatory 6 as four separate interrogatories.

Subject to and without waiving the foregoing objections, Defendant states that Mr. Paul A. Carroll was employed by the Defendant as a Program Analyst in July 2003 and served as the ranking official with respect to Vacancy Announcement #15-02-00FM03706. Mr. Carroll reviewed the application material submitted by each candidate and then ranked the candidates according to ranking criteria provided him by the Agency. Mr. Carroll rated the candidates on a scale of 1 to 5 in five KSA ("Knowledge, Skill, Ability") categories. Mr. Carroll gave three of the candidates – Hamilton, Carraway and Burrell – the highest possible ranking ( a score of "5") in each of the five categories. Once Mr. Carroll completed his ranking assignment, he returned his work product, together with the candidates' application materials, to the Agency Personnel Office. The Personnel Office there upon determined the cut-off score for inclusion on the Promotion Certificate. The four names on the Promotion Certificate forwarded to the Selecting Official were Annette Burrell, Camille Carraway, Gary Hamilton and Michael Perkins. The

Promotion Certificate was dated July 10, 2003.

John Burns was the Selecting official for Vacancy Announcement #15-02-00FM03706. Mr. Burns' review of the Position Description for the subject vacancy convinced him that the ideal candidate would possess both an appropriate technical background and an ability to communicate clearly and correctly. Accordingly, Mr. Burns decided to interview the candidates listed on the Promotion Certificate. He selected Tatika Mitchell and Michael Huston to help him with that task. The panel interviewed the four candidates on July 29, 2003. All of the panel members were provided with the same list of questions for the candidates before the start of the first interview, as well as with copies of each candidate's application paperwork. Three of the four candidates (including Hamilton) were interviewed personally; one was interviewed by telephone. All of the candidates were asked the same questions and all were offered the opportunity to ask questions of the panel. When all the interviews had been completed, the panel discussed each of the candidates and made its recommendations. All the panelists agreed that Hamilton had not demonstrated clarity of thought or expression. The panel recommended the candidates who had demonstrated appropriate experience as well as the necessary presentation and verbal communication skills. Both of the recommended candidates also had program experience with safety, in the agency and in other organizations. Mr. Burns selected one of the recommended candidates – Annette Burrell – for her balance of experience, program knowledge, clarity of thought and expression and presentation of self. Plaintiff was notified of his non-selection by letter dated August 7, 2003.

**Interrogatory No. 7:** List the names, addresses, race, sex and phone numbers of all the employees supervised by Stuart Burns since the beginning of his employment with the defendant to end of year 2005, and the dates of their employment, their job title and job duties, the dates