

1 of 1 DOCUMENT

IRM

08/01/2002

6.335.1 Merit Promotion Plan

## 6.335.1.1 Overview of IRM 6.335.1 (08-01-2002)

(1) The guidance contained in this document represents the Merit Promotion Plan of the Internal Revenue Service (IRS). The basis for this Plan is to apply all applicable laws, regulations and policies that determine the manner in which vacancies will be recruited and filled within the IRS. Application of the provisions of this Plan must be supported by all other legal/regulatory/contractual references such as the Code of Federal Regulations (CFR), National Agreement between the Internal Revenue Service and the National Treasury Employees Union (Master Agreement), the IRS Restructuring and Reform Act of 1998 (RRA98), and the Restructuring Agreement.

## 6.335.1.2 Purpose (08-01-2002)

(1) The purpose of the Plan is to ensure that promotions and other actions (whether competitive or noncompetitive) that affect placement of employees in positions within the IRS are made on a merit basis by means of systematic and equitable procedures. Additionally, the Plan is to ensure that all employees are provided with the opportunity to develop their capabilities to the fullest.

(2) All actions-whether identification, qualification, evaluation, or selection of candidates-will be made on a fair and equitable basis, without discrimination for any non-merit reason such as race, color, religion, age, gender, national origin, political affiliation, disability, sexual orientation, marital or family status, personal favoritism, membership or non-membership in an employee organization or activity, or the holding of office in an employee organization, and shall be based solely upon job related evaluation procedures. The basis for these merit promotion principles is derived from the Civil Service Reform Act (CSRA) (5 USC 2301).

(3) The Service provides reasonable accommodations to applicants with disabilities. Employees requiring reasonable accommodation for any part of the Merit Promotion Plan must notify their servicing personnel office. Decisions on granting reasonable accommodation will be made on a case-by-case basis.

## 6.335.1.3 Scope and Authority (08-01-2002)

(1) This Plan applies to all positions within the IRS.

(2) The authority for this Plan is derived from Title 5 of the U.S. Code and 5 CFR, which requires agencies to establish and administer a promotion program designed to insure a systemic means of selection for promotion based on merit. The Plan is also consistent with 5 CFR 430, Performance Management; the Civil Service Reform Act; and the Uniform Guidelines on Employee Selection procedures. The Department of Treasury has delegated to bureau heads the authority to

HAM
1761

1 of 1 DOCUMENT

IRM

06/01/2002

6.250.1 Policies, Requirements, Responsibilities, and Strategies

### 6.250.1.1 Overview (06-01-2002)

(1) The purpose of this Internal Revenue Manual (IRM) is to establish general principles, concepts, and policies that govern human resources management (HRM) activities and practices within the Internal Revenue Service (IRS). These requirements constitute the framework for managing employees in an efficient and effective manner while ensuring adherence to Federal Human Resources (HR) laws, rules, and regulations.

(2) HRM involves all of the activities that relate to attracting, developing, sustaining, managing, and retaining a high-quality and diverse workforce. Strategic HRM is the creative, mission-oriented, results-driven approach to HRM. It provides IRS managers with the HR tools necessary to properly plan, develop, organize, and accomplish core programs and operations. This requires:

a. Significantly heightened sensitivity on the part of the HR function to the mission and goals of the Service;

b. Knowledge to identify HRM issues, problems, and opportunities potentially affecting the accomplishment of the Service[apos ]s mission or goals; and

c. Willingness to reconfigure HR policies, procedures, and programs again and again as circumstances require.

(3) A fundamental concept of HRM within the IRS is to provide high-quality, cost-effective policies, programs, and services that demonstrate positive contributions to achieving the mission of the agency. In the IRS, the primary responsibility for managing human resources is placed on the Service[apos ]s managers who have accountability for overall mission performance.

(4) The effectiveness of human resources management will be judged on two bases: legal/regulatory compliance and mission-related outcome and results. This balanced approach requires IRS managers to comply with legal and regulatory requirements while maximizing the mission effectiveness of their HR decisions and practices.

### 6.250.1.2 General Standards and Requirements for HRM (06-01-2002)

(1) HRM policies, procedures, and practices within the IRS will be consistent with and support the Merit System Principles outlined in *5 U.S.C. 2301*(b). In upholding these Merit System Principles, Service managers will avoid or prevent the occurrence of any of the Prohibited Personnel Practices identified in *5 U.S.C. 2302*(b).

(2) IRS supervisors and managers will not discriminate when carrying out HRM

HAM
1707

policies, procedures, and practices because of race, sex, martial status, age, color, religion, national origin, sexual orientation, lawful political affiliation, labor organization membership, or handicapping condition.

(3) IRS employees will be placed in jobs for which they are qualified, and will be given equal opportunities for advancement. Selection to fill positions shall be made impartially on the basis of merit and fitness.

(4) IRS employees' work performance will be evaluated fairly and objectively on a scheduled basis, and the results of such evaluations will be discussed with employees. Training and development required to improve present job performance and meet future skill needs will be provided.

(5) IRS employees have the right, without interference, coercion, restraint, or reprisal, to join or refrain from joining any lawful labor organization or employee association. When employees are represented by a recognized labor organization, management officials and supervisors will endeavor to build a relationship with the organization based upon mutual respect and trust.

(6) IRS employees with a grievance or complaint will be accorded a fair and prompt discussion with their immediate supervisor; and, failing prompt and satisfactory adjustment, have the right to pursue the matter under an applicable grievance or complaint system. When employees present a grievance or complaint, supervisors and managers will assure that employees are free from interference, restraint, or reprisal, and that they understand that they may be accompanied and assisted by a representative.

(7) IRS supervisors and managers will treat employees with full regard for their dignity as individuals, and will encourage them to express themselves concerning improvement of work methods and working conditions. Employees and their recognized labor organizations will be informed in advance, insofar as possible, of plans and policies affecting them and their employment.

(8) IRS employees have the right to discuss their problems with their supervisor, HR office specialist, equal employment opportunity officer or counselor, labor organization representative, a person designated to provide guidance, or a supervisory or management official of higher grade or organizational level than the immediate supervisor (provided such higher-level official agrees to consult with the employee).

(9) IRS supervisors will represent management in the administration of HR policy and labor-management agreements. They will provide progressive and constructive leadership, and ensure that all employees understand what is expected of them, to whom they are responsible, and the expected work relationships with fellow workers.

(10) HRM authorities will be delegated to the lowest practical level based upon local circumstances. The decentralization of HRM authorities supports the Service[apos ]s concept that these authorities are key elements of the overall responsibility of individual IRS supervisors and managers, and directly relate to their ability to achieve timely, effective, and efficient mission results.

**6.250.1.3 Issuing and Revising HRM Policies, Procedures, and Programs (06-01-2002)**

HAM
1708

individual performance.

(8) Employees should be--

a. protected against arbitrary action, personal favoritism, or coercion for partisan political purposes, and

b. prohibited from using their official authority or influence for the purpose of interfering with or affecting the result of an election or a nomination for election.

(9) Employees should be protected against reprisal for the lawful disclosure of information which the employees reasonably believe evidences--

a. a violation of any law, rule, or regulation, or

b. mismanagement, a gross waste of funds, an abuse of authority or a substantial and specific danger to public health or safety.

**Exhibit 6.273.1-6 Prohibited Personnel Practices (06-01-2002)**

As stated in Section 2302 (b) of Title 5, United Sates Code:

(b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority--

    (1) discriminate for or against any employee or applicant for employment--

        (a) on the basis of race, color, religion, sex, or national origin, as prohibited under section 717 of the Civil Rights Act of 1964 *(42 USC 2000e-16)*;

        (b) on the basis of age, as prohibited under sections 12 and 15 of the Age Discrimination in Employment Act of 1967 *(29 USC 631, 633a)*;

        (c) on the basis of sex, as prohibited under section 6(d) of the Fair Labor Standards Act of 1938 *(29 USC 206*(d));

        (d) on the basis of handicapping condition, as prohibited under section 501 of the Rehabilitation Act of 1973 (29 USC 791); or

        (e) on the basis of marital status or political affiliation, as prohibited under any law, rule, or regulation;

    (2) solicit or consider any recommendation or statement, oral or written, with respect to any individual who requests or is under consideration for any personnel action except as provided under section 3303(f);

    (3) coerce the political activity of any person (including the

HAM
1729

each is proportionate to its relative importance in the performance of the job. If numeric scoring is used, cut-off scores for highly qualified should be established in advance.

(3) A crediting plan should be developed for each criterion identified through the job analysis/job profiling (unless the criteria and plan were developed nationally). Scores for each criterion should be given equal weight unless a determination is made during the job analysis that weighting of specific criterion is necessary.

(4) A complete record of all pertinent information used in the development of criteria, the actual information obtained, and the conclusions supported by this information must be maintained either in the promotion folder or a notation must appear in the promotion folder that would indicate where such information is maintained.

### 6.335.1.12.10 Evaluation Methods (08-01-2002)

(1) Evaluation methods are the sources of information considered by a ranking official or panel, according to pre-established criteria for a specific vacancy, to determine highly qualifed and best qualified candidates. The selecting official in conjunction with the Personnel Office must examine the evaluation criteria, determine the appropriate methods to be used to secure needed information and include them on the vacancy announcement. If appropriate methods are not available, new methods may need to be developed, or consideration given to combining pertinent available methods in a manner that furnishes the best combination of necessary information to evaluate the candidates against the criteria. The major consideration in selecting and using any evaluation method is its effectiveness in measuring the degree to which a candidate possesses the KSAOs to perform the vacancy in a highly successful manner. Methods used must also be documented on the form used to refer best-qualified candidates for selection.

(2) The following are evaluation methods that are required by regulation:

a. Performance Appraisals must be current and must have been shared with the employee. Refer to IRM 6.430 and the master labor agreement for guidance on time limits of performance appraisals for merit promotion. If a rating has not been assigned to a specific factor because the supervisor was unable to observe demonstrated performance in that factor, an average rating (to nearest whole number) calculated from the scores of the other factors will be used in assigning a total score, if necessary. Only those appraisal factors that are relevant to the position to be filled should be considered. If relevant promotion information is not included in the annual appraisal, a special potential appraisal, or other appropriate appraisal that contains information relevant to the vacancy should be requested.

b. Incentive Awards: Due weight must be given in the promotion process to all relevant awards received by a candidate that demonstrates ingenuity, industry, skill, resourcefulness or any other ability that may have an impact on the qualifications for the position to be filled. Non-Federally sponsored awards that are restricted on the basis of age or sex may not be considered in the merit process.

HAM
1782

(3) The following methods may be used at the Selecting Official's option in addition to the mandatory methods listed above:

a. Training-Pertinent training and self-development activities that are clearly related to the employee's potential for successful performance in the position to be filled. Education may be considered only to the extent that it is clearly job related or it clearly provides evidence of learning ability for the position to be filled. A standard approach should be developed so that similar activities will be considered alike when rating the evaluation criteria;

b. Experience-The objective in evaluating experience is to determine how well the experience has prepared the candidate for higher level work. The type and quality of experience should be considered only in relation to the evaluation criteria. Length of service or experience may be used only when there is a clear and positive relationship with the potential quality of performance. A standard approach should be developed so that similar experience will be considered alike when rating the evaluation criteria;

c. Interviews-When an interview is being used as part of the promotion ranking process, it must be indicated either as a required method or as an option in the vacancy announcement. Interview records used in the ranking process must be retained in the promotion file. Any written record of an interview should be provided to the employee, if requested, in the same manner as the other ranking documentation;

d. Potential Appraisals-Potential appraisals require the supervisor to make informed judgments about the KSAOs that a candidate has not clearly had to demonstrate on his/her current job. Potential appraisals may be necessary to assess job-relatedness requirements when the candidate's current performance appraisal is not clearly relevant to the promotion process (i.e., a situation where the duties and required skills and abilities of the present job and the vacancy do not match). The evaluation criteria must be considered when the rater is responding to the factors and the questions on the appropriate potential appraisal form. The potential appraisal should address all of the evaluation criteria (KSAOs necessary to perform in the vacant position in a highly successful manner) and all of the evaluation criteria for which the appropriate KSAOs have not been clearly reflected in the candidate's appraisal of past performance; When completing a potential appraisal for a different job, information may be needed to assist the supervisor in making informed judgments on a particular candidate. A candidate's potential may be demonstrated through successful performance on the job or in training courses, inventiveness on the job, special details and assignments, temporary promotions, or in other ways that may be generalized to show that the candidate possesses the necessary KSAOs to perform in the vacancy in a successful manner; Potential appraisals must be discussed with and provided to the employee by the supervisor or other rating official. If a potential appraisal is prepared at the time of the employee's annual appraisal, it must be clearly identified as a potential appraisal so that it is not used as a basis of evaluating performance on the present job; and

e. Written Tests-Written tests will not be used in promotion, transfer, reassignment or other personnel actions unless specifically authorized. Additional guidance on the use of written tests for promotion and other internal placement actions may be found in OPM Operating Manual, Qualification Standards for General Schedule Positions, Section V, Test Requirements.

**6.335.1.12.11 Ranking Official and Evaluation Panels (08-01-2002)**

(1) The use of a ranking official or panel is mandatory in identifying highly and best qualified candidates. Ranking officials and panel members must be at or above the grade level of the position to be filled. It is recommended but not required that ranking panels be used for all professional and technical occupations. Ranking officials are generally used for clerical and paraprofessional occupations.

(2) A ranking official must be someone other than the selecting official and should have an in-depth knowledge of the requirements and functions of the position to be filled.

(3) Panels must consist of at least three voting members, including at least one member who has direct working knowledge of the position to be filled. A representative of the Personnel Office should also participate as a non-voting member to ensure that control and documentation of panel actions meet validity and job-relatedness requirements. Ranking officials/panels will be designated by the selecting official unless specified by other National Program requirements. Women and/or minorities should be included as ranking panel members, whenever feasible. Although not recommended, selecting officials can serve as a ranking panel member but not as a ranking official. There should not be one evaluation panel for all jobs in one function; panels should be established for specific lines of work.



(4) Ranking officials and panel members should be carefully selected and trained in their responsibilities and in the merit promotion process so that evaluations by different raters will be comparable and consistent. Ranking officials and panel members should be rotated periodically to provide all officials with an opportunity to develop expertise in promotion operations. Ranking officials and panel members should be instructed by the Personnel Office to avoid discriminatory non-merit considerations (See *5 CFR 335.103*, Requirement #1).

**6.335.1.12.12 Determining Highly and Best Qualified (08-01-2002)**

(1) The application of the evaluation methods against the evaluation criteria by a ranking panel/official should provide a meaningful distinction between the candidates and allow for the identification of the highly qualified and best qualified.

(2) All candidates found to be basically eligible to compete for the position will be referred to the ranking panel/official to be evaluated against the evaluation criteria using the mandatory methods and other job-related methods designated by the selecting official.

(3) Ranking panels/officials are not permitted to make changes to supervisory appraisals in the process of evaluating candidates. The ranking panels/officials should reflect and record their own judgment in rating the potential of the candidate against each of the evaluation criterion for the position to be filled. Information from as many methods as possible is to be used by the ranking panel/official to assign individual criterion rating scores for each of the candidates. Scores on the criteria should be combined to form an overall score for each candidate. Candidates attaining the score previously identified