UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EXHIBIT 6

| | |
|---|---|
| GARY HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05CV-1549(RBW) |
| | ) |
| JOHN SNOW, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST AND SECOND REQUEST FOR ADMISSIONS

Pursuant to Fed. R. Civ. P. 36, Defendant hereby responds to Plaintiff's First and Second Request for Admissions ("RFA") as follows:

1. Please that Plaintiff applied for the position of Safety and Health Manager, Vacancy Announcement Number 15-0200OFH03703 in 2003.

    Response:   Admit.

2. Please admit that Plaintiff was not selected for the position.

    Response:   Admit.

3. Please admit that Annette Burrell was selected for the position in Request No. 1.

    Response:   Admit.

4. Please admit that Annette Burrell has no formal training in safety.

    Response:   Defendant objects to the RFA as the term "formal training" is unclear and undefined. Ms. Burrell received on the job training in safety and attended classes on safety.

1

its response to RFA No. 21.

24. Please admit that Paul Carroll is not a subject matter expert in the field of Safety.

Response: Admit.

25. Please admit that Annette Burrell's application for the position in Request No. 1 was not complete by the May 19, 2003 deadline.

Response: Defendant made a reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this RFA. Ms. Burrell testified that she does not recall whether she submitted the entire application package on May, 13, 2003. Burell Depo. 79:18-80:14.

26. Please admit that Annette Burrell has no college degree.

Response: Admit.

27. Please admit that the only tool used in the selection process was the interview.

Response: Deny. The candidates' respective application forms, responses to the KSAs, performance evaluations, and (for the four best qualified candidates) responses during the panel interview were considered in the selection for the position in Request No. 1.

28. Please admit that the candidates for the position in Request No. 1 were not notified that the interview would be used as a selection tool.

Response: Admit.

29. Please admit that the selection in this case was made subjectively.

Response: Admit.

30. Please admit that Mike Huston, an interview panel member, was not given the candidates' application package before or during the interview of July 2003.

5

Response: Deny.

31. Please admit that job announcement for the position in Request No. 1 reflects points in each of the categories therein.

Response: Deny. The "job announcement" did not "reflect[] points in each of the categories therein."

32. Please admit that in making the selection for the position in Request No. 1, the points on the job announcements were ignored or not used.

Response: Deny. The "job announcement" did not "reflect[] points in each of the categories therein."

33. Please admit that at no point were the candidates for the position in Request No. 1 informed that the points on the job description would not be used.

Response: Deny. The "job announcement" did not "reflect[] points in each of the categories therein."

34. Please admit that the interview held for the position in Request No. 1 was dispensable.

Response: Admit. A selection can be made from a list of best qualified candidates without an interview; however, because the interview panelists and the selecting official did not know all of the candidates well and, therefore, an interview for the position in Request No. 1 was necessary.

35. Please admit that the interview panel for the position in Request No. 1 did not all have equal say in the selection process.

Response: Deny. The candidates' respective application forms, responses to the KSAs, performance evaluations, and (for the four best qualified candidates) responses during the

6

panel interview were considered in the selection for the position in Request No. 1. The interview panelists had equal say during the panel interview of the four best qualified candidates.

36. Please admit that Annette Burrell did not submit a complete application package for the position in Request No. 1, by May 19, 2003 deadline.

Response: This is a duplicative of RFA No. 25. Defendant made a reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this RFA. Ms. Burrell testified that she does not recall whether she submitted the entire application package on May, 13, 2003. Burell Depo. 79:18-80:14.

37. Please submit that Camille Caraway left the Agency prior to the completion of her detail about year 2004

Response: Admit.

Dated: October 30, 3006.

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant