IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

```
**************************************
GARY HAMILTON,                         )
                                       )
        Plaintiff                      )
v.                                     )  CASE NO.: 05-cv-1549 (RWB)
                                       )
JOHN SNOW,                             )
                                       )
        Defendant                      )
**************************************
```

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF THE PERSONNEL STAFF INVOLVED IN THE SELECTION PROCESS FOR DEPOSITION.**

Plaintiff, by and through counsel, files his Reply to Defendant's Opposition to Plaintiff's Motion to Compel and states that while the defendant has attempted to oppose Plaintiff's Motion to Compel, the Opposition fails in several respects.

First, other than its generalized bald assertion that the requested discovery is "unduly burdensome and harassing" (see Opposition at 7), defendant fails to demonstrate how the requested discovery is unduly burdensome and harassing. An objection must show specifically how the requested discovery is burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden. ***Chubb Integrated Systems Limited, Plaintiff v. The National Bank of Washington***, 103 F.R.D. 52 (D.D.C.1984); **Fed.Rules Civ.Proc.Rules 26(b), 33, 28 U.S.C.A.** Defendant submits no evidence whatsoever.

Secondly, defendant's ludicrous assertion that Plaintiff's allegation of nonselection is limited to the selection phase of the promotion selection process, is disingenuous in that defendant itself identified people outside of the selection phase as being involved in Plaintiff's nonselection. See Pla. Motion at 2. Needless to say therefore, that if defendant itself believed

that, in alleging discrimination due to nonselection for promotion, Plaintiff meant or implicated only the selection phase of the promotion process, defendant would not have identified people outside the selection phase as being involved in the selection process in its answer to Plaintiff's interrogatory 6. Id.  Nor would the defendant have asked Plaintiff during discovery, why he believed people outside of the selection phase of the promotion process discriminated against him.

Besides, Plaintiff's Complaint satisfies the requirements of ***F.R.C.P. Rule 8***.  Defendant has not and cannot claim that Plaintiff's deposition testimony or any evidence in the record, excludes the people outside the selection phase from the selection process. More importantly, "receiving the highest score as part of the ranking process," would be an anomalous claim, had plaintiff alleged same. Thus, contrary to the defendant's contention, Plaintiff's allegation covers the entire selection process.

Significantly, defendant has not denied the following crucial facts in its opposition:

- That the defendant may support its motion for summary judgment with an affidavit procured from the personnel staff in controversy, wherein she plugs the holes in the defendant's case;
- That it is not the defendant's place or his counsel's to determine who the Plaintiff should depose in order to prosecute his case;
- That the defendant's counsel's version as to why an interview was conducted in this case remains incongruous with the Selecting Official's version (thus reinforcing the notion that defense' counsel's proffered reasons as to why this personnel staff should not be deposed as well as his representations as to the roles

2

>   played by this personnel staff, should be rejected); and
>
> - That the IRM mandates that the Personnel staff be involved in examining the evaluation criteria and determining the appropriate methods to be used to secure needed information for the position in controversy.

Essentially, defendant has failed in its attempt to minimize the role of the Personnel staff in this case, particularly given the fact that the defense counsel himself represented in open court on December 11, 2006, that the personnel staff gave guidance on the IRM to the ranking official and selecting official.

More importantly, the defendant has adduced no authority for the proposition that, in a non-selection case, a Plaintiff is entitled to depose only some and not everyone identified by the defendant as being involved in the selection process. Plaintiff submits that the want of such authority strongly buttresses Plaintiff's position on the issue.

Additionally, in its continuous effort to attack Plaintiff's Motion to Compel, defendant creates the false impression that Annette Burrell was the interview panel's choice for the position. It also argues that, the involvement of the personnel staff as it pertains to consultation with the Selecting Official, relates only to the ranking phase of the selection process. See Opposition at 2 & 6.

First of all, contrary to the defendant's assertion, the interview panel did **not** select Annette Burrell. In fact, two of the three panel members testified that they did not know who the selected applicant was after the interview ( see *Exh. 1*). Moreover, the Selecting Official himself testified that he himself selected Annette Burrell. Given those facts, there clearly was no consensus as to who would occupy the position at the end of the interview. The question then

becomes, if the Selecting Official was going to single handedly select the individual for the position, why did he involve a panel {as a subterfuge}? Plaintiff humbly submits that this is a genuine issue, the root of which Plaintiff must discover. Such discovery therefore entails deposing everyone involved and not a selective portion thereof. As already stated, denying Plaintiff such discovery will be tantamount to striping Plaintiff of his fundamental rights. **Exh. 2.**

Secondly, no matter how the IRM is construed, the personnel staff is involved in the selection process. That fact remains perpetually immutable. Moreover, fully cognizant of the fact that defendant does not customarily conduct interview at the ranking phase of its selection process, defendant itself should know that "promotion ranking process" as used in the IRM (6.335.1.12.10 (3)(c)- See Pla. Exh 4 to Motion to Compel) applies to more than the ranking phase and includes the selection phase. Thus, defendant should not have engaged in semantics proseology and argued that the cited IRM section applies only to the "ranking" phase. If as the defendant suggests, that provision applies only to the ranking phase, it still does not make right, the defendant's wrong in that, the vacancy announcement fails to reflect all "the appropriate methods" determined by the Selecting Official and the personnel staff to be used. Undoubtedly, not only is this failure in derogation and contravention of the IRM,[1] it also strengthens Plaintiff's need to depose the personnel staff.

Once again, contrary to the defendant's assertion, the need to depose the personnel staff is further strengthened by the fact that the applicants were misled on the Eligibility Requirements which were listed in the Position Description distributed to the applicants. At the time the

---

[1] The pertinent IRM section reads: *The selecting official in conjunction with the Personnel Office must examine the evaluation criteria, determine the appropriate methods to be used to secure needed information and include them on the vacancy announcement.*

vacancy was announced, the candidates were informed about the Major Duties, Knowledge, Level of Difficulty, Assignment/Purpose, and Communication/type of Contacts required for the position. Points were allotted for each of these categories. See ***Exh. 3***. Nonetheless, all these were disregarded in the selection process. The Selecting Official is yet to explain why it was disregarded. ***Exh 4.*** Since the personnel staff was involved in vacancy announcement which included the job description, coupled with her role as mandated by the IRM, her deposition becomes a necessity. Consequently, discovery as to why there was gross deviation from the information provided to the applicants (and over which they relied in applying for the position) is required and must not exclude the personnel person involved in the selection process.

  Anticipation and/or discouragement from such gross deviation is arguably the basis for the creation of the Documentation provision of the IRM. That provision reads:

**Documentation**: *Documentation of a promotion action must be sufficient for a reviewer to reconstruct the action in its entirety, including reason for determining qualified, highly qualified and best qualified*. See ***Exh.5***. In this case, there clearly is no way for any reviewer to reconstruct the selection process in its entirety as the people involved testified that their reasons for the selection were subjective. See Pla. Motion at 5 & 6. Therefore, if the personnel staff played a role in the subjectivity, this Court should not deprive Plaintiff of that information. He needs it to prosecute his case. ***Exh. 2.***

  Furthermore, without pointing the Court to the portion of the record that supports its position, defendant blithely argues that it disputes Plaintiff's contention 1. that the Ranking Official has no formal training in Safety, no formal training in Security and no training in Ranking; 2. that the Ranking Official was not instructed to select the best candidates for the

position; 3. that the Selecting Official and the Ranking Official are very close (they work in the same department and eat lunch together a lot); 4. that Ranking Official was not a subject matter expert in Safety; and 5. that the Ranking Official testified that his ranking was subjective. Clearly, the defendant has no support for disputing these cogent facts. Without support for its position, defendant's basis for disputing Plaintiff's contentions remain baseless.

## CONCLUSION

For the foregoing reasons, Plaintiff prays that this Court grants Plaintiff's Motion to Compel so that he obtains adequate discovery to prosecute his case.

Respectfully submitted,

**THE GBENJO LAW GROUP**

_____/s/_____
Anne J.A. Gbenjo, 447840
8449 West Bellfort Suite 100
Houston, Texas 77071
Phone: 713-771-4775
Fax: 713-771-4784
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY THAT on this 15th day of February 2007, I sent via first class mail, a copy of the Foregoing Plaintiff's Reply to all parties as follows:

John Truong, Esquire
Assistant United States Attorney
555 Fourth Street N.W.
Washington, D.C. 20530

                           /s/
                      Anne Gbenjo.