IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GARY HAMILTON,                )

      Plaintiff            )

v.                            )        CASE NO.: 05-cv-1549 (RBW)

JOHN SNOW,                    )

      Defendant            )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF PLAINTIFF'S COUNSEL

      I ANNE GBENJO, HEREBY CERTIFY AND AFFIRM UNDER THE PENALTIES OF PERJURY, THAT THE STATEMENTS IN THIS AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. I AM COMPETENT TO GIVE THIS AFFIDAVIT.

1. I am an attorney licensed to practice in the District of Columbia.

2. I represent the Plaintiff, Mr. Gary Hamilton in this case ( Hamilton v. Snow, Case No. 05-1549 RBW).

3. The Plaintiff, Mr. Hamilton, alleges inter alia, discrimination based on race and sex in his complaint.

4. The discrimination claim arose out of a nonselection for a Safety Manager Position that was announced in year 2003.

5. During discovery of this case, the defendant was asked to identify all the people involved in the selection process.

6. The defendant identified the interview panel members, the ranking official and the personnel staff.

7. The defendant resisted discovery and did not disclose the name of the personnel staff until nine months after the request was made. The name disclosure occurred in open court on December 11, 2006.

8. Plaintiff has deposed everyone identified by the defendant as being involved in the selection process except the personnel staff, whom the defendant refuses to produce for deposition.

9. Plaintiff filed his motion to compel on this matter about December 21, 2006. Defendant filed



EXHIBIT
EXH 2

its Opposition and claims that the testimony of the personnel staff is irrelevant.

10. It is Plaintiff's position that the testimony of the personnel staff is relevant, not only because Plaintiff is left to speculate on the exact role she played in the selection process, but also because the defense counsel represented in open court on December 11 2006, that the personnel staff gave guidance on the IRM (Internal Revenue Manual) to the Ranking and Selecting Officials during the selection process in this case.

11. Significantly, defendant has not denied that in support of its motion for summary judgment, it may procure an affidavit from the personnel staff, wherein she plugs all the holes in the defendant's case.

12. As Plaintiff's counsel, I will not be able to render effective assistance or representation to Mr. Hamilton in this case, without the deposition of the personnel staff.

13. As Plaintiff's counsel, I believe in my professional judgment that the deposition of the personnel staff is a necessity, not just a desire, to prosecute the Plaintiff's case.

_____    2/15/07
Signature                  Date