

1

IN THE U.S. DISTRICT COURT OF

THE DISTRICT OF COLUMBIA

+ + + + +

In the Matter of:

GARY HAMILTON,

    Plaintiff,

v.

JOHN SNOW,

    Defendant.

CASE NO. 05-1549 (RBW)

Washington, D.C.

Tuesday, July 25, 2006

DEPOSITION OF:

JOHN STUART BURNS

called for examination by counsel for the Plaintiff, pursuant to notice of deposition in the offices of Neal Gross & Co., 1323 Rhode Island Avenue, N.W., when were present on behalf of the respective parties:

**NEAL R. GROSS**
COURT REPORTERS AND TRANSCRIBERS
1323 RHODE ISLAND AVENUE, N.W.
(202) 234-4433     WASHINGTON, D.C. 20005     (202) 234-4433

1  like the way I would write up something.

2      Q    Oh, I see. Okay.

3      A    I may have formatted it differently for --

4      Q    Oh, okay.

5      COURT REPORTER: Can we do this a little
6  bit more organized? I'm not sure. There's a lot of
7  like off the record comments and people talking at the
8  same time. It's going to be pretty hard to have the
9  record clear.

10     MS. GBENJO: Sorry, sorry.

11     COURT REPORTER: Thanks.

12     MS. GBENJO: Now, Exhibit No. 5, I may
13  have just one or two questions there, that one. Did
14  you give him that?

15     COURT REPORTER: 5?

16     MS. GBENJO: Um-hum.

17     THE WITNESS: Okay. I got this. It just
18  doesn't look like me.

19     BY MS. GBENJO:

20     Q    No. 5, do you recognize that document, Mr.
21  Burns?

22     A    It seems to be a position classification.

1    Q    Okay. And this is for the safety manager
2  position from which this case arose, right?
3    A    Okay.
4    Q    Is that a yes?
5    A    I would guess yes.
6    Q    Okay.
7    A    It's not tied to the packet. I have never
8  seen it outside of the overall package so -- but yes,
9  it appears to be.
10   Q    Now, look at the second page of that
11 document and look at the first page as well. To the
12 extreme right portion of the page there are points,
13 are there not?
14   A    Yes.
15   Q    And these are points ascribed to each
16 portion of this position. Is that true?
17   A    Yes.
18   Q    Okay.
19        MS. GBENJO: And let's just put that in as
20 Exhibit No. 5.
21             (Whereupon, the document was
22             marked as Plaintiff Exhibit 5

1  that Monday was.

2  Q    So this was approved just a few days after
3  you arrived at the IRS?

4       MS. GBENJO:  Objection.  Leading.

5       BY MR. TRUONG:

6  Q    Is that right?

7       MS. GBENJO:  Objection.  Leading.

8       THE WITNESS:  Yes.

9       BY MR. TRUONG:

10 Q    Okay.  And the date below that, April 24,
11 '03, signed by Richard Bell.  Do you see that?

12 A    Yes.

13 Q    And I think you testified that you came to
14 the IRS sometime in early April '03, correct?

15 A    Yes.

16 Q    And let's turn the page to page no. HAM
17 2540 and 2541.  Ms. Gbenjo asked you about the points
18 on the far right hand column.

19 A    Yes.

20 Q    Do you see that there?  Did you use these
21 points as part of the interview session and/or your
22 selection?

1    A    No.

2    MS. GBENJO: Can you repeat that question?

3    MR. TRUONG: Yes, ma'am.

4    BY MR. TRUONG:

5    Q    Did you use the points indicated on
6    Exhibit 5 as part of your interview session or your
7    selection?

8    A    No.

9    Q    Okay. I'm done with Exhibit 5. You
10   testified earlier today that the interview was not
11   objective, but subjective. Can you explain what you
12   mean by objective versus subjective?

13   MS. GBENJO: Objection. Under the rules
14   of law, if a word has -- unless there is other
15   statutory interpretation, a word is given its face
16   value and its facial meaning and no other meaning
17   should be ascribed to it. No one has alleged any
18   incapability of understanding the words subjective and
19   objective. The law has its own clear meaning, which
20   does not want, merit or requires a definition at this
21   juncture.

22   MR. TRUONG: Your objection is noted. Let