**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GARY HAMILTON,                               )

     Plaintiff                                    )

v.                                                        ) CASE NO.: 05-cv-1549 (RBW)

JOHN SNOW,                                     )

     Defendant                                  )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S PARTIAL OBJECTIONS TO THE COURT'S RULING OF FEBRUARY 27, 2007

Plaintiff, by and through counsel, files his partial objections to this Honorable Court's ruling of February 27, 2007 and for reason states that this matter came for a Status Conference before this Honorable Court on February 27, 2007. At the end of the Status Conference, the Court gave Plaintiff thirty (30) days in which to depose the Personnel Staff that was the subject of Plaintiff's Motion to Compel. However, the Court ruled that Plaintiff bear the defendant's cost for the deposition. Plaintiff objects to the latter part of the ruling because:

- The request for production of the personnel staff for deposition was made about a year ago, specifically in March of 2006.

- At the time the request was made, the personnel staff was still with the Agency. (In fact, a few months thereafter, defendant identified the Agency Officials that were no longer with the Agency at the time and the Personnel staff was not so identified. The Personnel staff was identified as no longer with the Agency on December 11, 2006 by the defense counsel)

- Plaintiff wrote about twenty letters to be able to obtain discovery from the defendant; and upon defendant's request, Plaintiff provided defendant with the

authorities that supports the Plaintiff's position on this issue.

- Plaintiff had to file a Motion to Compel in order to be able to depose the personnel staff.

- If the defendant had produced the personnel staff at the time the request was appropriately made, Plaintiff would have deposed her at the same time he deposed the other Agency officials and the additional expense of deposing her now would have been significantly reduced for both parties.

For the foregoing reasons and other reasons that appear to this Honorable Court to be proper and just, Plaintiff Objects to the portion of the ruling that imposed the defendant's cost for the deposition of the Personnel staff on the Plaintiff.

Respectfully Submitted,

## THE GBENJO LAW GROUP

/s/
Anne Gbenjo, 447840
8449 West Bellfort Avenue
Suite 100
Houston, Texas 77071
Phone: 713.771.4775
Fax: 713.771.4784
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 27th day of February 2007, a copy of the foregoing Partial Objection was sent to all to all parties as follows:

John C. Truong, Esquire
United States Attorney
555 Fourth St. N.W.
Washington, D.C. 20530

/s/
Anne Gbenjo