UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EXHIBIT
**36**

| | |
|---|---|
| GARY HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05CV-1549(RBW) |
| | ) |
| JOHN SNOW, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST AND SECOND REQUEST FOR ADMISSIONS

Pursuant to Fed. R. Civ. P. 36, Defendant hereby responds to Plaintiff's First and Second Request for Admissions ("RFA") as follows:

1.    Please that Plaintiff applied for the position of Safety and Health Manager, Vacancy Announcement Number 15-0200OFH03703 in 2003.

Response:    Admit.

2.    Please admit that Plaintiff was not selected for the position.

Response:    Admit.

3.    Please admit that Annette Burrell was selected for the position in Request No. 1.

Response:    Admit.

4.    Please admit that Annette Burrell has no formal training in safety.

Response:    Defendant objects to the RFA as the term "formal training" is unclear and undefined.  Ms. Burrell received on the job training in safety and attended classes on safety.

1

5.    Please admit that Annette Burrell has no formal training in Security.

    Response:    Defendant objects to the RFA as the term "formal training" is unclear and undefined. Subject to the foregoing objection, admit. Ms. Burrell, however, had on the job training.

6.    Please admit that four candidates applied for the position in Request No. 1.

    Response:    Deny. Fourteen candidates applied for the position in Request No. 1. The top four "best qualified" candidates, including Plaintiff, were interviewed for the job.

7.    Please admit that the candidates' technical or leadership skills were not considered in the selection for the position in Request No. 1.

    Response:    Deny. The candidates' respective application forms, responses to the KSAs, performance evaluations, and (for the four best qualified candidates) responses during the panel interview were considered in the selection for the position in Request No. 1. Therefore, to the extent that the candidates described their "technical or leadership skills" in their respective application forms; responses to the KSA; and (for the four best qualified candidates) responses during the panel interview, then "technical or leadership skills" were considered.

8.    Please admit that Annette Burrell was selected for a detail that concluded in 2003.    
    Response:    Admit.

9.    Please admit that Annette Burrell continues to perform the duties she performed during that detail of 2003.

    Response:    Deny. Ms. Burrell never had a position called "detail of 2003."

10.    Please admit that Camille Caraway applied for the position in Request No. 1.

    Response:    Admit.

2

11.    Please admit that Camille Caraway was not selected for the position in Request No. 1.

    Response:    Admit.

12.    Please admit that after Annette Burrell's selection for the position in Request No. 1 Camille

Caraway was selected for a detail for the Safety Manager Position.

    Response:    Deny.  Ms. Camille Caraway was not selected for a detail for "the Safety

Manager Position."  Rather, she was selected for a detail for the "Occupational Safety and Health

Manager."

13.    Please admit that both Camille Caraway and Annette Burrell are white or Caucasians.

    Response:    Admit. 

14.    Please admit that both Camille Caraway and Annette Burrell are females.

    Response:    Admit.

15.    Please admit that Plaintiff is African American. 

    Response:    Admit. 

16.    Please admit that Plaintiff is male.

    Response:    Admit.

17.    Please another male candidate, Michael Perkins, was rejected for the position in Request

No. 1.

    Response:    Admit.

18.    Please admit that Michael Perkins is also Caucasian or White.

    Response:    Admit.

19.    Please admit that in making the selection in this case, no consideration was given to the

candidates educational background.

Response:    Deny.  The candidates' respective application forms (which included their education background), responses to the KSAs, performance evaluations, and (for the four best qualified candidates) responses during the panel interview were considered in the selection for the position in Request No. 1.

20.    Please admit that in making the selection in this case, only the candidates' interview or ability to respond to the interview questions were considered.

Response:    Deny.  The candidates' respective application forms, responses to the KSAs, performance evaluations, and (for the four best qualified candidates) responses during the panel interview were considered in the selection for the position in Request No. 1.

21.    Please admit that Stuart Burns developed the KSAs that Paul Carroll used to rank the candidate.

Response:    Defendant made a reasonable inquiry and the information available or readily obtainable by the party at this time is insufficient to admit or deny this RFA.  However, Mr. Paul Carroll, the ranking official, testified that he does not know who developed the KSAs.  Carroll Depo. at 69:19-21.

22.    Please admit that in ranking the candidates, Paul Carroll was not ranking them against one another.

Response:    Admit.

23.    Please admit that in ranking the candidates, Paul Carroll used only the KSAs developed by Stuart Burns.

Response:    Deny.  Mr. Carroll ranked the candidates based on their responses to the KSAs, application forms, and performance evaluations.  Defendant also incorporates by reference

4

its response to RFA No. 21.

24.    Please admit that Paul Carroll is not a subject matter expert in the field of Safety.

Response:    Admit.

25.    Please admit that Annette Burrell's application for the position in Request No. 1 was not complete by the May 19, 2003 deadline.

Response:    Defendant made a reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this RFA. Ms. Burrell testified that she does not recall whether she submitted the entire application package on May, 13, 2003.  Burell Depo. 79:18-80:14.

26.    Please admit that Annette Burrell has no college degree.

Response:    Admit.

27.    Please admit that the only tool used in the selection process was the interview.

Response:    Deny.  The candidates' respective  application forms, responses to the KSAs, performance evaluations, and (for the four best qualified candidates) responses during the panel interview were considered in the selection for the position in Request No. 1.

28.    Please admit that the candidates for the position in Request No. 1 were not notified that the interview would be used as a selection tool.

Response:    Admit.

29.    Please admit that the selection in this case was made subjectively.

Response:    Admit.

30.    Please admit that Mike Huston, an interview panel member, was not given the candidates' application package before or during the interview of July 2003.

5

Response:    Deny.

31.    Please admit that job announcement for the position in Request No. 1 reflects points in each of the categories therein.

Response:    Deny. The "job announcement" did not "reflect[] points in each of the categories therein."

32.    Please admit that in making the selection for the position in Request No. 1, the points on the job announcements were ignored or not used.

Response:    Deny. The "job announcement" did not "reflect[] points in each of the categories therein."

33.    Please admit that at no point were the candidates for the position in Request No. 1 informed that the points on the job description would not be used.

Response:    Deny. The "job announcement" did not "reflect[] points in each of the categories therein."

34.    Please admit that the interview held for the position in Request No. 1 was dispensable.

Response:    Admit. A selection can be made from a list of best qualified candidates without an interview; however, because the interview panelists and the selecting official did not know all of the candidates well and, therefore, an interview for the position in Request No. 1 was necessary.

35.    Please admit that the interview panel for the position in Request No. 1 did not all have equal say in the selection process.

Response:    Deny. The candidates' respective application forms, responses to the KSAs, performance evaluations, and (for the four best qualified candidates) responses during the

panel interview were considered in the selection for the position in Request No. 1. The interview panelists had equal say during the panel interview of the four best qualified candidates.

36.    Please admit that Annette Burrell did not submit a complete application package for the position in Request No. 1, by May 19, 2003 deadline.

      Response:    This is a duplicative of RFA No. 25. Defendant made a reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this RFA. Ms. Burrell testified that she does not recall whether she submitted the entire application package on May, 13, 2003. Burell Depo. 79:18-80:14.

37.    Please submit that Camille Caraway left the Agency prior to the completion of her detail about year 2004

      Response:    Admit.

Dated: October 30, 3006.

                                /s/ Jeffrey A. Taylor
                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                United States Attorney

                                /s/ Rudolph Contreras
                                RUDOLPH CONTRERAS, D.C. BAR #434122
                                Assistant United States Attorney

                                /s/ John C. Truong
                                JOHN C. TRUONG, D.C. BAR #465901
                                Assistant United States Attorney
                                555 Fourth Street, N.W.
                                Washington, D.C. 20530
                                (202) 307-0406

                                Attorneys for Defendant

7

## CERTIFICATE OF SERVICE

I, John C. Truong, hereby certify that, on October 30, 2006, I caused to be served the

foregoing Defendant's Responses to Plaintiff's First and Second Request for Admissions via

facsimile and First Class mail, with postage prepaid, to Plaintiff's counsel:

Anne J.A. Gbenjo
The Gbenjo Law Group
8449 West Bellfort, Suite 100
Houston, Texas 77071
Facsimile: 713-771-4784

_____
John C. Truong