**EXHIBIT 50**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY HAMILTON, )
         Plaintiff, )
          ) Civil Action No.: 05-1549 (RBW)
    v. )
          )
JOHN SNOW, )
         Defendant. )
_____ )

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, by and through counsel, responds to defendant's Interrogatories and Request for Production of Documents and states:

### OBJECTIONS

Plaintiff objects to every request of the defendant: 1. to the extent that they seek information in the possession, control and custody or dominion of the defendant; 2. To the extent that they seek information or documents unrelated, unconnected, or irrelevant to the allegation in the Complaint or are not reasonably calculated to lead to discoverable; 3. To the extent that they seek disclosure of information or documents subject to Attorney-Client privilege or attorney work product; 4. To the extent that they seek to impose upon Plaintiff obligations or burdens which are greater than, or inconsistent with, Rule 33 of the *Federal* Rules of Civil Procedure.

Plaintiff objects generally to defendant's First Set of Interrogatories on the grounds that they are overly broad, vague and burdensome. Plaintiff has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of lefendant's Interrogatories.



The following responses and objections are based upon information now known. Plaintiff has not yet completed discovery and therefore will supplement these responses and objections to the extent required by the Rules of Civil Procedure. The words or language used in these responses are not necessarily the language of the Plaintiff as may be that of his agent or counsel. The documents produced are subject to the Protective Order in this case.

Without waiving these objections and by way of response, Plaintiff provides the following responses.

## INTERROGATORIES

1. State whether you believe that Mr. Paul Carroll discriminated against you based on your race and gender when he reviewed your application and ranked you for the position of Safety and Health Manager, Vacancy Announcement Number 15-02-OFM03703, and specifically state each and every reason in support of your belief.

Response: Plaintiff incorporates all of his objections above in this response. Plaintiff further objects to this Interrogatory as compound as it conflates two (2) discrete interrogatories. Without waiving his objections, Plaintiff states: Yes. Mr. Carroll simply yielded to Mr. Burns' outright desire to select Ms. Burrell, a white female, as a result of his discriminatory motive. As such, due to his relationship with the people involved, Mr. Burns reeled his influence as the Agency's Headquarters, Chief of Safety to engineer the outcome of this selection process. His influence extended to the entire process in terms of recruitment, ranking, rating and final selection. It is for this reason that Mr. Carroll gave the selected applicant, Ms. Burrell, the same score as the Plaintiff on the ranking sheet. It is also for this reason that entire selection process is flawed. Thereby, under these circumstances Mr. Carroll's role in the ranking process was not insulated from the discriminatory animus of Mr. Burns.

2. State whether you believe that Mr. Mike Huston discriminated against you because of your race and gender when he interviewed you for the position of Safety and Health Manager, Vacancy

RPD # 2. This allegation is based on defendant's representation to Plaintiff and Plaintiff has no personal knowledge of same. Thus, all documents relating to this matter would be in defendant's possession or have been partially submitted by defendant to Plaintiff in discovery. See Defendant's Responses pages 1-2579.

RPD # 3.   See response to RPD # 2.  Plaintiff will produce his own copies of these documents as soon as he locates them.

RPD # 4.   See response to request 3.

RPD # 5.   See response to request 4.

RPD # 6.   See response to request 5.

RPD # 7.   See response to request 6.

RPD # 8.   See response to request 7.

RPD # 9.   See Attached. Also Plaintiff incurred travel expenses, co-pay on his doctors visits and prescription drugs of about $875.00 (eight hundred and seventy-five dollars). In conjunction with that, he lost the difference between his salary and the salary for the detail he was not considered for and the position he was denied; Also, Plaintiff has incurred attorney fees in excess of $75,000.00 (seventy-five thousand dollars) to date.

Respectfully submitted,

**THE GBENJO LAW GROUP**

/s/
Anne J.A. Gbenjo, 447840
8449 West Bellfort Suite 100
Houston, Texas 77071
Phone: 713-771-4775
Fax: 713-771-4784

/s/
Joann P. Myles
Law Offices of Joann Myles
1300 Mercantile Lane Suite 100
Largo, Maryland 20774
301-773-9652
301-925-4070
Counsel for Plaintiff

DATED: May 30, 2006.

3