IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

EXHIBIT 37

| | |
|---|---|
| Gary Hamilton,<br><br>        Plaintiff,<br>v.<br><br>John Snow,<br><br>        Defendant | Case No.: 05-CV-01549 (RWB) |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant John Snow, Secretary, U.S. Department of the Treasury, in his official capacity, hereby responds to Plaintiff's First Set of Interrogatories and First Request for Production of Documents ("Discovery Request") as follows:

### General Objections

1.    The Defendant objects to the instructions and definitions to the extent that they seek to impose burdens beyond those set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure. The Defendant's responses will be governed by the provisions of Rules 26 and 33.

2.    The Defendant objects to each and every Discovery Request to the extent that they are vague, ambiguous, overly broad, unduly burdensome and/or do not specify the information sought with sufficient particularity.

3.    The Defendant objects to each and every Discovery Request to the extent that they seek information or documents irrelevant or unrelated to the claims asserted in this action, and are not reasonably calculated to lead to the discovery of admissible evidence.

difference of treatment may be attributable to discrimination.'"); <u>Child-Pierce v. Utility Workers Union of America</u>, 383 F. Supp.2d 60, 70 (D.D.C. 2005) (requiring a showing that the relevant aspects of the employment situation are nearly identical); <u>Nurriddin v. Goldin</u>, 382 F. Supp.2d 79, 97 (D.D.C. 2005) (noting that "to be similarly situated, plaintiff must establish that his employment was similar in all relevant regards to those with whom he seeks comparison.").

For purposes of the two discrete alleged discriminatory acts in this case, comparable employees would consist of other Grade 12 Industrial Hygienists, regardless of race or gender, who were presented for Stuart Burns' consideration in filling the positions in question. There were no similarly-situated employees with respect to the position of Safety and Health Manager, GS-0018-14. The other employees presented to Mr. Burns for consideration were Annette Burrell (female), a Management and Program Analyst, Grade 13; Camille Carraway (female), an Occupational Safety and Health Manager, Grade 13; and Michael H. Perkins (male), Chief, Safety/ Security Section, grade 13. With respect to the detail to which Camille Carraway was appointed in January 2004, there were no Industrial Hygienists of any grade who either applied for the position or were considered by Mr. Burns.

**Interrogatory No. 10.** From the year 1999 up until the present date, list the names, race and sex of all individuals who have been detailed or promoted to any position within the REFM-AWSS branch of the defendant, stating the positions and grade levels the individuals were prior to the detail or the promotions; the positions and grade levels that they were promoted or detailed to and the beginning and ending dates of the detail or promotion.

**Response to No. 10:** Defendant objects to this Interrogatory as overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Plaintiff does not represent a class of similarly-situated employees, does not allege a "pattern and practice"

discrimination, and he does not allege that he suffered discrimination with respect to any detail or promotion other than the two positions at issue in this case. Furthermore, Plaintiff does not allege that he suffered discrimination in the years 1999, 2000, 2001, 2002, 2005 or 2006. Plaintiff only alleges that he was discriminated against by Stuart Mr. Burns on two discrete occasions with respect to two different positions.

Defendant further objects to this Interrogatory as unduly burdensome as it seeks voluminous information that has no probative value to establish that Mr. Burns' failure to select Plaintiff for two positions in July 2003 and January 2004, respectively, was because of his race and/or gender. The unduly burden in providing the information sought in this Interrogatory outweighs its evidentiary value. Defendant further objects to this Interrogatory as unduly burdensome as it seeks information dating back seven years.

Subject to and without waiving the foregoing objections, Defendant states that Annette Burrell, a Caucasian female, was selected to the position of Safety and Health Manager, Grade 14 on August 11, 2003, and Camille Carraway, a Caucasian female, was appointed to the detail at issue in January of 2004.

**Interrogatory No. 11.** With respect to all employees in the Defendant's REFM unit of the Agency Wide Shared Services division, please provide their names, race, sex, dates of hire, job titles/positions, dates of promotion into those positions and if the employee is no longer in their employ, state the reasons for their removal or separation from employment - beginning from 1998 to the present date.

**Response to No. 11:** Defendant objects to this Interrogatory as overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory as unduly burdensome because it seeks information on "all employees"

14

## CERTIFICATE OF SERVICE

I, John C. Truong, hereby certify that, on May 8, 2006, I caused to be served the foregoing Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents via e-mail in pdf format and First Class mail, with postage prepaid, to Plaintiff's counsel:

Anne J.A. Gbenjo, 447840
The Gbenjo Law Group
8449 West Bellfort Suite 100
Houston, Texas 77071
E-mail: yourlawgroup@yahoo.com

/s/
John C. Truong

26