

1 of 1 DOCUMENT

IRM

08/01/2002

6.335.1 Merit Promotion Plan

### 6.335.1.1 Overview of IRM 6.335.1 (08-01-2002)

(1) The guidance contained in this document represents the Merit Promotion Plan of the Internal Revenue Service (IRS). The basis for this Plan is to apply all applicable laws, regulations and policies that determine the manner in which vacancies will be recruited and filled within the IRS. Application of the provisions of this Plan must be supported by all other legal/regulatory/contractual references such as the Code of Federal Regulations (CFR), National Agreement between the Internal Revenue Service and the National Treasury Employees Union (Master Agreement), the IRS Restructuring and Reform Act of 1998 (RRA98), and the Restructuring Agreement.

### 6.335.1.2 Purpose (08-01-2002)

(1) The purpose of the Plan is to ensure that promotions and other actions (whether competitive or noncompetitive) that affect placement of employees in positions within the IRS are made on a merit basis by means of systematic and equitable procedures. Additionally, the Plan is to ensure that all employees are provided with the opportunity to develop their capabilities to the fullest.

(2) All actions-whether identification, qualification, evaluation, or selection of candidates-will be made on a fair and equitable basis, without discrimination for any non-merit reason such as race, color, religion, age, gender, national origin, political affiliation, disability, sexual orientation, marital or family status, personal favoritism, membership or non-membership in an employee organization or activity, or the holding of office in an employee organization, and shall be based solely upon job related evaluation procedures. The basis for these merit promotion principles is derived from the Civil Service Reform Act (CSRA) *(5 USC 2301)*.

(3) The Service provides reasonable accommodations to applicants with disabilities. Employees requiring reasonable accommodation for any part of the Merit Promotion Plan must notify their servicing personnel office. Decisions on granting reasonable accommodation will be made on a case-by-case basis.

### 6.335.1.3 Scope and Authority (08-01-2002)

(1) This Plan applies to all positions within the IRS.



(2) The authority for this Plan is derived from Title 5 of the U.S. Code and 5 CFR, which requires agencies to establish and administer a promotion program designed to insure a systemic means of selection for promotion based on merit. The Plan is also consistent with 5 CFR 430, Performance Management; the Civil Service Reform Act; and the Uniform Guidelines on Employee Selection procedures. The Department of Treasury has delegated to bureau heads the authority to

1 of 1 DOCUMENT

IRM

06/01/2002

6.250.1 Policies, Requirements, Responsibilities, and Strategies

**6.250.1.1 Overview (06-01-2002)**

(1) The purpose of this Internal Revenue Manual (IRM) is to establish general principles, concepts, and policies that govern human resources management (HRM) activities and practices within the Internal Revenue Service (IRS). These requirements constitute the framework for managing employees in an efficient and effective manner while ensuring adherence to Federal Human Resources (HR) laws, rules, and regulations.

(2) HRM involves all of the activities that relate to attracting, developing, sustaining, managing, and retaining a high-quality and diverse workforce. Strategic HRM is the creative, mission-oriented, results-driven approach to HRM. It provides IRS managers with the HR tools necessary to properly plan, develop, organize, and accomplish core programs and operations. This requires:

a. Significantly heightened sensitivity on the part of the HR function to the mission and goals of the Service;

b. Knowledge to identify HRM issues, problems, and opportunities potentially affecting the accomplishment of the Service[apos ]s mission or goals; and

c. Willingness to reconfigure HR policies, procedures, and programs again and again as circumstances require.

(3) A fundamental concept of HRM within the IRS is to provide high-quality, cost-effective policies, programs, and services that demonstrate positive contributions to achieving the mission of the agency. In the IRS, the primary responsibility for managing human resources is placed on the Service[apos ]s managers who have accountability for overall mission performance.

(4) The effectiveness of human resources management will be judged on two bases: legal/regulatory compliance and mission-related outcome and results. This balanced approach requires IRS managers to comply with legal and regulatory requirements while maximizing the mission effectiveness of their HR decisions and practices.

**6.250.1.2 General Standards and Requirements for HRM (06-01-2002)**

(1) HRM policies, procedures, and practices within the IRS will be consistent with and support the Merit System Principles outlined in 5 U.S.C. 2301(b). In upholding these Merit System Principles, Service managers will avoid or prevent the occurrence of any of the Prohibited Personnel Practices identified in 5 U.S.C. 2302(b).

(2) IRS supervisors and managers will not discriminate when carrying out HRM

HAM
1707

policies, procedures, and practices because of race, sex, martial status, age, color, religion, national origin, sexual orientation, lawful political affiliation, labor organization membership, or handicapping condition.

(3) IRS employees will be placed in jobs for which they are qualified, and will be given equal opportunities for advancement. Selection to fill positions shall be made impartially on the basis of merit and fitness.

(4) IRS employees' work performance will be evaluated fairly and objectively on a scheduled basis, and the results of such evaluations will be discussed with employees. Training and development required to improve present job performance and meet future skill needs will be provided.

(5) IRS employees have the right, without interference, coercion, restraint, or reprisal, to join or refrain from joining any lawful labor organization or employee association. When employees are represented by a recognized labor organization, management officials and supervisors will endeavor to build a relationship with the organization based upon mutual respect and trust.

(6) IRS employees with a grievance or complaint will be accorded a fair and prompt discussion with their immediate supervisor; and, failing prompt and satisfactory adjustment, have the right to pursue the matter under an applicable grievance or complaint system. When employees present a grievance or complaint, supervisors and managers will assure that employees are free from interference, restraint, or reprisal, and that they understand that they may be accompanied and assisted by a representative.

(7) IRS supervisors and managers will treat employees with full regard for their dignity as individuals, and will encourage them to express themselves concerning improvement of work methods and working conditions. Employees and their recognized labor organizations will be informed in advance, insofar as possible, of plans and policies affecting them and their employment.

(8) IRS employees have the right to discuss their problems with their supervisor, HR office specialist, equal employment opportunity officer or counselor, labor organization representative, a person designated to provide guidance, or a supervisory or management official of higher grade or organizational level than the immediate supervisor (provided such higher-level official agrees to consult with the employee).

(9) IRS supervisors will represent management in the administration of HR policy and labor-management agreements. They will provide progressive and constructive leadership, and ensure that all employees understand what is expected of them, to whom they are responsible, and the expected work relationships with fellow workers.

(10) HRM authorities will be delegated to the lowest practical level based upon local circumstances. The decentralization of HRM authorities supports the Service[apos ]s concept that these authorities are key elements of the overall responsibility of individual IRS supervisors and managers, and directly relate to their ability to achieve timely, effective, and efficient mission results.

**6.250.1.3 Issuing and Revising HRM Policies, Procedures, and Programs (06-01-2002)**

HAM 1708

individual performance.

(8) Employees should be--

a. protected against arbitrary action, personal favoritism, or coercion for partisan political purposes, and

b. prohibited from using their official authority or influence for the purpose of interfering with or affecting the result of an election or a nomination for election.

(9) Employees should be protected against reprisal for the lawful disclosure of information which the employees reasonably believe evidences--

a. a violation of any law, rule, or regulation, or

b. mismanagement, a gross waste of funds, an abuse of authority or a substantial and specific danger to public health or safety.

**Exhibit 6.273.1-6 Prohibited Personnel Practices (06-01-2002)**

As stated in Section 2302 (b) of Title 5, United Sates Code:

(b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority--

   (1) discriminate for or against any employee or applicant for employment--

      (a) on the basis of race, color, religion, sex, or national origin, as prohibited under section 717 of the Civil Rights Act of 1964 *(42 USC 2000e-16)*;

      (b) on the basis of age, as prohibited under sections 12 and 15 of the Age Discrimination in Employment Act of 1967 *(29 USC 631, 633a)*;

      (c) on the basis of sex, as prohibited under section 6(d) of the Fair Labor Standards Act of 1938 *(29 USC 206(d))*;

      (d) on the basis of handicapping condition, as prohibited under section 501 of the Rehabilitation Act of 1973 (29 USC 791); or

      (e) on the basis of marital status or political affiliation, as prohibited under any law, rule, or regulation;

   (2) solicit or consider any recommendation or statement, oral or written, with respect to any individual who requests or is under consideration for any personnel action except as provided under section 3303(f);

   (3) coerce the political activity of any person (including the

HAM
1729

each is proportionate to its relative importance in the performance of the job. If numeric scoring is used, cut-off scores for highly qualified should be established in advance.

(3) A crediting plan should be developed for each criterion identified through the job analysis/job profiling (unless the criteria and plan were developed nationally). Scores for each criterion should be given equal weight unless a determination is made during the job analysis that weighting of specific criterion is necessary.

(4) A complete record of all pertinent information used in the development of criteria, the actual information obtained, and the conclusions supported by this information must be maintained either in the promotion folder or a notation must appear in the promotion folder that would indicate where such information is maintained.

### 6.335.1.12.10 Evaluation Methods (08-01-2002)

(1) Evaluation methods are the sources of information considered by a ranking official or panel, according to pre-established criteria for a specific vacancy, to determine highly qualifed and best qualified candidates. The selecting official in conjunction with the Personnel Office must examine the evaluation criteria, determine the appropriate methods to be used to secure needed information and include them on the vacancy announcement. If appropriate methods are not available, new methods may need to be developed, or consideration given to combining pertinent available methods in a manner that furnishes the best combination of necessary information to evaluate the candidates against the criteria. The major consideration in selecting and using any evaluation method is its effectiveness in measuring the degree to which a candidate possesses the KSAOs to perform the vacancy in a highly successful manner. Methods used must also be documented on the form used to refer best-qualified candidates for selection.

(2) The following are evaluation methods that are required by regulation:

a. Performance Appraisals must be current and must have been shared with the employee. Refer to IRM 6.430 and the master labor agreement for guidance on time limits of performance appraisals for merit promotion. If a rating has not been assigned to a specific factor because the supervisor was unable to observe demonstrated performance in that factor, an average rating (to nearest whole number) calculated from the scores of the other factors will be used in assigning a total score, if necessary. Only those appraisal factors that are relevant to the position to be filled should be considered. If relevant promotion information is not included in the annual appraisal, a special potential appraisal, or other appropriate appraisal that contains information relevant to the vacancy should be requested.

b. Incentive Awards: Due weight must be given in the promotion process to all relevant awards received by a candidate that demonstrates ingenuity, industry, skill, resourcefulness or any other ability that may have an impact on the qualifications for the position to be filled. Non-Federally sponsored awards that are restricted on the basis of age or sex may not be considered in the merit process.

HAM
1782

b. Filling a position by time-limited promotion when it becomes known the promotion will exceed 120 days;

c. Reassignment or demotion to a position with increased promotion potential above the highest grade held by the employee on a permanent basis or as required by Reduction in Force procedures;

d. Detail of more than 120 days to a higher graded position or to a position with higher promotion potential. Competitive promotion procedures must be used if the detailed employee will have spent more than 120 days (prior service on details to higher graded positions and noncompetitive time-limited promotions included) in a higher graded position or positions within increased promotion potential during the preceding 12 months;

e. Detail of a non-SES employee to an SES position for more than 240 days unless the employee is eligible for a non-competitive career SES appointment;

f. Transfer (unless based upon selection from OPM Register) to a higher graded position or to one with increased promotion potential beyond the highest grade previously held on a permanent basis;

g. Reinstatement (unless based upon selection from OPM register) to a higher graded position or to one with increased promotion potential beyond the highest grade previously held on a permanent basis;

h. Selections for training required primarily to prepare an employee for advancement, and required for promotion (e.g. when eligibility for promotion depends on whether the employee has completed training); and

i. Conversion of a term appointee to a permanent appointment, to a position in the same line of work if the employee received a term appointment under competitive procedures.

**6.335.1.7 Plan Exceptions (08-01-2002)**

(1) The following actions must be made as exceptions to the competitive procedures of this Plan:

a. An action taken as a remedy for failure to receive proper consideration in a competitive promotion action (priority consideration);

b. A promotion resulting from the upgrading of a position without significant changes in duties and responsibilities due to the issuance of a new classification standard or the correction of a classification error. In such cases, the incumbent must be promoted with the upgrading of the position unless a decision is made to remove the incumbent from the position for reasons of performance or conduct;

c. A position change required by reduction-in-force regulations which is technically termed a promotion because the agency gives an employee the benefit of a slightly higher pay rate or because the minimum rate of the new position exceeded the rate received in the old position;

d. A re-promotion, reassignment, developmental or training action required

HAM
2040