THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

```
******************************   *
GARY HAMILTON,                   *
Plaintiff                        *
                                 *
v.                               *      CASE NO.: 05-cv-1549 (RBW)
                                 *
JOHN SNOW,                       *
Defendant                        *
***********************************
```

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

Plaintiff by and through counsel supplements his Memorandum as follows:

### (A). PLAINTIFF'S RACE AND GENDER CLAIM ON THE PERMANENT SAFETY MANAGER POSITION

Also noteworthy is the fact that during the one year period preceding her selection for the Safety and Occupational Health Manager ("Safety Manager") position in this case, Burrell's job duties as a Management Analyst *(Exh. 56),* was to "reengineer and revamp the safety program". When she was asked how she performed those job duties, she stated that she and some others "brought in representatives from the business units to develop processes and procedures." However, Burrell could not enunciate the input that these representative from business units provided. ***Exh. 4 @ 32; 34 -37:7-13.*** This is strong and clear indication that Burrell herself cannot "reengineer and revamp the safety program" because of her lack of expertise in the Safety field to do so. The selection of Burrell for the Safety Manager position thus creates an enigma. The dearth of documentation in the instant selection, makes reconstruction of the action by a reviewer impracticable - a clear violation of the MPP ***Exh. 43(a)***

Additionally, though the Safety Manager position that Burrell occupied around 1992 *(**Exh. 4 @ 28: 16-22**),* has the same title as the position in controversy, that was a level 12 (***Exh. 40 @ 4***) and not the same level as the position in controversy which is a GS-14. Thus, at the time Burrell was placed in the position in controversy, she did not possess the requisite "specialized experience" to be classified at the GS-018-14 level *(**Exh. 4 @ 134: 1-15**)* as required by the OPM and 5 CFR part 300 referenced in

Defendant's IRM. ***Exh. 43(a)*** On the other hand, since Plaintiff was a GS-13 for over 10 years while he worked for the Navy and Secretary of Defense in the Safety field **(*Exh. 39 @ 12-14*),** he satisfies that requirement for a GS-14 position.

### (C).  PLAINTIFF'S RETALIATION CLAIM

In the alternative, the Defendant's placement of a **white female** on detail in January 2004 constitutes another act of discrimination against Plaintiff based on his race and gender.  Such conduct again deprived Plaintiff of the opportunity for advancement, which culminated in a tangible employment action.  Moreover, the fact that the Defendant asked the particular **white female** detailee (Camille Carraway) what it could do to keep her in the position (***Exh. 7 @ 10:21 -11:1-4*)** clearly demonstrates the Defendant's intent - its way of carrying out its usual pattern, practice and precedent of preferentially detailing **white females** to higher positions. As already stated, a detail is in essence,  a subterfuge for a permanent position.   This depicts how others like Plaintiff are routinely overlooked for advancement. If nothing at all, it shows defendant's intentional discrimination towards Plaintiff.

Based on the reasons previously stated, the Defendant's purported legitimate reason is not worthy of credence. Carraway's testimony that she was given the impression that the detail would be permanent as the detail progressed (***Exh.7 @ 11:5-12*)** also demonstrates that Defendant did not wish that any other person be considered for the permanent position.  As it is, Defendant has not proffered any legitimate reason for wanting Carraway to be permanent in the position. It has only proffered reason(s) for the detail of January 2004. Record evidence however shows the defendant's intention with respect to that detail.  Additionally, the circumstances surrounding this case is such as would lead a reasonable person to conclude that Defendant has no legitimate reason for promising permanency in the detail of January 2004 to Carraway, other than to discriminatorily deprive Plaintiff of the position.

Respectfully submitted,

**THE GBENJO LAW GROUP**

/s/
Anne J.A. Gbenjo, Bar #: 447840,
8449 West Bellfort Avenue Suite 100
Houston, Texas 77071
Phone: 713-771-4775 ; Fax: 713-771-4784
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT, on this 22nd day of October 2007, I sent via first class and E-filing a copy of the foregoing Supplemental Opposition to Defendant's motion to all parties as follows: John C. Truong, Esquire, AUSA 555 4th Street N.W. Washington, D.C. 20001

/s/
Anne Gbenjo