**U**NITED **S**TATES **D**ISTRICT
**C**OURT **F**OR THE **D**ISTRICT OF **C**OLUMBIA

_____
                                    )
**Gary Hamilton**,                  )
                                    )
    Plaintiff,   )   Case No.: 05-CV-01549 (RBW)
  v.                       )
                                    )
**Henry M. Paulson, Jr.**,          )
                                    )
    Defendant    )
_____)

**DEFENDANT'S RESPONSES TO PLAINTIFF'S STATEMENT OF GENUINE ISSUE OF MATERIAL FACTS TO BE LITIGATED**

Pursuant to Local Rules 7(h) and 56.1, Defendant hereby responds to Plaintiff's Statement of Genuine Issue of Material Facts To Be Litigated ("SOF"):

**Plaintiff's SOF 1-12, 15-16, 20, 22, 24-25, 31, 33, 46, 50-51**: Defendant does not dispute Plaintiff's SOF Nos. 1-12, 15-16, 20, 22, 24-25, 31, 33, 46, 50-51.

**Plaintiff SOF No. 13**: Plaintiff claims that the interview process was dispensable. See SOF No. 13. This assertion is not material to his underlying claims here because it does not "affect the outcome of the case under governing law." Nails v. England, 311 F. Supp.2d 116, 121 (D.D.C. 2004). Specifically, as allowed under the Selection Certificate (Pl. Ex. 23), Defendant chose to interview all four best qualified candidates for the job. See Gov. Exh. 6

**Plaintiff SOF No. 14**. Defendant does not dispute that the four applicants were interviewed by Stuart Burns (Caucasian male); Mike Huston (Caucasian male) and Tatika Mitchell (who

1

testified that she is a mixture of Hispanic, African-American and French).  But, Plaintiff's assertion that "Mike Huston did not receive the candidates application packages" is not supported by the affidavit that Plaintiff cited.  See SOF No. 14 (citing Huston's declaration).  In fact, Mr. Huston's declaration states that he "did not see the interview questions until [he] arrived on the day of the interview".  See Huston Decl. at p. 2 (Pl. Ex. 11).  The declaration does not mention "the candidates application packages." Id.

**Plaintiff SOF No. 16**.  Plaintiff misrepresents the record in asserting that "Defendant produced all the interview notes for all the applicants except Plaintiff."  See SOF No. 16.  Plaintiff's cited record clearly shows that Defendant produced the panelists' interview notes of Plaintiff's interview (see Pl. Ex. 25, 29, 32), except for the second page of Mr. Huston's interview notes. See Pl. Ex. 25.

**Plaintiff SOF No. 17**.   The cited the Internal Revenue Manual ("IRM") does not support Plaintiff's assertions that "[the IRM] requires that interview Panel consists of at least three voting members and a representative of personnel office to also participate as a non-voting member to ensure that control and panel actions meet validity and job relatedness requirements." SOF No. 17 (citing Pl. Exh. 43. (IRM)).  In fact, Plaintiff misrepresents the record here because the IRM, cited by Plaintiff in his Exhibit 43, does not specify the number of persons on the interview panel; does not require an HR person to be on the interview panel; and it does not speak to "voting" and "non-voting" panel members.  See Pl. Ex. 43 (the IRM).

**Plaintiff SOF No. 18**.  Based on the false premise that the Selecting Official must invite a personnel representative to the interview, Plaintiff asserts that the Selecting Official "did not invite any personnel representative to participate."  As discussed in Plaintiff SOF No. 17 above, the IRM does not require an HR person or a personnel representative to be at the interview.  Defendant does not dispute that the Selecting Official invited two other panelists to conduct the interview for this position.

**Plaintiff SOF No. 19**.  This statement is not material because Plaintiff was one of three candidates that received the highest ranking score and was one the four best qualified candidates.  See Gov. Exh. 2

**Plaintiff SOF No. 21**.  Defendant does not dispute that the vacancy announcement specified that May 19, 2003, was the application deadline.  See Gov. Exh. 1.  Plaintiff's cited record does not support the assertion that Ms. Annette Burrell, the selectee, "did not submit a complete application until June 5, 2003 - after the closing of the vacancy announcement in this case."  See SOF No. 21.  Plaintiff's cited record merely shows that Ms. Valerie Brown (Staff Consultant in San Francisco)  "faxed" Ms. Burrell's "Bargaining Unit Performance Appraisal and Recognition Election" to Ms. Fannie Braswell on June 5, 2003.  See Pl. Ex. 40 (at p. HAM2360) (lower right hand corner).  The "June 5, 2003" dates has nothing to do with the date of Ms. Burrell's application.

**Plaintiff SOF No. 23**.  The Selecting Official's testimony that he did not select Plaintiff for the

3

position because Plaintiff's interview did go "very well" (see Pl. Exh. 2 (Burn Depo. at 115:5-7; 122: 16-19)) is not inconsistent with the Selecting Official's interrogatory responses where he indicated that Plaintiff "was ineffective in his oral communication during the interview." See Pl. Exh.53 p. 2 (Question No. 4). Plaintiff misrepresents the accuracy of the record in making a contrary assertion.

**Plaintiff SOF Nos. 26-30**: Plaintiff's SOF Nos. 26-30 take issue with the ranking process. However, Plaintiff's SOF Nos. 26-30 are immaterial because they do not "affect the outcome of the case under governing law." Nails v. England, 311 F. Supp.2d 116, 121 (D.D.C. 2004). Specifically, neither Plaintiff's administrative complaint (Gov. Exh. 19) nor his federal court Complaint (Dkt. No. 1) alleged that Defendant discriminated against him during the ranking process. In fact, Plaintiff was one of three candidates that received the highest score of 25 and he was one of the four best qualified candidates. See Gov. Exh. 2.

**Plaintiff SOF No. 32**. Defendant does not dispute that the Selecting Official had previously selected white females for certain details; however, Plaintiff's cited record also indicates that the Selecting Official selected Plaintiff (African-American male) for a detail. See Pl. Exh. 10 (Question No. 8).

**Plaintiff SOF No. 34**. This SOF is immaterial because Plaintiff fails to cite to any evidence in the record to show that the Selecting Official was responsible for all of the promotions and selections specified in Plaintiff's SOF No. 34.

**Plaintiff SOF No. 35**. This SOF is immaterial because Plaintiff fails to cite to any evidence in the record to show that the Selecting Official was responsible for Ms. Burrell's selection to a detail in December 2002 or for her to remain on the detail. In fact, contrary to Plaintiff's SOF, Ms. Burrell received a detail in August 2002. Burrell Depo. at 37:14-18 (Gov. Reply Exh. 1). Mr. Burns did not even begin to work for the IRS (the agency at issue here) until April 2003, approximately 8 months after Ms. Burrell started her detail. Burns Depo. at 74:1-5 (Gov. Reply Exh. 2).

**SOF No. 36 and 38:** These two SOFs deal with Ms. Burrell's 2002 detail, which is not an allegation in this case and, therefore, these two SOF are not material here.

**Plaintiff SOF No. 37**: Plaintiff merely recites the selectee's deposition here. The deposition transcript of Ms. Burrell speaks for itself.

**Plaintiff SOF No. 39**. This SOF is not material because the SOF merely claims that Plaintiff "asked the Selecting Official why he did not get the position but was given no answer." See SOF No. 39.

**Plaintiff SOF Nos. 40-45, 47-48**. These SOFs deal with Plaintiff's detail to the Revision of the Safety Inspection Program and these SOFs are not material here as they do not pertain to Plaintiff's underlying claims. See Complaint (Dkt. No. 1).

5

**Plaintiff SOF No. 46**. Not disputed.

**Plaintiff SOF No. 49**.  This SOF claims that Plaintiff inquired of the Selecting Official in December 2003 about a vacancy.  Plaintiff's own affidavit is self-serving and conclusory.  For instance, Plaintiff's own affidavit fails to specify how he approached the Selecting Official about the vacancy and the type of job available.  Plaintiff then states that "this was just a similar position as was announced previously but on which Annette Burrell was selected."  See Pl. SOF 49 (citing Pl Ex. 9 a ¶ 37).  This is a misrepresentation of Plaintiff's own affidavit.  Paragraph 37 of Plaintiff's own affidavit states, "He did exactly the same thing prior to his selection of Annette Burrell for the Safety Manager position."  See Pl. Ex. 9 at Para. 37.  This statement says nothing about the vacancy in December 2003 "was just a similar position announced previously."

**Plaintiff SOF No. 50**.  Whether the Selecting Official promised Ms. Camille Carraway a permanent position is immaterial because she left the agency shortly after her selection for the detail.  See Carraway Depo. at 7:16-9:3 (Gov. Reply Exh. 7).

**Plaintiff SOF No. 51**.  Not disputed.

**Plaintiff SOF No. 52**.  Plaintiff cited to his own self-serving affidavit explaining his failure to file a retaliation claim.  See SOF No. 52.  The undisputed fact remains that he did not file his retaliation claim until January 2005, eleven months after the alleged retaliatory conduct (i.e., the

selection of Ms. Carraway for the detail in January 2004). Compares Gov. Exh. 14 and 15 with Gov. Exh. 17-18.

**Plaintiff SOF No. 53**. This SOF is not material as it pertains to Ms. Carraway's decision not to file a claim for her non-selection to the vacancy at issue here.

**Plaintiff SOF No. 54**. This SOF contains several statements, but none of which is supported by the record. For instance, Plaintiff attempts to create an inconsistency between the Selecting Official's affidavit and his deposition. The record proves otherwise. The Selecting Official states that Plaintiff's "responses were consistently difficult to follow and provided extraneous and irrelevant information, and in some cases did not answer the question at all." Pl. Exh. 10 at p. 2 (Question No. 3). This is consistent with his testimony that Plaintiff answered all of the questions. See Pl. Ex. 2 (Burns Depo. at 128: 10-16). In fact, the Selecting Official testified that Plaintiff's interview did not go well. See Pl. Ex. 2 (Burns Depo. at 115:5-116-:6).

It is immaterial and irrelevant that Ms. Mitchell did not recall the content of her interview notes at her deposition on August 3, 2006, approximately 18 months after her declaration. See Pl. Ex. 5 (Mitchell Depo.) with Pl. Ex. 12 (Mitchell Declaration).

Likewise, Mr. Huston's testimony that his general impression that the two female candidates performed better than the two male candidates does not constitute a "comment on any particular applicant's interview performance" and therefore, his testimony does not contradict his declaration. Compare Pl. Ex. 11 (Huston's declaration) with Pl. Ex. 6 (Huston Depo. at 68:7-18).

**Plaintiff SOF No. 55**.  Not disputed.

**Plaintiff SOF No. 56**. This SOF is not material as it does not contradict Ms. Mitchell's declaration and deposition testimony that Plaintiff did not perform well at his interview. See Gov. Exh. 7 (Mitchell Decl. at p. 2); Gov. Exh. 10 (Mitchell Depo. at 81:2-5, 83:16-17).

**Plaintiff SOF No. 57**.  The cited record does not support Plaintiff's assertion that "[t]he panelists agree that Plaintiff is more qualified than Burrell, the selected candidate save for the interview."  Specifically, the three cited declarations do not say that "Plaintiff is more qualified than Burrell."

**Plaintiff SOF No. 58**. This SOF is immaterial here as the panelists conferred with each other prior to making a recommendation.  Burns Depo. at 122 (Gov. Exh. 12); Mitchell Depo. at 86 (Gov. Exh. 10).

**Plaintiff SOF No. 59**: Not disputed.

**Plaintiff SOF No. 60**.  This SOF is immaterial as it discusses Mr. Perkins's testimony that an applicant's application package should not be ignored when making a selection.  Mr. Perkins is one of the applicants for the job.  Plaintiff fails to present any evidence that his own application package was ignored for this selection.

8

**Plaintiff SOF No. 61**.  This SOF states that "Plaintiff and some other Safety Officers observed Ms. Burrell and the Selecting Official together in summer of 2005. During that period, Plaintiff charged the Selecting Official with first detailing Burrell to a GS-14 position and then making her permanent in it."  Pl. SOF No. 61. This SOF is immaterial because the alleged event took place two years after Ms. Burrell's selection in July 2003.  See Pl. Ex. 17 (Promotion Certificate).

**Plaintiff SOF Nos. 62-64**: These SOFs merely state Plaintiff's interest in a GS-14 position and other employees also did not get GS-14 position; however, these SOF are immaterial as they do not pertain to this case or to the Selection Official.  Nails v. England, 311 F. Supp.2d 116, 121 (D.D.C. 2004).

**Plaintiff SOF No. 65**. Not disputed.

**Plaintiff SOF No. 66-67**.  These two SOFs discuss Plaintiff's alleged injury after the non-selection.  These facts are not relevant to whether the Defendant discriminated or retaliated against him for his non-selections.

Dated: November 13, 2007.　　　　　　　Respectfully Submitted,


　　　/s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


　　　/s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

　　　/s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant