THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

```
*******************************  *
GARY HAMILTON,                   *
Plaintiff                        *
                                 *
v.                               *      CASE NO.: 05-cv-1549 (RBW)
                                 *
JOHN SNOW,                       *
Defendant                        *
**********************************
```

### PLAINTIFF'S MOTION TO STRIKE § II (C)(2) AND II(D)(3) OF DEFENDANT'S REPLY BRIEF[1]

Plaintiff, by and through counsel moves this Honorable Court to strike Section II(C)(2) and Section II(D)(3) of Defendant's Reply brief from the record because these sections, more than several other sections of the Defendant's Reply brief distort record evidence and (re)couched the facts in such a way as to lead a casual observer or reader to reach an anomalous conclusion, this Court should strike it from the record. Plaintiff relies upon and refers this Honorable Court to the discussion below in support of this motion.

### Argument

In his Opposition to Defendant's Motion for Summary Judgment ("Opposition"), Plaintiff demonstrates how the selection process for the permanent position in this case is replete with innumerable irregularities. Amidst the irregularities Plaintiff exposed is the fact that the selected candidate did not submit a complete application package until several weeks after the deadline in which to submit the application package had passed. Plaintiff supports his Opposition with the deposition testimony of the selected candidate, wherein the selected candidate testified that she had no explanation for submitting her performance appraisal (dated May 22, 2003) on June 5, 2003. ***Pla. Exh. 4 @ 80: 5-18.***

---

[1]While pre-informing defense counsel about this motion might not have been necessary, during a telephone conversation of November 20, 2007, dealing mainly about matters relating to a different case, defense counsel informed the undersigned counsel that he would oppose this motion.

(See Plaintiff's Opposition @ 18).

In Section II(D)(3) of its Reply brief, however, Defendant introduces the Union Agreement (Def's repl. Exh. 4) and argues that, under that Agreement, Ms. Burrell, the selected candidate has ten days to supplement her application. More egregiously, defendant, incorrectly and erroneously argues that "Ms. Burrell supplemented her application with her performance evaluation on May 22, 2003," and that "The June 5, 2003 dates (sic) has nothing to do with the date of Ms. Burrell's application. (See Def's Repl @ 16-17). Not only is this argument fundamentally flawed, it is terribly mendacious.

First of all, the permanent position announced in this case is a non-bargaining position. ***See Pla. Exh. 22*** It therefore remains a mystery why a Union Agreement will play any role in a non-bargaining position. Assuming arguendo that Burrell is a union member and the Union Agreement plays a role, in no way does Section 4(A)(4)(a) help the Defendant. If under the Union Agreement Burrell has ten days to supplement her application, her supplemental documentation would have been due on May 23, 2003. Burrell, by her own testimony and admission has no explanation for supplementing her application package on June 5, 2007, which was twenty-three (23) days later. ***Pla. Exh. 4 @ 80:8-14.***

Specifically, Burrell testified that she has **no** explanation for why her performance appraisal was turned in on June 5, 2003. ***Pla. Exh. 4 @ 80: 8-14.*** She did not say she turned the performance appraisal in late because she was a union member who had ten (10) days to supplement her application package. She plainly had **no** explanation**.** Prior to testifying that she had no explanation for submitting a tardy application package during her deposition, Burrell was shown her application package. Burrell testified that she submitted her application on May 13, 2003. ***Pla. Exh. 4 @ 79: 14-16.*** That May 13, 2003 date, is the fax-date-stamp or fax impression at the top left corner of each page of the application portion of the package. The June 5, 2003 date is the fax-date-stamp at the top of each page of the performance appraisal. There is absolutely nothing in the record (nor can defendant point to anything in the record) to show that Burrell submitted her supplemental documents on May 22, 2003, the date the document was

signed.

Significantly, the Union Agreement on which Defendant relies, i.e., Article 13, Section 4(A)(4)(a) (hereinafter "Section (4) (a)") reads:

> When an employee's application is found to be lacking information within the employee's control (**such as a signature**), the employer will notify the employee and give him or her five (5) workdays to submit the missing information. For information beyond the employee's control (**such as a college transcript**), the employee will have a reasonable period of time up to ten (10) workdays, to submit the information. In the event that the missing information is not received within the time period(s) specified above, the application will be returned to the employee and the employee will not (sic) considered as an applicant for the vacancy. Emphasis added (See Def's Reply Exh. 4 @ p.2).

Even more significantly, the next Section of the Union Agreement, i.e. Article 13, Section 4(A)(4)(b) (hereinafter "Section (4)(b)") reads:

> If the Employer has failed to issue a timely and current **performance appraisal, the employee may submit his or her self assessment**, in accordance with Article 12, provided that such self assessment proposes a summary rating no higher than the employee's current rating of record. Emphasis added. Id.

Section (4)(a) is specific on the documents deemed within or beyond the employee's control. It gives examples of such documents - a signature (deemed within) and college transcript (deemed beyond) an employee's control. Burrell submitted neither a signature nor a college transcript both of which fall under under Section (4)(a). Rather, she submitted a tardy performance appraisal, which falls exclusively under Section (4)(b). If performance appraisal was included or could be included under Section (4)(a), that section would have so specified. Not only does Section (4)(b) make clear that performance appraisal was not within the contemplation of Section (4)(a), it also shows that Burrell has no reason, excuse or justification for submitting an untimely complete application package as she could have submitted a self assessment in compliance with Section (4)(b). Evidently, Section (4)(a) makes abundantly clear the

concept that performance appraisal is not a document considered to be "beyond the employee's control" under Section (4)(a). Subsequently, Section (4)(a) does not help the defendant. Particularly noteworthy is the fact that Defendant fails to address the applicability (or inapplicability) of Section (4)(b).

In any event, these set of facts are clear and forever remain immutable: (1) Burrell did not submit a complete application package on May 19, 2003, the deadline to submit application. (2). When she had the opportunity to explain the reason for the untimeliness, she had **"NO"** explanation.

Interestingly however, Defendant now turns around, and devices a gap-filling mechanism utilized to create an improper explanation for what Burrell, the witness has no explanation for. Essentially, the Defendant wants this court to abandon or disregard the testimony of the witness and accept that of defense counsel who never swore himself in, nor testified under oath, nor identified himself as a witness in the case. If such proposal were acceptable, then any advocate can turn around after his/her client's unsuitable or negative testimony and change the ordinary or face value interpretation of the Client's testimony to suit their purpose. In fact, if that were the norm in our jurisprudence, every lawyer will be free to sway every Judge to accept the attorney's representation rather than the witnesses' own testimony in every case. As it is, Defendant's proposal is incongruous, inconsistent and contradictory to the law. This Honorable Court should reject it, reject it outright and strike it from the record.

Likewise, utilizing reversed psychology in Section II(C)(2) of its Reply, Defendant distorts the facts by mischaracterizing the contents of Plaintiff's affidavit and his Opposition to Defendant's Motion for Summary Judgment ("Opposition"), and claims that Plaintiff's affidavit contradicts his previous testimony at deposition. In his affidavit, Plaintiff addresses how white females are routinely <u>detailed</u> to higher positions and would often become <u>permanent</u> in those positions - ***Pla. Exh. 9 ¶ 44***; and how he has expressed his interest in <u>permanent positions</u> to all the authorities in his Division. ***Id.¶ 49***. Likewise, in both his affidavit and Opposition, Plaintiff states that around December of 2003, he inquired about a Safety Manager position from the Selecting Official but that he was ignored; that rather than announce

the position, the Selecting Official clandestinely couched it as a detail and gave the detail to a white female in January 2004. See ***Pla's Opposition @ 6, 29 & 37.*** Nowhere in his affidavit or Opposition did Plaintiff say he inquired about a detail. However in its Reply to Plaintiff's Opposition, Defendant erroneously and wrongfully claims that Plaintiff contradicted his previous testimony by stating in his affidavit that he "inquired about the **detail** from the Selecting Official" (See Def's Reply @ 10). In attempting to support that claim, Defendant points to Plaintiff's deposition testimony of August of 2006 where Plaintiff testified that he did not recall inquiring about a detail. At Plaintiff's August 2006 deposition, defense counsel's questions to Plaintiff on this issue dealt only with <u>details</u>, to which Plaintiff responded that he did not recall expressing interest in a detail[2]. At any rate, Defendant twists Plaintiff's inquiry about a (permanent) position which the Defendant never announced into inquiry about a detail. As is clear, Defendant employs this strange manipulations of the facts apparently with the sole purpose and intent of bamboozling, confusing and abracadabradizing the facts of the case such that a casual reader, unless exercising some degree of circumspection, would swallow the riddle. Such extreme manipulations should not stand. As a result, this Honorable Court should strike this distortion of facts from the record.

WHEREFORE, Plaintiff prays that this Honorable Court Strike § II (C)(2) AND § II(D)(3) of Defendant's Reply Brief II from the record. In the alternative, this Honorable Court should grant Plaintiff leave to file a Sur-reply to fully address these and several other distortions of facts in Defendant's Reply to Plaintiff's Opposition.[3]

---

[2] In fact during his January 2005 deposition, which was eighteen (18) months prior to this particular deposition of August of 2006, Plaintiff testified that the selecting official never returned his calls on his inquiries about details ***See Pla's exh.55*** - which would still make his testimony consistent regardless of the construction given.

[3] Amidst the numerous examples are the Defendant's claim that Plaintiff did not exhaust his administrative remedies on the Burrell detail (Pla. Exh.58 reflects proof to the contrary) and Defendant's claim about the IRM pages (already part of the record - Dkt Nos. 24 & 28).

Respectfully submitted,

**THE GBENJO LAW GROUP**

_____/s/_____
Anne J.A. Gbenjo, Bar #: 447840,
8449 West Bellfort Avenue  Suite 100
Houston, Texas 77071
Phone: 713-771-4775 ;
Fax: 713-771-4784
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT, on this 23rd day of November 2007, I sent via first class and E-filing a copy of the foregoing Motion to Strike to all parties as follows: John C. Truong, Esquire, AUSA 555 4th Street N.W. Washington, D.C. 20001

_____/s/_____
Anne Gbenjo

IN THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

*******************************
GARY HAMILTON,                    *
Plaintiff                         *
                                  *
v.                                *       CASE NO.: 05-cv-1549 (RWB)
                                  *
JOHN SNOW,                        *
Defendant                         *
*******************************

## ORDER

Upon consideration of Plaintiff's Motion to Strike § II (C)(2) and § II(d)(3) of Defendant's Reply Brief, good cause having been shown, it is on this _____ day of _____ 2007, by the United States District Court of the District of Columbia, hereby,

ORDERED that, the Motion is GRANTED.

Sections II (C)(2) and II(d)(3) of Defendant's Reply Brief are stricken from the record

OR

ORDERED that, Plaintiff is allowed to file his Sur-reply to Defendant's Reply no later than _____

_____
JUDGE WALTON

COPIES TO:

ANNE GBENJO, ESQUIRE

JOHN TRUONG, ESQUIRE