UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Gary Hamilton**, | ) ) ) | |
| Plaintiff, | ) | Case No.: 05-CV-01549 (RBW) |
| v. | ) ) | |
| **Henry M. Paulson, Jr.**, | ) ) | |
| Defendant | ) ) | |

**DEFENDANT'S OPPOSITION IN PART TO
PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 57)**

**I.     Introduction.**

Upon review of Plaintiff's Motion to Strike Sections II (C)(2) and II(D)(3) of Defendant's Reply (Dkt. No. 57) and further investigation, Defendant agrees that the union agreement discussed in Section II (D)(3) of Defendant's Reply does not apply here. Accordingly, Defendant withdraws that argument. Defendant, however, opposes Plaintiff's Motion to Strike.

As shown below, Plaintiff fails to articulate a procedural basis for her Motion to Strike the remainder of Defendant's Reply because Fed. R. Civ. P. 12(f) does not apply to briefs and legal memoranda. Moreover, Plaintiff's Motion is merely a sur-reply, which requires leave of Court for him to file. For these reasons and those elaborated below, the Court should deny Plaintiff's Motion to Strike.

1

**II.     Argument.**

    **A.     Plaintiff Does Not Have A Procedural Basis to Move to Strike Defendant's Reply.**

As an initial matter, Plaintiff has not articulated a legal standard for the Court to use in evaluating Plaintiff's Motion.  Indeed, the only conceivable legal standard for a motion asking for similar relief is embodied in Fed. R. Civ. P. 12(f) – Motion to Strike.

    Fed. R. Civ. P. 12(f), however, does not apply here because Defendant's Reply is not one of the types of submission that can be stricken under Rule 12(f).  "A motion to strike is a vehicle to strike a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer."  Naegele v. Albers, 355 F. Supp. 2d 129, 142 (D.D.C. 2005).  Motions to strike cannot be used to strike a summary judgment motion or a reply thereto because motions and replies are not "pleadings" as defined in Fed. R. Civ. P. 7(a).  Id. (citing cases which note that Rule 12(f) motions only apply to pleadings and not to motions).  Indeed, "[o]nly material included in a 'pleading' may be the subject of a motion to strike and courts have been unwilling to construe the term broadly.  Motions, briefs or memoranda, objections, or affidavits may be not be attacked by the motion to strike."  2 *Moore's Federal Practice*, §12.37[2] (Matthew Bender 3d ed.).  Moreover, "[m]otions to strike are a drastic remedy, which courts generally disfavor."  Naegle, 355 F. Supp. 2d at 142.  Under this legal standard, Plaintiff's current Motion is improper and the Court should summarily deny it.

**B.      Plaintiff's Motion to Strike Lacks Merit**.

**i.      Plaintiff's Argument Surrounding the Selectee's Alleged Late Application Is A Red Herring.**

Although Defendant agrees that the union agreement referenced in Section II (D)(3) of Defendant's Reply does not apply, Plaintiff's argument relating to the tardiness of Ms. Annette Burrell's (selectee) application is a red-herring.[1]  This argument is a smoke screen designed to distract the Court from the undisputed fact that Defendant did not select him for the position because he did not perform well in his interview.

Citing Ms. Burrell's deposition, Plaintiff argues that Ms. Burrell testified that she had "no explanation for supplementing her application package on June 5, 2003."  Mot. to Strike at 2.  This is a misleading argument.  An examination of Ms. Burrell's application package (Pl. Exh. 40 at HAM 2360) shows that the June 5, 2003 date was the day when Ms. Valerie Brown, a Staff Consultant in Oakland, California,[2] sent Ms. Burrell's application via facsimile to Ms. Fannie Braswell, a Staff Assistant in Washington, D.C.  Ms. Burrell was not involved in the sending of the facsimile on June 5, 2003, whatsoever.

The fallacy of Plaintiff's assertion rests on his faulty questioning of Ms. Burrell at her deposition.  Specifically, pointing to the June 5, 2003 facsimile transmittal form, Plaintiff's counsel asked Ms. Burrell for an explanation why her application was "turned in" on that date.  See Burrell Depo. at 80:8-15 (Pl. Exh. 4).  Because Ms. Burrell played no role in the June 5,

---

[1]     Except for the reference to the union agreement, Defendant opposes Plaintiff's Motion to Strike the remainder of Section II(D)(3) of Defendant's Reply.

[2]     See Pl. Exh. 23.  Plaintiff's Exhibit 23 (the Selection Certificate) identifies Ms. Valerie Brown as a "Staff Consultant."  The Exhibit also identifies Ms. Brown's work phone number, with a "510" area code, in Oakland, California.

2003 facsimile she admitted that she had no explanation for the June 5, 2003 facsimile.  <u>See</u> Burrell Depo. at 80:8-15 (Pl. Exh. 4).  As far as Ms. Burrell knew, she turned in her application on time.

     In this case, the job announcement vacancy required that all candidates submit their applications to the "Oakland Personnel Office" by May 19, 2003.  Gov. MSJ Exh. 1.  Ms. Burrell submitted her application on May 13, 2003, and supplemented her application with a performance appraisal dated May 23, 2003.  <u>See</u> Pl. Exh. 40.  Ms. Fannie Braswell, a Staff Assistant for the Real Estate Facilities Management (REFM) acted as a liaison between the Washington, D.C., office and the personnel office in Oakland, California, in collecting the applications.  <u>See</u> Carrol Depo. at 24-25 (Gov. Opp to Strike Exh. A).  In this case, after collecting the application packages, Ms. Braswell gave Mr. Paul Carroll (the ranking official) the packages to be ranked.  <u>Id</u>.  Furthermore, Ms. Braswell also gave Mr. Stuart Burns (one of the panelists and the selecting official) the names of the best qualified candidates (including Plaintiff) for him to interview.  <u>See</u> Burns Depo. at 89:7-90:22 (Gov. Opp. to Strike Exh.  B).  New to the office, Mr. Burns testified that he did not know the process used by Ms. Braswell to come up with those names.  <u>See</u> Burns Depo. at 89:7-16 (Gov. Opp. to Strike Exh.  B).  There is no evidence in the record showing that the two panelists (Ms. Mitchell and Mr. Huston) had any involvement in collecting and processing the applications.

     Because the ranking official (Mr. Paul Carroll), the interview panelists (Tatika Mitchell, Michael Huston, and Stuart Burns), and the selecting official (Mr. Burns) did not play any role in the processing of the applications, whether Ms. Burrell submitted her application late is

irrelevant because the alleged tardiness did not prejudice Plaintiff in any way up to this point.[3] Indeed, Plaintiff was one of three candidates that received 25 points, the highest score in the ranking process. See Gov. MSJ. Exh. 2. As a result, he and three other best qualified candidates were interviewed for the position. Due to his poor performance during the interview, Plaintiff did not get the job. See Def. Mot. at 7-11. Both Plaintiff's lengthy Opposition and his Motion to Strike fail to point to any evidence in the record to refute his inadequate interview performance.

Assuming *arguendo* that Ms. Burrell should have been disqualified because she supplemented her application on May 23, 2003, Plaintiff would not have received the position anyway because the diverse interview panel believed that the other female candidate (Ms. Camille Carraway) performed better than Plaintiff during the interview process. For example, Ms. Mitchell (one of the panelists) testified that the panel thought that, based on their respective interviews, Ms. Burrell and Ms. Carraway could do the job. See Mitchell Depo. at 83:4-85:12 (Gov. Opp to Strike Exh.C). Ms. Mitchell also explained that the two candidates (i.e., Burrell and Carraway) that the panel recommended for the job had "stronger interviews." See Mitchell Decl. at p. 2 (Gov. MSJ. Exh. 7).[4] Similarly, Mr. Huston (another interview panelist) also testified that the two female candidates did better in the interview. See Huston Depo. at 68:12-18 (Gov. MSJ. Exh. 11). Under these facts, even if Ms. Burrell was disqualified, the undisputed

---

[3] Furthermore, Plaintiff has not produced any evidence showing that Ms. Braswell or Ms. Brown (the two individuals responsible for collecting the applications) somehow discriminated against him because of his race or gender due to his non-selection for the position at issue.

[4] Three candidates (Burrell, Carraway and Plaintiff) were interviewed in person, and the fourth candidate was interviewed by telephone conference.

evidence shows that Ms. Carraway – not Plaintiff – would have received the job because she performed better at the interview. Accordingly, the Court should grant summary judgment in Defendant's favor on this issue.

### ii. Plaintiff Did Not Apply For Ms. Carraway's Detail.

Plaintiff's Motion seeks to strike Section II(C)(2) of Defendant's Reply arguing that Defendant mischaracterized his self-serving affidavit (Pl. Exh. 9), which was submitted in response to Defendant's Motion for Summary Judgment. Plaintiff now argues that he informed certain individuals within the office of his interest in permanent positions. Mot. to Strike 4-5 (citing Pl. Exh. 9 at ¶ 49). Plaintiff further clarifies that "[n]owhere in his affidavit or Opposition did Plaintiff say he inquired about a detail." Id. at 5.[5] Taking Plaintiff's clarification at face value, this argument undermines Plaintiff's retaliation claim.

Plaintiff alleges that Mr. Burns retaliated against him when Mr. Burns selected Ms. Carmille Carraway for a detail to a GS-14 position. See Complaint at ¶18, 26-28, Def. MSJ Mot. at 12. As explained in Defendant's Motion, except for Ms. Carraway, Mr. Burns did not even consider anyone else for the detail. Def. Mot. at MSJ Mot. at 18. Indeed, Plaintiff's clarification (his non-interest in a detail) further supports Mr. Burns' affidavit attesting that he (Burns) did not recall Plaintiff's expression of interest in Ms. Carraway's detail. See Gov. MSJ Exh. 13 (Burns Second Decl. at p. 4). It logically follows that Mr. Burns could not have retaliated against Plaintiff for giving the detail to Ms. Carraway when Mr. Burns did not even

---

[5] Plaintiff apparently undermines this assertion by pointing to his own deposition testimony at the administrative level (Pl. Ex. 55), which suggested that he inquired about details with Mr. Burns (selecting official). Mot. to Strike at 5 n.2. In any event, reading Plaintiff's deposition in full context, Plaintiff was only asking about a detail that Ms. Burrell received in August 2002, not the detail given to Ms. Carraway in January 2004. Id.

know that Plaintiff was interested in that same detail.  See Def. MSJ. Mot. at 17-18 (explaining the legitimate, non-retaliatory reasons for giving the detail to Ms. Carraway).

Under these facts, Plaintiff fails to demonstrate a prima facie case of retaliation because he did not even apply for the detail.  Indeed, Plaintiff's failure to inform Mr. Burns of his interest in the detail is analogous to an employee who sued for discrimination because of his non-selection even though the employee did not even apply for the position.  Under established law, the employee could not establish a prima facie case of discrimination because the employee did not apply for the position.  See Jackson v. Gonzales, – F.3d –, 2007 WL 2275215, * 2 (D.C. Cir. Aug. 10. 2007) (stating that to establish a prima facie case of discrimination, a plaintiff must apply for and was not selected for the position).  Under these circumstances, the Court should grant summary judgment on Plaintiff's retaliation claim in Defendant's favor.

### iii.     Plaintiff's Untimely Claim Regarding the August 2002 Detail.

Citing his own affidavit (Pl. Exh. 58) at the EEO level, Plaintiff suggests that he exhausted administrative remedies as to his non-selection for Ms. Burrell's detail in August 2002.  See Mot. to Strike at 5 n.3.  As a preliminary matter, nowhere in that EEO affidavit did Plaintiff allege that Defendant discriminated against him when Ms. Burrell was given a detail in August 2002.  See Pl. Ex. 58 (Plaintiff's August 2004 affidavit).

In any event, Plaintiff's EEO affidavit only reaffirms Defendant's assertion that Plaintiff failed to timely exhaust administrative remedies for the August 2002 detail.  See Def. Reply at 3-5 (arguing that Plaintiff failed to file a timely administrative claim for the August 2002 detail).  Specifically, Plaintiff's EEO affidavit was dated on August 4, 2004, approximately two years after Ms. Burrell was given a detail in August 2002.  To the extent that Plaintiff is now claiming

that his August 2004 affidavit is an administrative claim for the August 2002 detail, that administrative claim was two years out of time.  See Adams v. Mineta, 2006 WL 367895, *3 (D.D.C. Feb. 16, 2006) (Walton, J.) (holding that "[t]he result of the holding in Morgan was to prohibit the plaintiff from pursuing claims of discrete incidents of discrimination unless he had first filed a complaint with an EEO counselor within the proscribed period") (emphasis added); see also Def. Reply at 4-5 (discussing that, to be timely, Plaintiff must have had filed his claim within 45 days of the alleged discrimination).  Accordingly, under the law, the Court should reject Plaintiff's attempt to raise this untimely claim for the first time in federal court.

**III.    Conclusion.**

For the foregoing reasons, the Court should deny Plaintiff's Motion to Strike Defendant's Reply.

Dated: December 7, 2007.                    Respectfully Submitted,


  /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

  /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

**UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **Gary Hamilton**, | ) ) ) | |
| Plaintiff, | ) | Case No.: 05-CV-01549 (RBW) |
| v. | ) ) | |
| **Henry M. Paulson, Jr.**, | ) ) | |
| Defendant | ) ) | |

**ORDER**

Upon consideration of Plaintiff's Motion to Strike (Dkt. No. 57), Defendant's Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED that Plaintiff's Motion to Strike be and is hereby DENIED.

SO ORDERED.

_____
U.S. District Judge