THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

******************************* *
GARY HAMILTON, *
Plaintiff *
*
v. * CASE NO.: 05-cv-1549 (RBW)
*
JOHN SNOW, *
Defendant *
**********************************

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

______Plaintiff, by and through counsel, files his Reply to the Defendant's Opposition to Plaintiff's Motion to Strike and states as follows:

Defendant's change of heart to the effect that it now withdraws its argument on the applicability of the Union Agreement to the selected applicant's tardy application can only lead a reasonable person to wonder how many more faulty and erroneous arguments lie within the Defendant's Reply to Plaintiff's Opposition to Defendant's Motion For Summary Judgment. More importantly, it leaves one to wonder how many more of those faulty and erroneous arguments of the defendant's warrant exclusion from the record.

It is particularly interesting to note that after arguing on the one hand in its Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment that, as a Union Member Burrell, the selected applicant had ten days to supplement her application for the Safety Manager position and that she did so within the ten day period (See Reply at 17), the Defendant now argues on the other hand that "As far as Ms. Burrell knew, she turned in her application on time," (See Def's Opp. at 4) - in the face of Burrell's testimony that she "don't recall" that she did. Pla.

Exh. 4 @ 79:18-20. The contradictions, incongruities and inconsistencies in the Defendant's arguments perpetuates.

More importantly, though Defendant alludes to Plaintiff's "faulty questioning" of Burrell at deposition and twists the question's face value meaning in an attempt to convey a different message to this Honorable Court, Defendant fails to support its argument with affidavit from these people who allegedly played the role Defendant claims they played. Other than defense counsel's representation, there is no evidence in the record that Burrell has nothing to do with the June 5 date. Valerie Brown is alive and well and within the defendant's dominion, control and jurisdiction. So is Fannie Braswell. Is there a reason they did not submit affidavits? Defendant must explain and has failed to do so. Not only is the Defendant's Opposition barren of affidavits from Valerie Brown and Fannie Braswell, it is also lacking an affidavit from Burrell, who is similarly within the Defendant's jurisdiction dominion and control. Once again, no matter how hard Defendant attempts to twist, distort or change the facts of this case, the immutable fact remains that Burrell's application package did not meet the deadline and as such should never have been considered - particularly in light of the cogent fact that the only explanation that the Defendant has for the untimeliness of the Burrell's package has been withdrawn and defenestrated.

Plaintiff prognosticated and anticipated that once the Defendant's fishy selection process has been exposed, Defendant would point the finger at someone else as being responsible for consideration of Burrell's tardy application (See Pla's. Opposition at 18). The prognostication has now come to fruition. Undoubtedly, Defendant's concession that someone other than the people involved in the selection process in this case is responsible for consideration of Burrell's

tardy package is nothing short of Defendant's admission that its selection process as a whole is "fishy." With this "fishy" selection process, reconstruction of the process by a reviewer becomes a mission impossible - a clear violation of the Defendant's own MPP ***Exh. 43(a).*** To contend otherwise would be tantamount to saying that the defendant can perform any discriminatory act with impunity so long as Plaintiff is unable to point to the particular person responsible. That would contravene the fundamental notion of fairness and substantial justice. Additionally, it would endorse, encourage and validate what Title VII is intended to prevent. It is no wonder Plaintiff takes issue with the system as a whole.

In its alternate argument, defendant engages in the "shoulda, woulda, coulda" rhythm and contends that Plaintiff would not have gotten the position anyway as the panel supposedly preferred another female over the Plaintiff. Defendant's approach was exactly what the D.C. Circuit rejected in ***Salazar* v. *WMATA,*** 401 F.3d 504, 508-09 (D.C. Cir. 2005). Particularly fascinating, is the fact that the ***Salazar*** plaintiff did not come second or third to the selected candidate in ranking. He came fourth. Yet the D.C. Circuit conducted a thorough analysis of how one could not speculate on what should have happened since the whole process was "fishy". Essentially, the D.C. Circuit vehemently rejected the "shoulda, woulda, coulda" approach, which the instant defendant invites this Honorable Court to employ. That approach is particularly absurd where, as here, one of the panelists analyzed the candidates responses as they related to another position (which should automatically nullify her vote); and where one of the panelists' interview notes on the Plaintiff suddenly disappeared (it was this particular panelist who testified that Plaintiff did exactly what he expected of all the applicants). Since Plaintiff has clearly demonstrated the flaws, irregularities and incongruities in the selection process, it should matter little what the

defendant's purported outcome of the selection was or would have been as is glaringly unreliable.

**Plaintiff Was Stripped of the Opportunity to Apply for a Detail**

Contrary to defendant's assertion, Plaintiff did not undermine his retaliation claim. Rather, Plaintiff argues that "positions are never announced" and that a detail is a subterfuge for a permanent position. Defendant fails to state why anyone interested in a higher position would continuously inquire about a "detail" rather than a permanent position. It clearly would be more than strange for anyone interested in a higher permanent position to focus on inquiries about a detail, particularly where as here, Plaintiff's calls and inquires in the past on details were ignored. As is customary and typical, the permanent position that Plaintiff inquired about in December 2003, was again not announced but later clandestinely couched as a detail and given to Carraway, a white female.

Once again, contrary to Defendant's assertion, Plaintiff's explanation does not undermine his retaliation claim but simply debunks Defendant's continuous effort to distort the facts and record in this case. Specifically, defendant erroneously argues that Plaintiff contradicted his previous testimony by stating in his affidavit or opposition that he inquired about a "detail." In truth, Plaintiff only testified and argued that he inquired about permanent positions. In fact, his testimony that he expressed interest in a permanent and higher positions is corroborated by Camille Caraway's testimony (see Pla. ***Exh. 7 @ 41:3-8*** ). As usual, Defendant engages in semantics topology and again erroneously argues that "Plaintiff now argues that he informed certain individuals within the office of his interest in permanent positions." See def's. oppos. at 6. To be sure, Plaintiff stated in his Motion to Strike that the crafty insertion of the word "detail" on page 10 of Defendant's Reply, as it relates to Plaintiff's inquiries on positions, was another attempt

by the defendant to hoodwink this Honorable Court as Plaintiff did not use that word in his Opposition to Defendant's Motion for Summary Judgment or affidavit. In attempting to show that Plaintiff contradicted himself, Defendant craftily inserted the word "detail" to what Plaintiff stated in his affidavit. Thus, contrary to Defendant's assertion, Plaintiff inquired about the position given to Carraway. However, upon his inquiry, the title to the position changed to "detail."

Nonetheless, Defendant can neither demonstrate nor show how Plaintiff could have applied for a position that was never announced. A Plaintiff will be penalized for failure to apply only was the opportunity to apply exists and the plaintiff fails to avail himself of that opportunity. There was no such opportunity in this case. As already stated, the permanent position was couched as a detail once Plaintiff inquired about it and given to Carraway a white female. Thus, the argument that Plaintiff did not apply for Carraway's detail is nothing but absurdity in its highest height.

More importantly, Plaintiff's reference to his deposition testimony at the administrative level is again to show the errors in Defendant's arguments and to expose the fallacy in contending that Plaintiff had never inquired about details. Therefore, contrary to Defendant's assertion, in no way does Plaintiff undermine his own argument. Defendant's repeated attempts to twist Plaintiff's arguments can only be described as ludicrous.

**Plaintiff Complained About Burrell's Detail**

Plaintiff has already addressed this issue. He exhausted his administrative remedies on the Burrell detail. Similarly, Defendant conducted discovery on it. However, Defendant however fails to address it in its Motion for Summary Judgment.

Conclusion

Wherefore, for the foregoing reasons, Plaintiff prays that his Motion to Strike be granted

and the Motion for summary judgment denied.

Respectfully submitted,

**THE GBENJO LAW GROUP**

/s/

Anne J.A. Gbenjo, Bar #: 447840,
8449 West Bellfort Avenue Suite 100
Houston, Texas 77071
Phone: 713-771-4775 ; Fax: 713-771-4784
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on this 20th day of December 2007, I sent via first class and E-filing a copy of the foregoing Reply to all parties as follows: John C. Truong, Esquire, 555 4th Street N.W. Washington, D.C. 20001

/s/
Anne Gbenjo