**UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ──────────────────── | ) | |
| **Gary Hamilton**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 05-CV-01549 (RBW) |
| v. | ) | |
| | ) | |
| **Henry M. Paulson, Jr.,** | ) | |
| | ) | |
| Defendant | ) | |
| ──────────────────── ) | | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

**I.      Introduction.**

Undeterred by the Court's 43-page Memorandum Opinion granting summary judgment in Defendant's favor, Plaintiff currently asks that the Court reconsider its dismissal of Plaintiff's non-selection claim.  See Plaintiff's Motion for Reconsideration ("Recon. Mot.") (Dkt. No. 66).  Plaintiff's Reconsideration Motion offers nothing new but merely regurgitates his opposition to Defendant's motion for summary judgment.

As elaborated further below, a motion for reconsideration is not a vehicle for the losing party to re-argue failed arguments.  Plaintiff's Motion advances the same arguments that the Court previously considered and rejected.  Without more, the Court should reject Plaintiff's Motion for Reconsideration on the same bases as the Court rejected his opposition to Defendant's motion for summary judgment.

**II.    Background.**

The factual background of this case has been thoroughly described in the Court's April 3, 2008 Memorandum Opinion. See Hamilton v. Snow, - - F. Supp.2d - -, 2008 WL 87926 (D.D.C. Apr. 3, 2008). Defendant will only provide a summary of the essential facts necessary for the Court's consideration of Plaintiff's current Motion.

Twelve candidates applied for a GS-14 Safety and Occupational Health Manager position. Hamilton, 2008 WL 87926 at *1. Mr. Paul Carroll, the ranking official, ranked all candidates for the position based on the candidates' responses to the "knowledge, skill and abilities" (KSA) questionnaires. Id. Plaintiff, Ms. Annette Burrell (selectee), and a white female received the highest score of 25. Another white male received a score of 19. As a result, these four applicants were ranked as the best qualified candidates. Id.

The four best qualified candidates were interviewed by a diverse panel, which included one African- American female and two white males. Hamilton, 2008 WL 87926 at *1. After the interview process, the interview panel recommended Ms. Burrell (a white female) for the position. Mr. Stuart Burns, one of the interview panelists and also the selecting official, chose Ms. Burrell for the position. Plaintiff subsequently filed a claim of discrimination based on his race and gender, and retaliation for his prior EEO activity.

On April 3, 2008, the Court granted summary judgment in Defendant's favor on all claims, including Plaintiff's non-selection claim. See Hamilton v. Snow, - - F. Supp.2d - -, 2008 WL 87926 (D.D.C. Apr. 3, 2008).[1] In the Memorandum Opinion, the Court noted that Plaintiff

---

[1]    Plaintiff's Complaint also alleged retaliation when he was not selected for a temporary detail to a GS-14 position in January 2004. The Court also granted summary judgment on this claim. Plaintiff's Motion for Reconsideration does not seek reconsideration of

raised a new Title VII claim in his Opposition (i.e., discriminatory non-selection for a detail in 2002) and concluded that, under <u>Wiley v. Glassman</u>, 511 F.3d 151 (D.C. 2007), the Court must give Plaintiff an opportunity to amend his Complaint to allege this claim. <u>Id</u>. at * 21 n.21.  The Court specified that "it will grant the plaintiff leave to file an amended complaint only with respect to his non-selection claim arising from Burrell's GS-14 detail in 2002.  The Court will dismiss *sua sponte* any allegations or claims in an amended complaint outside those parameters. . ." <u>Id</u>.   The Court, however, did not set a deadline for Plaintiff to amend his Complaint.

Rather than amend his Complaint as instructed, Plaintiff filed this Motion seeking reconsideration of the Court's dismissal of his non-selection to a GS-14 Safety and Occupational Health Manager position.

## III.    Argument

Plaintiff's Motion for Reconsideration fails to specify the appropriate federal rule under which he seeks reconsideration.  It is arguable that because the April 3, 2008 Memorandum Opinion is a final judgment on his non-selection claim and, therefore, Rule 59(e) is the proper vehicle to seek reconsideration.

On the other hand, Rule 59 applies only to judgments or orders that are immediately appealable. Fed. R. Civ. P. 59(e).  Accordingly, Plaintiff's Motion may not be governed by Rule 59(e), but by Rule 54(b), which permits the Court to reconsider interlocutory decisions.  <u>Moore v. Hartman</u>, 332 F. Supp. 2d 252, 256 (D.D.C. 2004) (denying motion for reconsideration).

As shown below, under either Rule 54 or Rule 59, Plaintiff's Motion merely reargues

---

this claim.

facts and law previously presented in his opposition to Defendant's motion for summary judgment. These are the same arguments rejected by the Court in its April 3, 2008 Memorandum Opinion and the Court should also reject them here.

A. **Standard of Review.**

1. **Plaintiff Fails to Demonstrate that He Meets Rule 54 Standard.**

It can be argued that the Court's April 3, 2008 Memorandum Opinion is an interlocutory order because it did not dispose of all claims (i.e., the Court only granted Defendant's summary judgment in part), then Rule 54 may apply to Plaintiff's Motion for Reconsideration. See Fed. R. Civ. P. 54; Moore , 332 F. Supp. 2d at 256. Reconsideration under Rule 54(b) is available "as justice requires," which "indicates concrete considerations of whether the court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the court." Judicial Watch v. Dep't of Army, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (internal quotations omitted). This standard gives the Court wide discretion, but reconsideration is "subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Id. (internal quotations omitted). Under Rule 54(b), Plaintiff fails to show that the Court erred in granting summary judgment in Defendant's favor.

2. **Plaintiff Fails To Demonstrate That He Meets Rule 59(e) Standard.**

Even assuming that Rule 54 does not apply, Plaintiff's Motion does not meet Rule 59(e) standard. Indeed, Plaintiff's Motion for Reconsideration fails to specify whether he is seeking

reconsideration under Rule 59(e) or Rule 60(b).  <u>See</u> Recon. Mot. (Dkt. No. 66).  Plaintiff, however, filed this Motion for Reconsideration within 10 business days of the Court's April 3, 2008 Memorandum Opinion.  Under the law, courts treat motions for reconsideration as motions to alter or amend judgment pursuant to Rule 59(e) when the motion is filed within 10 days of the entry of the judgment at issue.  <u>Sieverding v. American Bar Association</u>, 239 F.R.D. 288, 289 n. 2 (D.D.C. 2006).

Rule 59(e) motions are discretionary and, in order to prevail, a movant must show (i) an intervening change of controlling law; (ii) the availability of new evidence; or (iii) the need to correct a clear error or prevent manifest injustice.  <u>Jung v. Association of American Medical Colleges</u>, 184 Fed.Appx. 9, 13 (D.C. Cir. 2006) (citing <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Although courts have discretion to reconsider their prior rulings, Rule 59(e) motions are "not routinely granted."  <u>Johnson v. Gonzales</u>, 479 F. Supp. 2d 55, 58 (D.D.C. 2007); <u>see</u> <u>also</u> <u>Agrocomplect, AD v. Republic of Iraq</u>, 247 F.R.D. 213, 216 (D.D.C. 2008) ("motions for reconsideration under Rule 59(e) are 'disfavored' and 'should be granted only under extraordinary circumstances").

Reconsideration is only appropriate upon a finding that there exists "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  <u>Messina v. Krakower</u>, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); <u>see also</u> <u>Center for Public Integrity v. FCC</u>, 515 F. Supp. 2d 167, 168 (D.D.C. 2007) (moving party must "show[] new facts or clear errors of law which compel the court to change its prior position").  A movant cannot use a reconsideration motion to "reargue facts and theories upon which a court has already ruled."

Sieverding, 239 F.R.D. at 290; see also Taylor v. Dep't of Justice, 268 F. Supp. 2d 34, 35

(D.D.C. 2003).  Nor is Rule 59(e) a vehicle to raise new issues that could have been raised

previously.  See Kattan v. Dist. of Columbia, 995 F.2d 274, 276 (D.C. Cir.1993); see also Fresh

Kist Produce, LLC v. Choi Corp., Inc., 251 F. Supp. 2d 138, 140 (D.D.C. 2003).

      At a minimum, to prevail on his Rule 59(e) motion, Plaintiff must demonstrate that new

evidence has become available that warrants reconsideration, and/or that reconsideration is

necessary to correct a clear error or prevent manifest injustice.  See Messina, 439 F.3d at 758

(D.C. Cir. 2006).  Here, Plaintiff's Motion does not address the standard for reconsideration

under Fed. R. Civ. P. 59(e).  More important, however, is Plaintiff's failure to meet his burden

under Rule 59(e) standard by pointing to a change of controlling law that would justify

reconsideration of the Court's judgment.  He further fails to meet his burden by identifying either

new evidence or clear error in the Court's judgment.  Consequently, the Court should deny

Plaintiff's Motion.

### B. Plaintiff's Motion for Reconsideration Regurgitates Arguments Previously Made In His Opposition to Defendant's Motion for Summary Judgment.

      The Court's 43-page Memorandum Opinion analyzed evidence and arguments presented

by the parties in their respective submissions.  At the end, in granting summary judgment in

Defendant's favor, the Court explained,

> "Title VII ... does not authorize a federal court to become a super-personnel
> department that reexamines an entity's business decisions." Barbour v. Browner,
> 181 F.3d 1342, 1346 (D.C.Cir.1999) (internal quotation and citation omitted).
> The Court therefore "may not second-guess an employer's personnel decision
> absent demonstrably discriminatory motive." Fischbach, 86 F.3d at 1183
> (internal quotation and citation omitted).  In this case, the evidence in the record,
> once stripped of the plaintiff's unsupported insinuations and innuendo, in no way
> contradicts the defendant's legitimate, non-discriminatory explanation as to why
> the IRS chose another candidate for the permanent Safety Manager position,

<u>Hamilton</u>, 2008 WL 87926, at *21.

As discussed herein, Plaintiff's Motion for Reconsideration – evaluated under either Rule 54 or 59(e) – simply seeks to reargue evidence previously considered and rejected by the Court, and fails to demonstrate how the Court erred in granting summary judgment in this case.

      **1.      Timeliness Of The Selectee's Application.**

Plaintiff's Motion devotes much ink to arguing that there was an inference of discrimination because Defendant considered the selectee's application even when it was untimely.  <u>See</u> Recon. Mot. at 1-4.  Plaintiff raised this precise argument in his Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 47).  <u>See</u> Opp. at 18.  The Court reviewed the evidence submitted in support of this argument and rejected Plaintiff's assertion.  <u>Hamilton</u>, 2008 WL 87926, at *9. Therefore, under Rule 59(e), Plaintiff should not be permitted to reargue this issue here.

In any event, the assertion that the selectee's application was not submitted until June 5, 2003, is a red herring and not supported by the record that Plaintiff cited.   Plaintiff pointed to a post-it note attached to Ms. Burrell's performance appraisal showing that the "fax" was sent on June 5, 2003.  <u>See</u> Pl. Ex. 40 (at p. HAM2360) (lower right hand corner).   Based on the post-it note, Plaintiff asserted that Ms. Burrell's application was late and she should not be considered for the job.

As the Court correctly observed, the "June 5, 2003" date has nothing to do with the date of Ms. Burrell's application. <u>Hamilton</u>, 2008 WL 87926 at *9.  Rather, the post-it notes indicates that Ms. Valerie Brown – a Staffing Consultant in Oakland, CA (Pl. Ex. 23), sent Ms. Burrell's

performance evaluation to Ms. Fannie Braswell on June 5, 2003.  See Pl. Ex. 40 at HAM 2360.[2]

Ms. Burrell's application was actually dated May 13, 2003.  Hamilton, 2008 WL 87926 at *9.

More importantly, Plaintiff fails to point to any evidence that Mr. Burns (the Selecting

Official) or Paul Carroll (the Ranking Official) controlled the cut-off date for acceptance of the

applications.  Mr. Burns testified that he received the names of the candidates to be interviewed

from Ms. Fannie Braswell.  Burns Depo. at 89:4-90:22 (Gov. Reply Exh. 2).  Mr. Burns did what

he was told in terms of the interview process.  Id.  Therefore, Mr. Burns, the selecting official,

played no role in determining whether to accept or reject an application based on timeliness.  In

fact, the Personnel Department located in Oakland, California, handled the application process.

Specifically, the Vacancy Announcement required the candidates to send the applications to the

"Oakland Personnel Office."  See Gov. Exh. 1 (Vacancy Announcement). Without more,

Plaintiff has not shown any impropriety pertaining to the application process.

    **2.    Plaintiff's Other Purported Evidence of Discrimination.**

Plaintiff's Motion maintains that he has presented evidence of discrimination by pointing

to evidence that white female employees were placed in details that were eventually made

permanent.  See Recon. Mot. at 4.  Plaintiff made this same argument in his Opposition, which

the Court rejected.  Hamilton, 2008 WL 87926 at 15.

Plaintiff's Motion asserts that the Court should reconsider its rejection of Plaintiff's other

evidence of discrimination because the selecting official (Mr. Burns) routinely selected white

female candidates.  Recon. Mot. at 5.  Plaintiff appears to use anecdotal evidence to create an

---

[2]        Ms. Fannie Braswell is the office's liaison to the HR Office.  Burns Depo. at
90:8-18 (Gov. Reply Exh.2).

-8-

impression that African-American males are subject to disparate treatment versus white females.

The Court previously considered such an argument and rejected the notion that this type of anecdotal evidence could create an inference of discrimination.  Hamilton, 2008 WL 87926, at *15 (noting that "this Court has specifically rejected the use of anecdotal 'evidence' as a substitute for statistical data in the past.") (internal citation omitted).  Indeed, this  Court has previously rejected this type of "white washing" allegation.  See Brown v. Small, 437 F. Supp.2d 127, 135-36 (D.D.C. 2006) (Walton, J.).   Indeed, the Court noted that to use statistical evidence (i.e., white washing), a plaintiff must establish that his or her statistical comparisons are meaningful.  Id. at 136.  In Brown, the Court rejected the plaintiff's "anecdotal evidence" and held that the plaintiff's numbers did not offer a comparison of hiring statistics by an employer based on race.  Id.

Similar to the plaintiff in Brown, Plaintiff has offered nothing more than a few isolated anecdotal examples of promotions involving white females, without providing any significant statistical comparison (i.e, the applicant pool) to support an inference of discrimination.  See Harris v. Chao, 480 F. Supp.2d 104, 111 (D.D.C. 2007) (rejecting plaintiff's statistical evidence because plaintiff failed to present evidence of the applicant pool for these promotions).  Without more, Plaintiff's argument fails.

In an attempt to support his argument, Plaintiff cites Czekalski v. Peters, 475 F.3d 360 (D.C. Cir. 2007), to maintain that summary judgment should be denied where Plaintiff's "independent evidence of discrimination" shows that the "discriminating official harbored discriminatory attitudes toward Plaintiff" and people in his protected class.  Recon. Mot. at 5. Plaintiff's argument lacks merit because he misconstrues the D.C. Circuit's holding in Czekalski.

In <u>Czekalski</u>, the D.C. Circuit found summary judgment inappropriate when a gender discrimination plaintiff asserted she was discriminatorily reassigned to a position with significantly different and diminished supervisory responsibilities. See <u>Czekalski</u>, 475 F.3d at 364-365. The Court in <u>Czekalski</u> explained that the question whether a particular reassignment of duties constitutes a cognizable Title VII adverse action is generally one for a jury since such determinations often involve genuine issues of material fact. See <u>id</u>.

Here, Plaintiff misconstrues <u>Czekalski</u> and thereby asserts that Plaintiff's independent evidence of discrimination "was probative evidence and that defendant's evidence was not sufficient to keep the case from the jury." Recon. Mot. at 5-6. As outlined above, this interpretation of <u>Czekalski</u> is inaccurate, and thus Plaintiff's citation thereto is inapposite. The holding in <u>Czekalski</u> is specific to reassignment of duty actions, while the instant action involves an employee's non-selection for a position. See <u>Czekalski</u>, 475 F.3d at 364-365. The <u>Czekalski</u> court, therefore, worked under the more stringent summary judgment standards attendant with reassignment actions since the actions in question involved determinations whether reassignment had left Czekalski (plaintiff) with significantly different and diminished supervisory responsibilities. See <u>id</u>. at 364. The instant action – discriminatory non-selection – involves no such questions of fact.

Furthermore, as the Court's Memorandum Opinion makes clear, "the scant evidence of promotion practices by the [Defendant] provided by the plaintiff actually indicates that minorities such as the plaintiff are hired at rates proportional to their workplace population; i.e ., they are not discriminated against at all." <u>Hamilton</u>, 2008 WL 87926 at *15. Accordingly, the Court should reject Plaintiff's attempt to argue this issue in his Motion for Reconsideration.

-10-

    3.    **Subjectivity Of The Selection Process.**

Plaintiff's Motion appears to assert that there was an inference of discrimination because of the subjectivity of the ranking and interview processes. Recon. Mot. at 6-7. Plaintiff made this very same argument in his Opposition. See Opp. at 17-18. Plaintiff's Motion for Consideration merely reiterates the argument here (albeit in a more condensed format). The Court previously rejected this argument. Hamilton, 2008 WL 87926, at *11 n.14. Under the law, both Rule 54(b) and Rule 59(e) are not the proper vehicles for a movant to reargue facts or issues previously ruled upon by the court. Judicial Watch, 466 F. Supp. 2d at 123 (under Rule 54(b) the parties are not permitted to "battle" the issues again); Sieverding, 239 F.R.D. at 290 (a movant cannot use a reconsideration motion to "reargue facts and theories upon which a court has already ruled.").

In rejecting Plaintiff's "subjectivity claim," the Court noted that "'[r]easonable employers ... do not ordinarily limit their evaluation of applicants to a mechanistic checkoff of qualifications required by the written job descriptions.'" Hamilton, 2008 WL 87926 at *11 n.14 (internal citation omitted). Furthermore, the D.C. Circuit has admonished that "given the dynamic nature of the hiring process . . .[courts] will not second-guess how an employer weighs particular factors in the hiring decision." Jackson v. Gonzales, 496 F. 3d 703, 709 (D.C. Cir. 2007).

Here, Defendant relied upon the candidates' responses to the interview questions as a basis to make a hiring decision. As explained in Defendant's Motion for Summary Judgment, after interviewing all four best qualified candidates for the position, the panel recommended Ms.Burrell and the other white female for the position. Def. Mot. at 9-10. Plaintiff was not even

in the picture at the end of the interview process because the panelists, including an African-American female, uniformly believed that he did not perform well at his interview.  Def. Mot. at 8.  Mr. Burns, the selecting official, ultimately chose Ms. Burrell. Id. at 10.  Plaintiff has not pointed to any evidence in the record to controvert this legitimate, business reason for his non-selection.

### 4.    Plaintiff's Mixed-Bag Claims.

Plaintiff's Motion maintains that the Court "played down virtually all of Plaintiff's evidence."  Recon. Mot. at 7.  Plaintiff then summarizes a list of evidence purporting to demonstrate that Defendant discriminated against him for not selecting him for the GS-14 position.  See Recon. Mot. at 8-12.  Plaintiff previously set forth this same list of evidence in his Opposition (see Opp. at 13-24), which the Court resoundingly rejected.  Hamilton, 2008 WL 87926, at *4-15.

Without belaboring the point, Defendant refers the Court to Defendant's Reply, which addressed each of the issues raised in Plaintiff's Motion for Reconsideration.  See Def. Reply (Dkt. No. 56 ).  Furthermore, the Court extensively analyzed each of the issues raised by Plaintiff and rejected them.  Hamilton, 2008 WL 87926, at *4-15.  For the same reasons that the Court rejected Plaintiff's arguments in his opposition to Defendant's motion for summary judgment, the Court should similarly reject Plaintiff's Motion for Reconsideration here.

IV.    **Conclusion.**

Under the law governing Rule 54 and Rule 59(a), Plaintiff is not permitted to reargue

facts or issues previously raised in his Opposition to Defendant's Motion to Summary Judgment.

Judicial Watch, 466 F. Supp. 2d at 123; Sieverding, 239 F.R.D. at 290.  However, Plaintiff's

Motion for Reconsideration does precisely what the law prohibits: reargues issues previously

considered and rejected by the Court.  On this basis alone, the Court should deny Plaintiff's

Motion for Reconsideration.

Moreover, Plaintiff's Motion for Reconsideration fails to demonstrate that the Court

committed any error in granting summary judgment in Defendant's favor on Plaintiff's non-

selection claim.  Therefore, the Court should also deny Plaintiff's Motion on this ground.


Dated: May 1, 2008.                              Respectfully Submitted,


                                                      /s/   Jeffrey A. Taylor
                                                 JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                 United States Attorney


                                                      /s/   Rudolph Contreras
                                                 RUDOLPH CONTRERAS, D.C. BAR #434122
                                                 Assistant United States Attorney

                                                      /s/   John C. Truong
                                                 JOHN C. TRUONG, D.C. BAR #465901
                                                 Assistant United States Attorney
                                                 555 Fourth Street, N.W.
                                                 Washington, D.C.  20530
                                                 (202) 307-0406

                                                 Attorneys for Defendant

**UNITED STATES DISTRICT**
**COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **Gary Hamilton**, ) | |
| ) | |
| Plaintiff, ) | Case No.: 05-CV-01549 (RBW) |
| v. ) | |
| ) | |
| **Henry M. Paulson, Jr.,** ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

## ORDER

Upon consideration of Plaintiff's Motion for Reconsideration, Defendant's Opposition thereto, and the entire record herein, it is this _____ day of ____, 2008;

ORDERED that Plaintiff's Motion for Reconsideration be and is hereby DENIED.

SO ORDERED.

_____
U.S. District Judge