IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GARY HAMILTON** | * |
| | * |
| | * |
| **Plaintiff,** | * |
| v. | Civil No.: 05-1549 (RBW) |
| | * |
| **HENRY PAULSON, SECRETARY** | JURY TRIAL REQUESTED |
| | * |
| | * |
| **Defendant.** | |

## AMENDED COMPLAINT

**NOW COMES** Plaintiff, Gary Hamilton, by and through undersigned counsel and files this Amended Complaint for damages, incorporates his original complaint and his Opposition to the Defendant's Motion for Summary Judgment herein and states as follows:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title **VII** of the Civil Rights Act of 1964, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ( hereinafter "Title VII"); Title 5, U.S.C. 2302; Title 5 U.S.C. § 7702; and 5 CFR § 335.103.

2. This action properly lies in the District Court for the District of Columbia because this judicial district has personal jurisdiction over Defendant. This action is also in accordance with 28 U.S.C. 1331.

### PARTIES

3. Gary Hamilton is a citizen of the United States and resides in the State of Maryland.

1

4. In accordance with Title VII, he is a member of a protected class based on his gender, male; and race, African-American.

5. Defendant, Henry Paulson, is the Secretary of the Department of Treasury, a government agency, which is subject to the provisions of Title VII.

## ADMINISTRATIVE PROCEDURES

6. Plaintiff timely filed his formal charges of discrimination against the Defendant with its Equal Employment Opportunity (EEO), in accordance with EEOC Regulation 29 CFR 1614,106.

7. The condition precedent to this suit has been satisfied.

## STATEMENT OF FACTS

8. About year 2001, Plaintiff was an Industrial Hygienist, GS-690-12, for the Internal Revenue Service (IRS), Agency Shared Wide Services (AWSS), Real Estate and Facilities Management Division, Safety and Security Branch, at the Lanham, Maryland post of duty.

9. At that time, Plaintiff had over seventeen years of occupational safety and health experience within the federal public sector, a Bachelor of Science degree in a directly or closely related field of safety and occupational health, i.e., industrial hygiene, a Master of Public Health (MPH) in environmental and occupational health; federal sector sponsored Executive Management Training; Certified Industrial hygienist granted in 1995 by the American Board of Industrial Hygiene; and approximately two years of directly related safety and health experience within IRS.

10. About May 5, 2003, the Defendant issued Vacancy Announcement Number 15-02- 00FM03706 advertising the position of Safety Specialist (Safely and Health Manager) GS-0018-14, in the Real Estate and Facilities Management Division, safety and

Security Branch.

11. Around July 2003, Defendant or its agent, selected a white female, namely Annette Burrell over Plaintiff, after Plaintiff applied for the position in paragraph 10 above, despite Plaintiff's superior qualifications.

12. About summer of 2002 and prior to the posting of announcement of the position in paragraph 10 above, Defendant or its agents selected Ms. Burrell for a 120 day detail to a higher position.

13. Defendant or its agents repeatedly renewed Ms. Burrell's detail; failed to open it for competition or make it competitive as required by the OPM, Defendant's Merit Promotion Plan, IRM, and federal regulations, but wrongfully continued the renewal of said detail until around July of 2003.

14. Defendant or his agents told Ms. Burrell to hold the detail position for about one year in violation of Defendant's Merit Promotion Plan and federal regulations.

15. Defendant or his agents did not consider Plaintiff for the detail, though he satisfied the requirements and was superiorly qualified for the detail that Ms. Burrell held for about a year.

16. About August of 2003, one Fannie Braswell, a staff assistant of the Defendant, announced to the staff via e-mail that Ms. Burrell had been on detail in the D.C. area for one year and had gotten the permanent position.

17. Until this e-mail announcement, Plaintiff was totally unaware of the Burrell detail or the renewals thereof, as the Defendant or its agents never accorded him the opportunity for the detail nor informed him about same. Almost immediately thereafter, Plaintiff contacted the EEO counselor to lodge his complaint.

3

## COUNT I

## DISCRIMINATION BASED ON GENDER AND RACE

18. Plaintiff repeats the statements above and realleges the allegations of Paragraphs 1 through 17, and incorporates them by reference herein.

19. Plaintiff avers that his gender and race were motivating factors in Defendant's decision in the Defendant's actions described above and particularly in failing to detail him to the position that Burrell was detailed to in year 2002 and renewed up to year 2003.

20. Plaintiff avers in the alternative that Annette Burrell was selected by Defendant for the position of Safety and Health Manager instead of him largely because of the detail she held or was wrongfully allowed to hold by the Defendant or his agents from year 2002 to 2003.

21. As a direct result of Defendant's prohibited personnel practices, Plaintiff has sustained economic and non-economic damages

22. Plaintiff alleges in the alternative that Defendant's failure to detail him to the position that Burrell was detailed into from year 2002 to 2003 prevented, hindered or impeded his advancement into a higher position within the Defendant's facility and/or future employment and opportunities.

23. As a direct result of Defendant's discriminatory practices, Plaintiff has sustained economic and non-economic damages.

## COUNT II

## PROHIBITED PERSONNEL ACTION

24. Plaintiff re-alleges the allegations of Paragraphs 1 through 23, and

incorporates them by reference herein.

25. Plaintiff alleges in the alternative that Defendant or its agents granted preference or advantage to Ms Burrell by providing her a one year detail and then immediately couching the same as permanent position not authorized by law, rule, or regulation.

26. The Plaintiff avers that such advantage given to Ms Burrell by the defendant or its agent was intentional in nature to injure his prospects for the same detail and subsequently a permanent position (with the same duties as the detail), that Ms. Burrell was given right after the detail.

27. Plaintiff alleges that by failing to make the detail of 2002 competitive, Defendant or its agents engaged in prohibited personnel actions in violation of the laws.

28. As a result of the Defendant's conduct or actions, Plaintiff has sustained economic and non economic damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Honorable Court should grant him the following relief, namely:

(i). That this Court determine the employment practices complained of in this complaint are unlawful in that they violated Title VII.

(ii). That this Court determine the employment practices complained of in this complaint are unlawful in that they are prohibited personnel actions under Title 5 Section 2302; the regulations stated above and other related federal regulations.

(iii). That Defendant pay Plaintiff a sum in excess of $300,000 for compensatory damages, backpay, front pay and/or loss of future earning capacity, interests, emotional distress;

(iv). That Defendant pay Plaintiffs costs and expenses; and, reasonable attorney's fees in connection with this action;

(v). That this Court grant other and such further relief to the Plaintiff as it deems just and proper.

Respectfully submitted,

**THE GBENJO LAW GROUP**

_/s/_
Anne J.A. Gbenjo. Bar #447840
8449 West Bellfort Avenue
Suite 100
Houston, Texas 77071
713-771-4775
713-771-4784 fax
Counsel for Plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on this 5th day of May 2008, I sent via first class and E-filing a copy of the foregoing Opposition to all parties as follows: John C. Truong, Esquire, 555 4th Street N.W. Washington, D.C. 20001

_/s/_
Anne Gbenjo