**UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA**

———————————————————    )
                                                    )
**Gary Hamilton**,                                  )
                                                    )
                    Plaintiff,                      )        Case No.: 05-CV-01549 (RBW)
          v.                                        )
                                                    )
**Henry M. Paulson, Jr.,**                          )
                                                    )
                    Defendant                       )
———————————————————    )

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT**

**I.      Introduction.**

        Allowing Plaintiff to amend his complaint to include a non-selection that took place in

August 2002 is akin to "rearranging the deck chairs on the Titanic."   Indeed, as elaborated

further below, Plaintiff failed to exhaust administrative remedies for his August 2002 non-

selection and Plaintiff is now out of time to do so.  Plaintiff's motion for leave does not even

argue that the equitable tolling doctrine applies to save his tardy claim.

**II.     Background.**

        The procedural and factual background of this case has been extensively described in the

Court's April 3, 2008 Memorandum Opinion.  See Hamilton v. Paulson, 542 F. Supp.2d 37, 39-

42 (D.D.C. 2008).  Defendant will only summarize the essential facts necessary for the Court to

decide the current issue.

        Plaintiff Gary Hamilton, an African American male, filed this Title VII lawsuit claiming

that Defendant discriminated against him based on his race and gender when Defendant did not

-1-

select him for a GS-14 Safety and Occupational Health Manager ("Safety Manager") in August 2003. See Hamilton, 542 F. Supp.2d at 39. Defendant selected Ms. Annette Burrell (female Caucasian) for the position. Id. at 39-40. Shortly after the non-selection in August 2003, Plaintiff filed an EEO complaint. Id. at 40. Thereafter, Plaintiff claimed that Defendant retaliated against him for not selecting him for a temporary detail at a GS-14 level in January 2004. Id. at 41. In August 2005, Plaintiff filed a Title VII complaint in federal court alleging that Defendant discriminated against him for not selecting him for the GS-14 Safety Manager position and for retaliating against him for not selecting for the GS-14 detail. See Compl. at ¶ 19-29 (Dkt. No. 1). After discovery, Defendant moved for summary judgment on Plaintiff's two claims.

Plaintiff opposed Defendant's Motion for Summary Judgment on a number of grounds, including raising for the first time Plaintiff's claim that Defendant discriminated against him when Defendant did not select him for a GS-14 detail in **August 2002**. Hamilton, 542 F. Supp.2d at 61. Defendant selected Ms. Annette Burrell for the August 2002 detail. Id. In response to Plaintiff's August 2002 non-selection claim, Defendant's Reply argued that Plaintiff failed to exhaust administrative remedies for the alleged discrimination. Id. at 61.

The Court granted summary judgment in Defendant's favor on the Safety Manager non-selection claim and the retaliation claim. Hamilton, 542 F. Supp.2d at 63. The Court, however, denied summary judgment on the August 2002 non-selection claim. Id. The Court explained that, under Wiley v. Glassman, 511 F.ed 151 (D.C. Cir. 2007), it could not dismiss Plaintiff's "newly minted" Title VII claim out of hand because the August 2002 non-selection is "substantially similar to his non-selection" claim for the Safety Manager position in August

2003. Hamilton, 542 F. Supp.2d at 61-62. Citing Plaintiff's deposition testimony, the Court also noted that Plaintiff intended to allege discrimination based on his non-selection in August 2002 and found that it could not dismiss such a claim for failure to exhaust because Plaintiff's counsel failed to perceive the true basis of the claim at the pleading stage. Id. at 62 (internal quotation marks omitted).

The Court observed that it could not adjudicate Defendant's failure to exhaust argument because Plaintiff did not have an opportunity to respond to Defendant's exhaustion argument. Hamilton, 542 F. Supp.2d at 62. The Court noted that it "is at a loss as to how it could grant or deny summary judgment with respect to plaintiff's claim as a technical matter unless and until plaintiff has amended his complaint to include" his August 2002 non-selection claim. Id. As a result, the Court denied Defendant's motion for summary judgment without prejudice and allowed Plaintiff to move for leave to amend his complaint to include the new August 2002 non-selection claim. Id. at 62. The Court explained that once Plaintiff has filed his amended complaint to include the August 2002 non-selection claim, the briefing cycle will begin anew. Id. at 62. The Court acknowledged that "[t]his process is obviously disadvantageous for the defendant, who will need to expend additional resources if leave to file an amended complaint is pursued due to an error on the part of plaintiff's counsel." Id.

On May 5, 2008, Plaintiff filed a motion for leave to amend his Complaint. See Dkt. No. 68. In the proposed amended complaint, Plaintiff claims that, in August 2003, he learned that Ms. Burrell was selected for the August 2002 detail and was allowed to remain in that detail for one year. See Proposed Amended Complaint ("Proposed A.C.) at ¶ 16-17 (Dkt. No. 68-2). Plaintiff also claims that "[a]lmost immediately thereafter, Plaintiff contacted the EEO counselor

to lodge his complaint." Id.

As explained further below, allowing Plaintiff to amend his complaint is futile because Plaintiff failed to timely exhaust his August 2002 non-selection claim.

## III.   Standard of Review for Motion for Leave to Amend.

It is well-settled that a motion to amend a complaint should be denied if it is futile, and an amended complaint is futile if it would not survive a motion to dismiss. E.g., Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming denial of leave to amend as futile, the court stated: "Futility provides a good reason here . . . With little chance of a successful Title VII claim, the district court did not abuse its discretion in concluding Willoughby was not entitled to add the claim to his complaint."); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (affirming denial of leave to amend, court stated: "We review a district court's denial of a motion for leave to amend a complaint for abuse of discretion, requiring only that the court base its ruling on a valid ground. Courts may deny a motion to amend a complaint as futile, as the district court did here, if the proposed claim would not survive a motion to dismiss.") (citations omitted).

## IV.   Argument.

### A.   Plaintiff Failed to Exhaust Administrative Remedies.

Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for the federal government to discriminate in employment on the basis of sex. See 42 U.S.C. § 2000e-16. Before filing suit, Title VII plaintiffs must timely exhaust their administrative remedies. Id. at § 2000e-16(c). Specifically, Equal Employment Opportunity Commission (EEOC) regulations require that "aggrieved [federal employees] ... initiate contact with a[n Equal Employment

Opportunity (EEO) ] Counselor within 45 days of the date of the matter alleged to be

discriminatory." 29 C.F.R. § 1614.105(a)(1); see id. at § 1614.103(b)-(c).

A failure to comply with this time limit bars a plaintiff's discrimination claim. Bowden

v. United States, 106 F.3d 433, 437 (D.C.Cir.1997). Citing Nat'l R.R. Passenger Corp. v.

Morgan, 536 U.S. 101 (2002), this Court specifically held that "[t]he result of the holding in

Morgan was to prohibit the plaintiff from pursuing claims of discrete incidents of discrimination

unless he had first filed a complaint with an EEO counselor within the proscribed period."

Adams v. Mineta, 2006 WL 367895, *3 (D.D.C. Feb. 16, 2006) (Walton, J.) (emphasis added).

Here, Plaintiff had eight different opportunities over the span of 5 years to amend his

complaint (either at the administrative stage or in federal court) to include the August 2002 non-

selection claim; however, Plaintiff failed to do so until he raised the issue for the first time in

October 2007. It is now simply too late for Plaintiff to resurrect this claim in 2008.

**First Opportunity:** Plaintiff's proposed amended complaint alleges that he became

aware of Ms. Burrell's selection for the August 2002 detail in August 2003 "via an email" to the

staff. Proposed A.C. at ¶ 16-17. Plaintiff then alleges that "[a]lmost immediately thereafter" he

contacted an EEO counselor to lodge his complaint. Id. at ¶ 17. However, Plaintiff's EEO

complaint in August 2003 did not contain any allegations that Defendant discriminated against

him for not selecting him for the August 2002 detail or for allowing Ms. Burrell to remain in that

detail for one year. See Gov. Exh. 1 (Plaintiff's August 2003 EEO Complaint).[1]

---

[1]      The "Gov. Exh." attached herein have been previously submitted as exhibits to
Defendant's Motion for Summary Judgment or to Plaintiff's Opposition. However, for the
Court's convenience, Defendant is re-submitting the exhibits with this Opposition. The attached
"Table of Exhibits" provides a cross reference to the previously submitted exhibits.

Indeed, Plaintiff contacted an EEO counselor on August 21, 2003, to complain about his non-selection for the GS-14 Safety Manager position.  <u>See</u> Gov.  Exh. 1 (Box 21).  At that time Plaintiff claimed that Defendant discriminated against him because Defendant did not select him for the GS-14 Safety Manager position.  <u>Id</u>. (Boxes 14 and 15).  Had Plaintiff wanted to include any allegation of discrimination because of his non-selection for the August 2002 detail, he could have done so but he failed to include it in his August 2003 informal EEO complaint.

**Second Opportunity:** After filing an informal EEO complaint in August 2003, Plaintiff then filed a *formal* EEO complaint on October 21, 2003.  In the formal October 2003 complaint, Plaintiff could have included the August 2002 non-selection but did not do so.  Plaintiff merely alleged discrimination for the non-selection for the GS-14 Safety Manager position.  <u>See</u> Gov. Exh. 2.  Specifically, according to Plaintiff's formal complaint, he merely "alleged discrimination based on his race, color, and sex when he was not selected on August 11, 2003, for a promotion to the position of Safety and Health Manager."  <u>Id.</u>

**Third Opportunity:** In February 2004, Plaintiff filed a second EEO complaint alleging that Defendant discriminated against him in January 2004 when Defendant selected Ms. Camille Carraway for a 120-day detail.  <u>See</u> See Gov. Exh. 3 (February 2004 EEO complaint (Boxes 14 and 15)).[2]  The February 2004 EEO complaint did not mention the August 2002 non-selection at all.  In fact, the EEO Counseling Report only mentioned discrimination based on race and sex for Plaintiff's non-selection to the 120-day detail that Ms. Carraway received.  <u>See</u> EEO Counseling

---

[2]        Defendant does not dispute that, in January 2004, Mr. Stuart Burns selected Ms. Camille Carraway for a 120-day detail to the temporary GS-14  position of Safety and Health Manager.  Declaration of Stuart Burns in October 2004 ("Burns Second Decl.") at p. 1-2 (attached as Gov. Exh.13 to Def. Motion for Summary Judgment) (Dkt. No. 42).

Report – Individual Complaint at Item No. 13 (Gov. Exh. 4).

**Fourth Opportunity:** On August 30, 2004, Defendant received a letter from Plaintiff seeking a "formal request to amend my second claim allegation to that of my first EEO Claim." See Aug. 30, 2004 Letter at p. 1 (Gov. Exh. 5). Plaintiff sought to combine his non-selection for the Carraway's detail with the non-selection for the GS-14 Safety Manager position. Id. In this August 30th letter, Plaintiff had an opportunity to raise the August 2002 but did not do so.

**Fifth Opportunity:** On January 4, 2005, Plaintiff's attorney sought to amend Plaintiff's formal EEO complaint to include a retaliation claim. See Jan. 4, 2005 Letter (Gov. Exh. 6). The retaliation claim pertained to Plaintiff's non-selection for Ms. Carraway's detail in January 2004. Id. The letter did not raise the August 2002 non-selection at all.

**Sixth Opportunity:** On August 1, 2005, Plaintiff filed a Title VII complaint in this Court alleging discrimination for his non-selection for the GS-14 Safety Manager position and retaliation for the non-selection for Ms. Carraway's detail. See Compl. at ¶ 19-20 (Dkt. No. 1). Plaintiff's federal court complaint alluded to the August 2002 non-selection but did not claim that the non-selection was discriminatory against him. See Compl. at ¶ 16 and 17. Indeed, as the Court correctly observed, Plaintiff did not even seek relief for the August 2002 non-selection in either his EEO complaints or in the complaint filed with the Court. See Hamilton, 542 F. Supp.2d at 61. Of course, Plaintiff could have specifically sought relief for the August 2002 non-selection in his federal court complaint back in August 2005, but he did not do so.

**Seventh Opportunity:** As a result of Plaintiff's Title VII complaint, the parties engaged in extensive written and deposition discovery and Defendant deposed Plaintiff on August 24,

2006.[3] That deposition was the first time that Plaintiff specifically indicated that he intended to pursue claims of discrimination because of the non-selection in August 2002. See Hamilton, 542 F. Supp.2d at 62 (citing Plaintiff's deposition, the Court observed that Plaintiff intended to allege discrimination that Burrell got the August 2002 detail) (internal quotation marks omitted). Had Plaintiff truly intended to seek relief under Title VII for the August 2002 detail, he could have sought leave to amend his complaint after his deposition to include such a claim. Plaintiff did not do so.

**Eighth Opportunity:** Approximately one year after Plaintiff's deposition, on August 14, 2007, Defendant filed his motion for summary judgment on the two claims specified in Plaintiff's federal court complaint. See Dkt. No. 42. After seeing Defendant's motion for summary judgment, Plaintiff could have sought leave to amend the complaint at that time but did not do so.

Instead, eight weeks after Defendant's dispositive motion, Plaintiff raised the August 2002 non-selection claim for the very first time in his Opposition. See Plaintiff's Opposition (Dkt. No. 46, filed on Oct. 17, 2007); see Hamilton, 542 F. Supp.2d at 61. Under these facts and Morgan, it would be futile for the Court to allow Plaintiff to amend his complaint at this late stage of the litigation because Plaintiff failed to exhaust administrative remedies for his August 2002 non-selection.

Furthermore, neither Plaintiff's motion for leave to amend nor his proposed amended complaint claims that the equitable tolling doctrine should apply to excuse his tardiness. Indeed,

---

[3]    At anytime between Plaintiff's initial filing of his federal court complaint in August 2005 to his deposition in August 2006, Plaintiff could have sought leave to amend his complaint to include the August 2002 non-selection claim, but he chose not to do so.

the filing time limit imposed by Title VII, 42 U.S.C. § 2000e-16(c), "is not a jurisdictional

requirement but rather is similar to a statute of limitations." In re James, 444 F.3d 643, 647

(D.C.Cir.2006) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89(1990)); see also Zipes v.

Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (recognizing that Title VII's jurisdictional

statutes do not limit jurisdiction to timely filed complaints).  Therefore, "like a statute of

limitations, [the statutory time requirement] is subject to waiver, estoppel, and equitable tolling."

Zipes, 455 U.S. at 393.  "'Federal courts have typically extended equitable relief only

sparingly,'"  Commc'ns Vending Corp. of Ariz. v. FCC, 365 F.3d 1064, 1075 (D.C.Cir.2004)

(quoting Irwin, 498 U.S. at 96, 111 S.Ct. 453).

        "Court[s] typically extend equitable relief when 'a claimant has received inadequate

notice, ... where the court has led the plaintiff to believe that she had done everything required of

her, or where affirmative misconduct on the part of a defendant lulled the plaintiff into

inaction.'"  Strong-Fischer v. Peters, - - F. Supp.2d - -, 2008 WL 2138161, *3 (D.D.C. May 22,

2008) (internal citations omitted).  "In other words, to apply equitable tolling, the plaintiff must

have exercised due diligence and his excuse for the delayed filing must be 'more than a garden

variety claim of excusable neglect.'"  Id.  Plaintiff carries the burden of "pleading and proving

any equitable excuse for failure to meet the ninety-day filing limit[.]"  Id.; see also Bayer v.

United States Dep't of Treasury, 956 F.2d 330, 333 (D.C.Cir.1992) (holding that a Title VII

plaintiff bears the burden of establishing his entitlement to equitable tolling).

        Under the law and facts here, neither Plaintiff's motion for leave to amend nor his

proposed amended complaint has set forth any facts for the Court to apply the equitable tolling

doctrine to save Plaintiff's untimely August 2002 non-selection claim.  Accordingly, the Court

should not allow Plaintiff to amend his complaint at this juncture but rather should dismiss the case with prejudice.

**B.    Plaintiff's Proposed Amended Complaint Raises *Another* New Claim.**

Plaintiff's proposed amended complaint alleges that Defendant selected Ms. Burrell for the GS-14 Safety Manager position "instead of him largely because of the detail she held or was wrongfully allowed to hold by the Defendant or his agents from year 2002 to 2003." Proposed A.C. at ¶ 20. The proposed amended complaint also alleges that Defendant's failure to select him for the August 2002 detail impeded his career advancement. Id. at ¶ 22. Plaintiff's proposed amended complaint is essentially attempting to resurrect his GS-14 Safety Manager non-selection claim and to raise a completely new Title VII claim. The Court specifically instructed Plaintiff not to do so. Hamilton, 542 F. Supp.2d at 62 n.21.

The Court's Order states, "The Court emphasizes that it will grant plaintiff leave to file an amended complaint *only* with respect to his non-selection claim arising from Burells' GS-14 detail in 2002. The Court will dismiss *sua sponte* any allegations or claims in an amended complaint outside those parameters." Hamilton, 542 F. Supp.2d at 62 n.21 (italics in original). Not heeding the Court's explicit instruction, Plaintiff's proposed amended complaint attempts to resurrect his non-selection claim for the GS-14 Safety Manager position. See Proposed A.C. at ¶ 20. Furthermore, Plaintiff attempts to "back door" a new claim – impediment to his career advancement – with this proposed amended complaint.

Accordingly, to the extent that the Court allows Plaintiff to amend his complaint, the Court should *sua sponte* strike Paragraphs 20 and 22 from the proposed amended complaint.

C.    *Wiley v. Glassman* **Does Not Apply To Allow Plaintiff To Amend His Complaint.**

Citing Wiley v. Glassman, 511 F.3d 151 (D.C. Cir. 2007), the Court held that it could not dismiss Plaintiff's August 2002 non-selection claim even though Plaintiff raised that claim for the first time in his Opposition to Defendant's dispositive motion.  Hamilton, 542 F. Supp.2d at 61-63.  In doing so, the Court explained that the August 2002 non-selection claim is "substantially similar" to Plaintiff's non-selection for the GS-14 Safety Manager position in August 2003 and that Defendant "has not articulated any undue prejudice arising from the consideration of this claim."  Hamilton, 542 F. Supp.2d at 61-62 (citing Wiley supra).  Wiley is inapposite here.

First,  Wiley does not apply to this case.  In Wiley, Plaintiff used to work for the United States Information Agency and filed a Title VII lawsuit claiming race and gender discrimination, hostile work environment, and retaliation for her prior EEO activities.  511 F.3d at 154.  In opposition to Defendant's motion for summary judgment, Plaintiff raised for the first time a retaliatory harassment claim and a retaliation claim for reducing her production air time.  See Wiley, 511 F.3d, 159-60.  The district court struck the retaliatory harassment claim because it was raised for the first time in plaintiff's opposition.  Id. at 159.  The district court also struck plaintiff's retaliation claim for failure to exhaust administrative remedies.  Id. at 160.

The D.C. Circuit reversed the district court's decision to strike the two retaliation claims but affirmed summary judgment in defendant's favor in any event.  Wiley, 511 F.3d at 159-60.  In reversing the district court's decision to strike the retaliatory harassment claim, the D.C. Circuit explained that plaintiff's retaliatory harassment claim was "substantially similar to her hostile work environment claim" alleged in plaintiff's original complaint.  Id. at 159.  In

-11-

reversing the district court's decision to strike the retaliation claim, the D.C. Circuit explained that "reduced airtime alleged could have reasonably been expected to grow out of [plaintiff's] earlier complaint." Id. at 160.

Here, unlike the two retaliation claims in Wiley, the August 2002 non-selection claim was not substantially similar to Plaintiff's non-selection for GS-14 Safety Manager position in August 2003. First, the August 2002 non-selection was a detail that took place one year prior to the August 2003 GS-14 non-selection. Therefore, the August 2002 non-selection could not have "reasonably been expected to grow out of" Plaintiff's discrimination claims based on his non-selection for the GS-14 position. Second, the GS-14 Safety Manager position was a permanent position, not a detail. Third, there were different decision-makers involved in the August 2002 detail and the August 2003 GS-14 selection. Specifically, Mr. Norris Walker selected Ms. Annette Burrell for the August 2002 detail. See Annette Burrell Depo. at 132:21-133:1 (Gov. Exh.7) Thereafter, Mr. Reggie McFadden renewed Ms. Burrell's detail. See Burrell Depo. at 133:2-133:10. Unlike the August 2002 detail, the August 2003 GS-14 selection involved a ranking official, a diverse interview panel, and a selecting official. See Hamilton, 542 F. Supp.2d at 39-41 (describing the selection process and the decision-makers involved). None of the decision-makers in the August 2003 GS-14 selection were involved in the August 2002 selection for the detail. Finally, the processes were also different. For instance, Mr. Walker selected Ms. Burrell for the August 2002 detail without an interview or application process. Unlike the August 2002 detail, the August 2003 GS-14 position involved an application process, a ranking of the applications, an interview with a three-member panel, and a selection by a selecting official. Hamilton, 542 F. Supp.2d at 39-40. Under these facts, the two non-selections

are not substantially similar.

Furthermore, as another basis for not dismissing Plaintiff's August 2002 non-selection claim, the Court also held that Defendant's Reply in support of the motion summary judgment did not articulate any undue prejudice arising from considering this claim at this juncture. Hamilton, 542 F. Supp.2d at 61-62. Defendant admits that Defendant's Reply did not explain whether considering Plaintiff's August 2002 non-selection claim would cause undue prejudice to Defendant; however, such prejudice exists.

Because Plaintiff has never raised the August 2002 non-selection claim either at the agency level or in federal court, the parties must litigate this claim anew. Indeed, because Plaintiff did not seek relief at the administrative level for the August 2002 non-selection claim Defendant now must conduct investigation on the merit of Plaintiff's claim. This requires Defendant to commit time and resources to investigating facts that occurred six years ago. Defendant should not be required to expend the resources now when Plaintiff had at least five opportunities to raise this claim at the administrative level. See Section IV(A) *supra* (First through Fifth Opportunities).

Moreover, the parties may need to engage in federal court discovery again. This would require Defendant to devote substantial resources to propounding and responding to discovery. That is just the tip of the iceberg. If past conduct in this case is any indication, Defendant expects Plaintiff to dispute Defendant's discovery responses and the parties will engage in protracted discovery motions practices. The Court then will need to devote its limited time and resources to resolving the parties' discovery disputes. See Dkt. No. 23 (Plaintiff's motion for leave to file motion to compel out of time and the filing of same); Dkt. No. 25 (the Court holding

-13-

status hearing on the parties' discovery issues); Dkt. No. 28 (Plaintiff's motion to compel

Defendant to produce personnel); and Dkt. No. 37 (Plaintiff's partial objection to the Court's

ruling on the parties' discovery disputes).

      Finally, Defendant will move for summary judgment based in part on the grounds that

Plaintiff cannot establish an inference of discrimination for his August 2002 non-selection

because that Messrs. Norris Walker and Reggie McFadden – the individuals who gave Ms.

Burrell the detail and renewed that detail – belong to Plaintiff's protected class (African-

American male).[4] See  Jackson v. School Brd. of the City of Richmond, No. 99-642, 2000 WL

34292578, * 7 (E.D. Va. March 15, 2000) (holding that "[p]roof that the decision-maker is a

member of the same protected class as [plaintiff] 'weakens any possible inference of

discrimination.'"); see, e.g., Hamilton, 542 F. Supp.2d at 43 n.6.  In the end, the Court may arrive

at the same conclusion that Plaintiff's August 2002 non-selection claim is untimely and

Plaintiff's claim lacks merit.  However, before the Court arrives at this conclusion, the parties

and the Court would have devoted substantial resources to this case.  It would unduly prejudice

Defendant to litigate an issue that Plaintiff had ample opportunities to raise for the past five years

but simply failed to do so.

---

    [4]      It is not disputed that Mr. Norris Walker (African American male) selected Ms. Annette Burrell for the August 2002 detail.  See Annette Burrell Depo. at 132:21-133:1 (Gov. Exh.7); see Garry Hamilton Testimony at 54:17-19 (describing Mr. Norris Walker as an African-American male) (Gov. Exh.8). Thereafter, Mr. Reggie McFadden (African-American male) renewed Ms. Burrell's detail.  See Burrell Depo. at 133:2-10.

**V.    Conclusion**

For the foregoing reasons, the Court should deny Plaintiff's Motion for Leave Amend

Complaint and dismiss this case with prejudice.

Dated: June 2, 2008.                    Respectfully Submitted,


   /s/  Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/  John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

**Table of Exhibits**

| Exhibit No. | Description | Prior Submission |
|---|---|---|
| 1 | Plaintiff's August 2003 EEO Complaint | Def. MSJ at Exh. 19 |
| 2. | Dec. 17, 2003 Letter Re: Plaintiff's Formal EEO Complaint, filed on Oct. 21, 2003 | Report of Investigation |
| 3. | Plaintiff's April 2004 EEO Complaint | Def. MSJ. Exh. 14 |
| 4. | 2004 EEO Counseling Report | Def. MSJ Exh. 15 |
| 5 | Plaintiff's Aug. 20, 2004 Letter | Def. MSJ Exh. 16 |
| 6 | Plaintiff's Jan. 4, 2005 Letter | Def. MSJ Exh. 17 |
| 7 | Deposition of Annette Burrell | Pl. Opposition Exh. 4 |
| 8. | Gary Hamilton Testimony at the agency level | None |

**UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| _____ ) | |
| **Gary Hamilton**, ) | |
| ) | |
| Plaintiff, ) | Case No.: 05-CV-01549 (RBW) |
| v. ) | |
| ) | |
| **Henry M. Paulson, Jr.**, ) | |
| ) | |
| Defendant ) | |
| _____) | |

**ORDER**

Upon consideration of Plaintiff's Motion for Leave to Amend Complaint, Defendant's

Opposition thereto, and the entire record herein, it is this _____ day of ____ 2008,

ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 68) be and

is hereby DENIED; and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED

with prejudice.

SO ORDERED.


_____
U.S. District Judge