THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

```
******************************  *
GARY HAMILTON,                  *
    Plaintiff                   *
                                *
v.                              *     CASE NO.: 05-cv-1549 (RBW)
JOHN SNOW,                      *
    Defendant                   *
*********************************
```

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, by and through counsel respectfully files his Reply to the Defendant's Opposition to Plaintiff's Motion for Leave to Amend his Complaint and states that, if allowing Plaintiff to amend his Complaint "is akin to rearranging the deck chairs on the Titanic," allowing Defendant to now attack and defend a claim that it was cognizant of five years ago, but neglected to address, is more than unjustifiably giving the defendant a tenth bite of the apple to the Plaintiff's detriment. Though he now attacks Plaintiff's discriminatory claim on the 2002 detail on the basis of alleged failure to exhaust, Defendant does not and cannot deny that he engaged in Prohibited Personnel Action with respect to the 2002 detail. As previously stated and demonstrated below, while Plaintiff timely exhausted his administrative remedies, Defendant was continuously derelict in the performance of his obligations and failed to do that which he was required to do under the law. In support of his Reply, Plaintiff refers this Court to the exhibits attached and the discussion below.

### BACKGROUND

For historical facts or background, Plaintiff once again, incorporates herein and refers the Court to all the pleadings or documents that form the basis of this Reply. These includes: Defendant's Motion for Summary Judgment; Plaintiff's Opposition to Defendant's Motion for

Summary Judgment; Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment; Plaintiff's Motion to Strike; Defendant's Opposition to Plaintiff's Motion to Strike; Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Strike; Order issued on March 28, 2008; Memorandum and Opinion issued on April 3, 2008; Plaintiff's Motion for Reconsideration filed on April 17, 2008; and Amended Complaint filed on May 5, 2008.

## ARGUMENT

## PLAINTIFF TIMELY EXHAUSTED THE 2002 DETAIL

Contrary to the Defendant's assertion, not only did Plaintiff exhaust his administrative remedies, he did so in a timely manner. The Defendant however, failed to comply with the law. In pertinent parts, *5 CFR § 335.103* reads:

> A temporary promotion may be made permanent without further competition **provided** the temporary promotion was originally made under competitive procedures and the fact that might lead to a permanent promotion was made known to all potential candidates;  (ii) Details for more than 120 days to a higher grade position or to a position with higher promotion potential (prior service during the preceding 12 months under noncompetitive details to higher graded positions and noncompetitive time-limited promotions counts toward the 120-day total).

As stated in the Amended Complaint, about August of 2002, Defendant selected Burell for a 120-day detail to a higher GS 14 position. In contravention of the law, Defendant renewed that detail at least twice or until about a year later. Significantly, Defendant failed to announce the

illegal renewal of Burrell's detail to potential candidates. As a result, Plaintiff was totally oblivious of same until about August of 2003, when one Fannie Braswell, a staff assistant of the Defendant, made it known to the staff via e-mail. (See *Exh. 1*).

Indeed, at the time Plaintiff found out, Burrell had been made permanent in the position. Though Defendant pretended that the permanent position was a different position, Burrell herself testified that, in her permanent position, she was performing the same job duties as she did during her detail. Under the law, Plaintiff is required to file his Complaint within forty-five days of the time he becomes aggrieved by any illegality enumerated in the statute. In this instance, he should have filed his complaint at the first renewal of Burrell's detail. However, the Pre-complaint processing provision, *Sec. 1614.105* states:

> " (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.
>
> (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been

>known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission."

In this case, there is no dispute that the Defendant renewed Burrell's detail at least twice. Likewise, there is no dispute that the renewals were not announced to potential candidates. Nor has the Defendant asserted that Plaintiff did not exercise due diligence in inquiring about the renewal of the 2002 Detail. Thus, since Plaintiff did not know anything about Burrell's detail prior to the time Braswell announced it, he could not have filed any claim about the illegal detail renewal before the time he filed his Complaint in 2003. Discovering the illegality of Burrell's detail in conjunction with her placement in the permanent position, Plaintiff, an Aggrieved Party, immediately filed his Complaint with the EEO office. The EEO Counseling Report Part One of the Complaint requires that the Aggrieved Party (Plaintiff) answer certain questions. Paragraph 13 question reads: "Provide a brief description of complaint, **summarizing actions which caused counseling to be sought and which complainant believes are discriminatory**." See *Exh. 2* (Plaintiff's Complaint at the administrative level). Plaintiff response is as follows: "*The AP (Plaintiff) alleges discrimination based on race - African-American, color- black, and sex - male, with the issue being non selection when management:*

>*Selected a Caucasian female with observably/demonstrably less qualifications than the AP*

> ***Planned, arranged and executed with a discriminatory motive to give the same white female preferential treatment by giving a detail {for 12 months) into the position.***
>
> *Planned, arranged and executed the selection process using an evaluation process with a discriminatory motive that is subjective in nature to form an otherwise (pretext) defensible legitimate selection process."*   Emphasis added. See ***Exh 2.***

Right on its face, this document clearly asks Plaintiff for the Defendant's **"actions which caused counseling to be sought and which Plaintiff believes are discriminatory**." Similarly, the document clearly shows that one of the actions of the Defendant which caused counseling to be sought and which Plaintiff believes is discriminatory is that Defendant " ***Planned, arranged and executed with a discriminatory motive to give the same white female preferential treatment by giving a detail {for 12 months) into the position.***" The only detail at the time about which Plaintiff was (and is still) aggrieved was the Burrell detail that was illegally renewed at least twice.

Notably, Defendant himself bate-stamped pages of the document 0237 to 0240. See ***Exh. 2(b).*** Thus not only is the Defendant cognizant of the contents of Plaintiff's EEO Complaint, Defendant remains cognizant of the fact that Plaintiff exhausted his administrative remedies on the 2002 Detail. Significantly, Defendant also submitted it to Plaintiff in discovery as part of the documents, Defendant himself will use in this case. Thus, the Defendant's assertion that Plaintiff failed to exhaust is not only ludicrous and absurd. It is utterly preposterous.

That is not all. At the administrative level, upon his receipt of the Plaintiff's Complaint, Defendant, via a letter dated October 29, 2003, acknowledged receipt and informed Plaintiff of what had to be done. In pertinent parts, Defendant's letter, sent to Mr. Howard Wallace, Plaintiff's Pastor (now deceased), who was assisting him with the Complaint at the time reads:

*"The complaint is being reviewed to determine whether it meets the requirements for processing under the provisions of Equal Employment Opportunity (EEOC) regulations 29 CFR Part 1614. ln accordance with* **29 CFR §1614.106(e),** *you have the right to appeal the final action on, or dismissal of, a complaint 'and the agency is required to complete* <u>an impartial and appropriate investigation of the complaint which is accepted for processing</u>*."* Emphasis added. **Exh. 3.**

Thereafter, on December 17, 2003, Defendant sent a letter acknowledging Plaintiff's complaint. In pertinent parts, the letter reads:

*"This is a notification that our office has received the above referenced formal complaint filed on October 21, 2003. The following claim(s) has been accepted for processing:*

*Was the Complainant discriminated against based on his race (African American) color (light skinned) and/or sex (male) when he was not selected on August 1 1, 2003, for*

*promotion to the position of Safety and Health Manager, G S-0018-14, under Vacancy Announcement Number 1 5-02-OFM03706.* **Attached is a copy of the formal complaint.** *This information is being provided to make you aware of the specific allegation(s) being raised. While this information should be shared with the Complainant's Head of Office, further disclosure to others, especially those who may haves some involvement in the matter, would be improper"* Emphasis Added. See **Exh. 4.**

The formal complaint mentioned in the Defendant's letter of December 17, 2003, is the same complaint initiated and filed by Plaintiff with the EEO on October 21, 2003 and completed on November 25, 2003, with all the issues relating to Plaintiff's claims, including the illegal detail of 2002. Furthermore, the letter of December 17, 2003 specifies that the Formal Complaint is being provided so that the Defendant could be aware **specific allegations** therein.

Needless to say that, it would be totally contradictory to the record to even suggest that the issues were limited to the issues specified in the letter.

Notably, nowhere in the letter of December 17, 2003 does the Defendant say anything about dismissal of any portion of Plaintiff's claim. Nor is there any use of the words "partial acceptance" in same. Under the law, Defendant is required to investigate everything in the Complaint. In fact, the Defendant is required to notify the Plaintiff if he wishes (or wished) to dismiss any part of Plaintiff's Complaint. Specifically, **29 CFR §1614.107 (b)** states:

*"Where the agency believes that some but not all of the claims in a complaint should be dismissed .. the agency shall notify the complainant in writing of its determination, the rationale for that determination and that those claims will not be investigated, and shall place a copy of the notice in the investigative file. A determination under this paragraph is reviewable by an administrative judge if a hearing is requested on the remainder of the complaint, but is not appealable until final action is taken on the remainder of the complaint."*

At no point or time did the Defendant contact Plaintiff to say that any part of the Plaintiff's claims would not be investigated. Nor did the Defendant contact him to say that a portion of his claims would be dismissed. To that extent, if anybody was or is at fault for any wrong doing, it is the Defendant. If the Defendant failed to conduct an impartial and appropriate or proper investigation as he is required to do under the law, by no means should that fault be attributable to the Plaintiff. As is clear, Defendant's argument that Plaintiff had at least five opportunities to exhaust his administrative remedies but failed to do so, is not only utterly disingenuous and baseless, it is clearly incongruous and inconsistent with the record.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND IS DISINGENUOUS AND IMPROPER

In the Order of about March 28 and Memorandum of April 3, 2008, the Court directed Plaintiff to file an Amended Complaint on the 2002 Detail. In obeisance to that order, Plaintiff amended his Complaint. Nonetheless, Defendant turns around and files his opposition against what the Court ordered Plaintiff to do. With his actions, the Defendant might as well have told the Court to withdraw its order of March 28, 2008 and Memorandum of April 3, 2008 as it relates to the 2002 Detail. What makes the Defendant's conduct more disingenuous than ever, is the fact that Defendant utterly failed to address let alone attack this claim in his Motion for Summary Judgment. With that, it needs no argument to conclude that the Defendant waived his right to attack it. Nor does it need any argument to conclude that, allowing the Defendant to now address and attack a claim that he was cognizant of but neglected for five years is unduly or irreparably prejudicial to Plaintiff. Moreover, by so doing, the Court is allowing the Defendant to "back door" his defense - which the Defendant had already clearly waived. Specifically, contrary to the Defendant's assertion, this claim was in the Plaintiff's original Complaint. The Court erroneously concluded that it was not.[1] Significantly, Defendant inquired into this claim extensively at Plaintiff's deposition, and Plaintiff made it unmistakably clear that he was pursuing this claim. (See Plaintiff's Opposition to the Defendant's motion for Summary Judgment).

---

[1] Though the Court also found that "Plaintiff's counsel failed to perceive the true basis of the claim at the pleading stage," (See memorandum of April 3, 2008), the undersigned counsel has no position on that finding as she came on board at about the discovery phase and did not represent Plaintiff at the pleading stage. Arguably, she would have amended the complaint if she felt that the 2002 detail was left out of same.

Moreover, having now been allowed to back door his defense, Defendant changed his previous assertion from the 2002 detail claim being totally new, to the 2002 detail claim being "alluded to" in the Original Complaint, and added that Plaintiff "did not claim that the non-selection (of the August 2002 detail) was discriminatory against him." (See Opposition at 7). This is arrant nonsense because all that is required under **F.R.C.P Rule 8** is Notice Pleading. The Defendant's ludicrous assertion makes conducting discovery meaningless. Why would Plaintiff have to spell out every little detail out in the Complaint if the Defendant would have the opportunity to depose (and did depose) Plaintiff on the same subject? Defendant's assertion makes absolutely no sense. Plaintiff's original complaint satisfies the requirements of **Bell Atlantic Corp v. Twombly**, 127 S.Ct. 1955, 1974 (2007) and that is all that is required. On top of all that, Plaintiff already informed the Defendant at the administrative stage that the detail was discriminatory toward him (see supra) but the Defendant either failed to investigate it or investigated it but believed it could sweep it under the carpet by employing the same technique it is employing now. Aside from that, Defendant used in this litigation, all of the documents relating to the 2002 Detail that were in the Report of Investigation from the administrative phase, and sent Plaintiff in excess of three thousand pages of document. So how on earth could the Defendant claim or even assert lack of notice let alone the want of exhaustion? In any event, Defendant's motion is improper.

## DEFENDANT'S AUTHORITIES ARE TOTALLY INAPPOSITE

Plaintiff will be required to address all the defendant's authorities and the points raised in the Defendant's Opposition if and only if those theories or argument apply to this case. They clearly do not because as explained above, Plaintiff exhausted his administrative remedies and he

did so in a timely manner. Specifically, all of the Defendant's discussions relating to the eight opportunities that Plaintiff allegedly had to raise the 2002 Detail issue; the fables and stories on Wiley's applicability to this case; and applicability of other authorities the Defendant cited, are all unnecessary for discussion as they are out of place and belong elsewhere.

## **DEFENDANT SNEAKS IN A NEW DEFENSE**

Having been allowed to back door his initial defense, in the guise of demonstrating a prospective prejudice, Defendant sneaks in another defense by stating that the Burrell's Detail of 2002 was renewed by two black men. Since Plaintiff is also a black man, Defendant argues, Plaintiff's claim of discrimination is weakened. As it is, Defendant totally misses the point. First of all, Defendant has already waived all of his defenses to this claim (supra). Likewise, it is way too late to add another tardy defense to an already superannuated defense. Thirdly, assuming arguendo that Plaintiff claim is weakened by that fact, the totality of circumstances must be construed before anyone concludes that it is weakened. Even then, "weakening" it does not mean eliminating it. Nor does it kill it. A black man can discriminate against a black man particularly if the atmosphere is already discriminatory **Williams v. Staples**, 372 F.3d 662 (4th Cir. 2004). All that the black man has to do is go with the flow so as not to uproot what has already been planted, or what was already in place. Essentially, the black man will go with the flow so as not to be construed as the pariah. Aside from that, the black man discriminating against a black man scenario does not remove the fact that Defendant engaged in Prohibited Personnel Actions - which the Defendant himself has not denied.

Moreover, contrary to the Defendant's assertion, if anybody has been prejudiced here, it is the Plaintiff. Nothing can be more apparent. Plaintiff, without funds, is being asked to relitigate a claim he timely filed five years ago, but that the Defendant, with his unlimited resources, ignored. Who is talking about prejudice?

## CONCLUSION

Based on the foregoing, it is clear that Plaintiff exhausted his remedies. It is also clear that Plaintiff is being asked to relitigate a claim he timely filed about five years ago.. Likewise, it clear that Plaintiff has endured prejudice to the core. Plaintiff prays that the Court administer justice.

Respectfully submitted,

THE GBENJO LAW GROUP

/S/
Anne Gbenjo, 447840
8449 West Bellfort Avenue Suite 100
Houston, Texas 77071
713-771-4775
Fax: 713-771-4784
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 12TH DAY OF JUNE 2008, I sent a copy of the foregoing Reply to Defendant's Opposition to Plaintiff's Motion to Amend Complaint via first class postage-prepaid mail to all parties as follows: John Truong, Esquire, Assistant U.S. Attorney 444 Fourth Street N.W Washington, D.C. 20001

/s/
Anne Gbenjo